## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

SUN OPTICS, INC.　　　　　　　　　 )
a Utah Corporation,　　　　　　　　 )　　　Civil Action No. _____
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff,　　　　　 )
　　　　　　　　　　　　　　　　　 )
　　　v.　　　　　　　　　　　　　 )　　　**JURY TRIAL DEMANDED**
　　　　　　　　　　　　　　　　　 )
FGX INTERNATIONAL, INC.,　　　　　 )
a Delaware Corporation,　　　　　　 )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendant.　　　　　 )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sun Optics, Inc. ("Sun Optics") complains against Defendant FGX International, Inc. ("Foster Grant") and for a cause of action alleges as follows:

### JURISDICTION AND VENUE

1.　　　Sun Optics is a Utah corporation having a principal place of business at 1785 South 4490 West, Salt Lake City, Utah, 84104, Salt Lake City County, and does business in this judicial district.

2.　　　Upon information and belief, Foster Grant is a Delaware corporation having its principal place of business at 500 George Washington Highway, Smithfield, Rhode Island 02917.

3.　　　This is a civil action brought by Sun Optics for patent infringement committed by defendant Foster Grant and arising under the patent laws of the United States, more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284, and 285. Jurisdiction of this court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4.　　　Upon information and belief, defendant Foster Grant has transacted business, contracted to supply goods or services and has otherwise purposely availed itself of the

privileges and benefits of the laws of the state of Delaware, including, but not limited to, the offer for sale of infringing products within the state of Delaware, and therefore is subject to the jurisdiction of this Court pursuant to 10 Del. C. § 3104.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## BACKGROUND

6.    Sun Optics designs and sells innovative reading glasses, reading glass cases, and displays for merchandising reading glasses. Foster Grant is a direct competitor of Sun Optics, and also sells reading glasses and reading glass cases.

7.    Sun Optics has created an entire merchandising program, called the Clear Tube program, based on certain designs of innovative reading glass cases that allow consumers to view the glasses inside the cases. Two such innovative designs are the subject of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively).

8.    Sun Optics's Clear Tube program has been extremely successful. Indeed, Sun Optics marketed the Clear Tube program to the national chain of Rite Aid stores, which was a Foster Grant customer at the time. Apparently impressed by the Clear Tube program, Rite Aid took approximately 25% of the shelf space it had previously granted to Foster Grant, and awarded that space to Sun Optics.

9.    In approximately the later part of 2006, Foster Grant launched a new line of reading glasses sold in reading glass cases identical to the designs claimed in the '427 and '180 patents in all material respects.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF THE '427 PATENT
## BY FOSTER GRANT

10.    Sun Optics hereby incorporates the allegations of paragraphs 1-9 of this Complaint into the First Claim for Relief as though fully set forth herein.

11.    Sun Optics is the owner by assignment of U.S. Patent No. D525,427. A true and correct copy of the '427 patent is attached hereto as Exhibit A.

12.    The '427 patent is directed to an ornamental design for a reading glass case.

13.    The '427 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

14.    Foster Grant has sold and/or offered to sell products falling within the scope of the claim of the '427 patent without license or authority from Sun Optics in violation of Sun Optics's rights, thereby directly infringing the '427 patent. Such infringing products include, but are not limited to, products sold under the trade names "Private Eyes" and "Sun Reader." Pictures of the products offered for sale by Foster Grant that are accused of infringing the '427 patent are attached hereto as Exhibit B.

15.    Upon information and belief, Foster Grant is aware of the existence of the '427 patent and despite such knowledge continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '427 patent, and will continue to do so unless otherwise enjoined by this Court.

16.    Sun Optics has been and will continue to be damaged by the infringing conduct of defendant Foster Grant, in an amount to be established upon proper proof at trial.

17.    Sun Optics is suffering irreparable harm due to Foster Grant's infringement of the '427 patent, and will continue to be irreparably harmed unless and until defendant Foster Grant is enjoined from future infringement.

**SECOND CLAIM FOR RELIEF**
**INFRINGEMENT OF THE '180 PATENT**
**BY FOSTER GRANT**

18.    Sun Optics hereby incorporates the allegations of paragraphs 1-17 of this Complaint into the Second Claim for Relief as though fully set forth herein.

19.    Sun Optics is the owner by assignment of U.S. Patent No. D527,180. A true and correct copy of the '180 patent is attached hereto as Exhibit C.

20.    The '180 patent is directed to an ornamental design for a reading glass case.

21.     The '180 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

22.     Foster Grant has sold and/or offered to sell products falling within the scope of the claim of the '180 patent without license or authority from Sun Optics in violation of Sun Optics's rights, thereby directly infringing the '180 patent. Such infringing products include, but are not limited to, products sold under the trade names "Private Eyes" and "Comfort Flex." Pictures of the products offered by Foster Grant that are accused of infringing the '180 patent are attached hereto as Exhibit D.

23.     Upon information and belief, Foster Grant is aware of the existence of the '180 patent and despite such knowledge continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '180 patent, and will continue to do so unless otherwise enjoined by this Court.

24.     Sun Optics has been and will continue to be damaged by the infringing conduct of defendant Foster Grant, in an amount to be established upon proper proof at trial.

25.     Sun Optics is suffering irreparable harm due to Foster Grant's infringement of the '180 patent, and will continue to be irreparably harmed unless and until defendant Foster Grant is enjoined from future infringement.

### PRAYER FOR RELIEF

WHEREFORE, Sun Optics prays for judgment against Foster Grant as follows:

A.     For judgment holding defendant Foster Grant liable for infringement of the '429 and '180 patents;

B.     For an award of damages adequate to compensate Sun Optics for the infringement of the '429 and '180 patents by Foster Grant, including treble damages, costs and all other categories of damages allowed by 35 U.S.C. § 284;

C.    For preliminary and permanent injunctive relief enjoining defendant Foster Grant, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

        (i)    from using, manufacturing, offering to sell or selling any products falling within the scope of the claim of the '429 and '180 patents;

        (ii)    from importing any product into the United States which falls within the scope of the '429 and '180 patents;

        (iii)    from actively inducing others to infringe any of the claims of the '429 and '180 patents;

        (iv)    from engaging in acts constituting contributory infringement of any of the claims of the '429 and '180 patents;

        (v)    from all other acts of infringement of any of the claims of the '429 and '180 patents;

D.    That this be declared an exceptional case and that Sun Optics be awarded its attorney fees against defendant Foster Grant pursuant to 35 U.S.C. § 285;

G.    For such further relief as this Court deems Sun Optics may be entitled to in law and in equity.

## JURY TRIAL DEMAND

Sun Optics hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted

**CONNOLLY BOVE LODGE & HUTZ, LLP**

By: _____

R. ERIC HUTZ (#2702)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Phone (302) 658-9141
ehutz@cblh.com
*Attorneys for Plaintiff*
*SUN OPTICS, INC, Inc.*

LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff*
*SUN OPTICS, INC.*

**DATE:** March 7, 2007
525586_1

6

# EXHIBIT A

US00D525427S

(12) **United States Design Patent**    (10) Patent No.: **US D525,427 S**

Raile    (45) Date of Patent:    ✱✱  *Jul. 25, 2006

(54) **EYEGLASS CASE**

(75) Inventor: **Bruce Raile**, Park City, UT (US)

(73) Assignee: **Sun Optics, Inc.**, Salt Lake City, UT (US)

(✱) Notice: This patent is subject to a terminal disclaimer.

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/205,824**

(22) Filed: **May 20, 2004**

(51) LOC (8) Cl. .................................................... **03-01**
(52) U.S. Cl. ......................................... **D3/265**; D3/263
(58) Field of Classification Search ................. D3/263,
D3/265, 268; 206/5, 6, 203.5; 351/63; 220/326
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 246,460 | A | ✱ 8/1881 | Chase | ............................ 206/6 |
| 1,092,156 | A | 4/1914 | Mathis | |
| 2,606,708 | A | 8/1952 | Irvan | |
| 2,713,947 | A | 7/1955 | Foster | |
| 2,735,597 | A | 2/1956 | Treleven | |
| 2,747,760 | A | 5/1956 | Jacobson | |
| 2,809,786 | A | ✱ 10/1957 | Anderson | .................... 220/326 |
| 2,816,666 | A | 12/1957 | Nadel | |
| RE24,571 | E | 11/1958 | Nadel | |
| 2,936,897 | A | 5/1960 | Bloch | |
| 2,966,271 | A | 12/1960 | Nadel | |
| 3,333,709 | A | 8/1967 | Leblanc et al. | |
| D208,469 | S | 9/1967 | Parker | |
| 3,357,568 | A | 12/1967 | Leblanc et al. | |
| 3,593,856 | A | 7/1971 | Zander | |
| 3,817,392 | A | 6/1974 | Bloch | |
| 3,857,482 | A | 12/1974 | Shelton | |
| 3,866,800 | A | 2/1975 | Schmitt | |
| 4,000,810 | A | 1/1977 | Leblanc | |
| 4,204,602 | A | 5/1980 | Dunchock | |
| D267,992 | S | 2/1983 | Shelton | |
| D275,160 | S | 8/1984 | Shelton | |
| D275,161 | S | 8/1984 | Shelton | |
| 4,572,366 | A | 2/1986 | Carson | |
| 4,614,272 | A | 9/1986 | Shelton et al. | |
| D286,462 | S | ✱ 11/1986 | Sender et al. | ................ D3/265 |
| 4,715,575 | A | 12/1987 | Kamerer | |
| 4,733,775 | A | 3/1988 | Fireman | |
| 4,744,461 | A | 5/1988 | Lapham | |
| 5,141,117 | A | 8/1992 | Olsen et al. | |
| D339,913 | S | ✱ 10/1993 | Reed | ............................ D3/265 |
| 5,423,419 | A | 6/1995 | Wentz et al. | |
| 5,501,321 | A | 3/1996 | Liu | |
| D369,466 | S | 5/1996 | Jannard et al. | |
| 5,568,872 | A | 10/1996 | Hinnant, Sr. | |
| D400,009 | S | ✱ 10/1998 | Conway | ...................... D3/265 |
| 5,899,371 | A | ✱ 5/1999 | Weliver | ...................... 224/245 |
| 5,929,967 | A | 7/1999 | Conner | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE          3815889          11/1989

*Primary Examiner*—Celia A. Murphy
(74) *Attorney, Agent, or Firm*—Workman-Nydegger

(57)    **CLAIM**

The ornamental design for an eyeglass case, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of an eyeglass case showing my new design;
FIG. 2 is a front elevational view of the eyeglass case as shown in FIG. 1, with the back elevational view being a mirror image thereof;
FIG. 3 is a right side elevational view of the eyeglass case shown in FIG. 1, with the left side being a mirror image thereof;
FIG. 4 is a top plan view of an eyeglass case shown in FIG. 1; and,
FIG. 5 is a bottom plan view of the eyeglass case as shown in FIG. 1.
The broken lines are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**




**US D525,427 S**

Page 2

<table>
<tr><td colspan="4">U.S. PATENT DOCUMENTS</td></tr>
<tr><td>5,949,515 A</td><td></td><td>9/1999</td><td>Hoshino</td></tr>
<tr><td>D422,139 S</td><td>*</td><td>4/2000</td><td>Meikle ........................ D3/268</td></tr>
<tr><td>D425,299 S</td><td>*</td><td>5/2000</td><td>Charbonneau ............... D3/265</td></tr>
<tr><td>6,102,541 A</td><td>*</td><td>8/2000</td><td>Kuo ............................. 351/63</td></tr>
<tr><td>D432,784 S</td><td>*</td><td>10/2000</td><td>Conway ................... D3/203.5</td></tr>
<tr><td>D432,786 S</td><td>*</td><td>10/2000</td><td>Rogers ........................ D3/265</td></tr>
<tr><td>D434,560 S</td><td>*</td><td>12/2000</td><td>Chao ........................... D3/265</td></tr>
<tr><td>D436,434 S</td><td>*</td><td>1/2001</td><td>Conway ................... D3/203.5</td></tr>
<tr><td>D436,725 S</td><td>*</td><td>1/2001</td><td>Rogers ........................ D3/265</td></tr>
<tr><td>6,170,651 B1</td><td>*</td><td>1/2001</td><td>Taormina ....................... 206/5</td></tr>
<tr><td>D437,112 S</td><td>*</td><td>2/2001</td><td>Toffoli ........................ D3/219</td></tr>
<tr><td>6,206,217 B1</td><td>*</td><td>3/2001</td><td>Chiang .......................... 220/8</td></tr>
<tr><td>D439,738 S</td><td>*</td><td>4/2001</td><td>McCormack ................ D3/265</td></tr>
<tr><td>D441,953 S</td><td>*</td><td>5/2001</td><td>Ben Moshe ................. D3/265</td></tr>
<tr><td>D446,389 S</td><td>*</td><td>8/2001</td><td>Zhou ........................... D3/265</td></tr>
</table>

<table>
<tr><td>6,273,246 B1</td><td>*</td><td>8/2001</td><td>Marciano .................... 206/301</td></tr>
<tr><td>D454,686 S</td><td>*</td><td>3/2002</td><td>McCormack ................ D3/265</td></tr>
<tr><td>6,382,407 B1</td><td>*</td><td>5/2002</td><td>Chao .............................. 206/5</td></tr>
<tr><td>6,415,915 B1</td><td></td><td>7/2002</td><td>Grossman</td></tr>
<tr><td>D467,421 S</td><td>*</td><td>12/2002</td><td>Chao ........................... D3/265</td></tr>
<tr><td>6,491,158 B1</td><td>*</td><td>12/2002</td><td>Chen .............................. 206/5</td></tr>
<tr><td>6,626,287 B1</td><td></td><td>9/2003</td><td>Watson</td></tr>
<tr><td>D483,944 S</td><td>*</td><td>12/2003</td><td>Conner ....................... D3/265</td></tr>
<tr><td>6,789,664 B1</td><td></td><td>9/2004</td><td>Chao</td></tr>
<tr><td>6,851,552 B1</td><td>*</td><td>2/2005</td><td>Chao .............................. 206/5</td></tr>
<tr><td>6,929,116 B1</td><td>*</td><td>8/2005</td><td>Chao et al. ..................... 206/5</td></tr>
<tr><td>2002/0157968 A1</td><td>*</td><td>10/2002</td><td>Chen .............................. 206/5</td></tr>
<tr><td>2003/0111361 A1</td><td></td><td>6/2003</td><td>Fischer et al.</td></tr>
<tr><td>2005/0155872 A1</td><td>*</td><td>7/2005</td><td>Cheng ............................ 206/6</td></tr>
</table>

* cited by examiner

**U.S. Patent**    Jul. 25, 2006    Sheet 1 of 2    US D525,427 S



*Fig. 1*



Fig. 4



Fig. 2



Fig. 3



Fig. 5

# EXHIBIT B



# EXHIBIT C

US00D527180S

(12) **United States Design Patent**      (10) Patent No.:      **US D527,180 S**

Raile      (45) Date of Patent:      ** *Aug. 29, 2006

(54) **EYEGLASS CASE**

(75) Inventor: **Bruce Raile**, Park City, UT (US)

(73) Assignee: **Sun Optics, Inc.**, Salt Lake City, UT (US)

( * ) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/221,502**

(22) Filed: **Jan. 17, 2005**

**Related U.S. Application Data**

(63) Continuation of application No. 29/205,824, filed on May 20, 2004.

(51) LOC (8) Cl. ..................................... **03-01**

(52) U.S. Cl. ......................................... **D3/265**; D3/263

(58) **Field of Classification Search** ................. D3/263, D3/265, 268; 206/5, 6, 203.5; 351/63; 220/326
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 246,460 A | * 8/1881 | Chase | ............................ 206/6 |
| 1,092,156 A | 4/1914 | Mathis | |
| 2,606,708 A | 8/1952 | Irvan | |
| 2,713,947 A | 7/1955 | Foster | |
| 2,735,597 A | 2/1956 | Treleven | |
| 2,747,760 A | 5/1956 | Jacobson | |
| 2,809,766 A | * 10/1957 | Anderson | ................... 220/326 |
| 2,816,666 A | 12/1957 | Nadel | |
| RE24,571 E | 11/1958 | Nadel | |
| 2,936,897 A | 5/1960 | Bloch | |
| 2,966,271 A | 12/1960 | Nadel | |
| 3,333,709 A | 8/1967 | Leblanc et al. | |
| D208,469 S | 9/1967 | Parker | |
| 3,357,568 A | 12/1967 | Leblanc et al. | |
| 3,593,856 A | 7/1971 | Zander | |
| 3,817,392 A | 6/1974 | Bloch | |
| 3,857,482 A | 12/1974 | Shelton | |

| | | | |
|---|---|---|---|
| 3,866,800 A | 2/1975 | Schmitt | |
| 4,000,810 A | 1/1977 | Leblanc | |
| 4,204,602 A | 5/1980 | Dunchock | |
| D267,992 S | 2/1983 | Shelton | |
| D275,160 S | 8/1984 | Shelton | |
| D275,161 S | 8/1984 | Shelton | |
| 4,572,366 A | 2/1986 | Carson | |
| 4,614,272 A | 9/1986 | Shelton et al. | |
| D286,462 S | * 11/1986 | Sender et al. | ................. D3/265 |
| 4,715,575 A | 12/1987 | Kamerer | |
| 4,733,775 A | 3/1988 | Fireman | |
| 4,744,461 A | 5/1988 | Lapham | |
| 5,141,117 A | 8/1992 | Olsen et al. | |
| D339,913 S | * 10/1993 | Reed | ............................ D3/265 |
| 5,423,419 A | 6/1995 | Wentz et al. | |
| 5,501,321 A | 3/1996 | Liu | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE      3815889      11/1989

*Primary Examiner*—Celia A. Murphy
(74) *Attorney, Agent, or Firm*—Workman-Nydegger

(57) **CLAIM**

The ornamental design for an eyeglass case, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of an eyeglass case showing my new design;
FIG. 2 is a front elevational view of the eyeglass case as shown in FIG. 1, with the back elevational view being a mirror image thereof;
FIG. 3 is a right side elevational view of the eyeglass case shown in FIG. 1, with the left side view being a mirror image thereof;
FIG. 4 is a top plan view of the eyeglass case shown in FIG. 1; and,
FIG. 5 is a bottom plan view of the eyeglass case as shown in FIG. 1.
The broken lines are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**




**US D527,180 S**

Page 2

---

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D369,466 S | | 5/1996 | Jannard et al. |
| 5,568,872 A | | 10/1996 | Hinnant, Sr. |
| D400,009 S | * | 10/1998 | Conway ...................... D3/265 |
| 5,899,371 A | * | 5/1999 | Weliver ...................... 224/245 |
| 5,929,967 A | | 7/1999 | Conner |
| 5,949,515 A | | 9/1999 | Hoshino |
| D422,139 S | * | 4/2000 | Meikle ........................ D3/268 |
| D425,299 S | * | 5/2000 | Charbonneau ............... D3/265 |
| 6,102,541 A | * | 8/2000 | Kuo ............................. 351/63 |
| D432,784 S | * | 10/2000 | Conway .................. D3/203.5 |
| D432,786 S | * | 10/2000 | Rogers ........................ D3/265 |
| D434,560 S | * | 12/2000 | Chao ........................... D3/265 |
| D436,434 S | * | 1/2001 | Conway .................. D3/203.5 |
| D436,725 S | * | 1/2001 | Rogers ........................ D3/265 |
| 6,170,651 B1 | * | 1/2001 | Taormina ........................ 206/5 |
| D437,112 S | * | 2/2001 | Toffoli ........................ D3/219 |
| 6,206,217 B1 | * | 3/2001 | Chiang .......................... 220/8 |

| | | | |
|---|---|---|---|
| D439,738 S | * | 4/2001 | McCormack ................. D3/265 |
| D441,953 S | * | 5/2001 | Ben Moshe ................. D3/265 |
| D446,389 S | * | 8/2001 | Zhou ........................... D3/265 |
| 6,273,246 B1 | * | 8/2001 | Marciano ................... 206/301 |
| D454,686 S | * | 3/2002 | McCormack ................. D3/265 |
| 6,382,407 B1 | * | 5/2002 | Chao ............................. 206/5 |
| 6,415,915 B1 | | 7/2002 | Grossman |
| D467,421 S | * | 12/2002 | Chao ........................... D3/265 |
| 6,491,158 B1 | * | 12/2002 | Chen ............................. 206/5 |
| 6,626,287 B1 | | 9/2003 | Watson |
| D483,944 S | * | 12/2003 | Conner ........................ D3/265 |
| 6,789,664 B1 | | 9/2004 | Chao |
| 6,851,552 B1 | * | 2/2005 | Chao ............................. 206/5 |
| 6,929,116 B1 | * | 8/2005 | Chao et al. .................... 206/5 |
| 2002/0157968 A1 | * | 10/2002 | Chen ............................. 206/5 |
| 2003/0111361 A1 | | 6/2003 | Fischer et al. |
| 2005/0155872 A1 | * | 7/2005 | Cheng ............................ 206/6 |

* cited by examiner



*Fig. 1*



*Fig. 4*



*Fig. 2*



*Fig. 3*



*Fig. 5*

# EXHIBIT D



JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**SUN OPTICS, INC.**

(b) County Of Residence of First Listed Plaintiff    Salt Lake City County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

R. Eric Hutz, Esquire (#2702)
CONNOLLY BOVE LODGE & HUTZ, LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, Delaware 19899          Telephone: (302) 658-9141

## DEFENDANTS

**FGX INTERNATIONAL, INC**

County Of Residence Of First Listed Defendant:  New Castle County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (Place an "X" In One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" In One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. §271 (a) through (c)

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND:
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):      JUDGE                    DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|
| March 7, 2007 | R. _____ (#2702) | R. Eric Hutz |

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT                    APPLYING IFP                    JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS–44

### Authority For Civil Cover Sheet

The JS–44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below: federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statues unless diversity.**   Example:   U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service.</u>

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 7 ‾ 1 3 7

Civil Action No. _____

2007 MAR -7  PM 4: 35

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_____        _____
(Date forms issued)           (Signature of Party or their Representative)

Dustin Frohlich
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action