UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC. <br> a Utah Corporation, | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **Oral Argument Requested** |
| FGX INTERNATIONAL, INC., <br> a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**MOTION FOR A
PRELIMINARY INJUNCTION**

Sun Optics, Inc. ("Sun Optics") hereby moves the Court for an order preliminarily enjoining Defendant FGX International, Inc. ("Foster Grant" or "Defendant") from making, using, selling, offering to sell or importing products currently sold under the trade names "Private Eyes" reading glasses and "Sun Readers" reading glasses, or any colorable imitation thereof, in or into the United States, that likely infringe on the claim of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively) pending the outcome of this action.

As shown by the accompanying memorandum in support of this motion, supporting declarations, and exhibits thereto, Sun Optics has made the requisite showing for the granting of a preliminary injunction. Namely, Sun Optics has shown: (1) a reasonable likelihood of success on the merits, (2) the prospect of irreparable harm, (3) the balance of the parties' hardships is in favor of an injunction, and (4) no potential injury to an important public interest exists. Accordingly, this Motion should be granted.

Filed simultaneously herewith are: (1) a Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction; and (2) the Declaration of Bruce Raile in Support of Plaintiff's Motion for a Preliminary Injunction.

A proposed Order is also submitted herewith.

          Respectfully submitted

          **CONNOLLY BOVE LODGE & HUTZ, LLP**

By: _____
R. ERIC HUTZ (#2702)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Phone (302) 658-9141
ehutz@cblh.com
*Attorneys for Plaintiff*
  *SUN OPTICS, INC, Inc.*

LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
*Attorneys for Plaintiff*
  *SUN OPTICS, INC.*

**DATE:**  March 7, 2007

525619_1

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2007, I did cause to be served two copies of the foregoing: **MOTION FOR A PRELIMINARY INJUNCTION** in the manner indicated upon the following:

**HAND DELIVERED**
FGX International, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

R. Eric Hutz

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC.<br>a Utah Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FGX INTERNATIONAL, INC.,<br>a Delaware Corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION**

The Court, having considered Plaintiff Sun Optics, Inc.'s ("Sun Optics") Motion for a Preliminary Injunction, and for good cause appearing therefore, Plaintiff Sun Optics's Motion for a Preliminary Injunction is GRANTED. The Court's Findings of Fact and Conclusions of Law are as Follows:

　　1.　　Defendant FGX International, Inc. ("Foster Grant" or "Defendant") has made, used, sold, offered to sell, or imported products called "Private Eyes" reading glasses and "Sun Readers" reading glasses (collectively "Accused Products") in or into the United States;

　　2.　　Sun Optics has shown a reasonable likelihood of success on the merits, based upon its showing that the Accused Products likely infringe the properly construed claims of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively) and Foster Grant has failed to present clear and convincing evidence of invalidity of the claims of the '427 and '180 patents;

　　3.　　Sun Optics has established that it will be irreparably harmed if Foster Grant continues to infringe the '427 and '180 patents pending the outcome of this litigation;

4. Sun Optics has shown that the balance of the parties' respective hardships favors the granting of a preliminary injunction; and

5. There is no potential injury to an important public interest by granting Sun Optics's motion for a preliminary injunction.

**IT IS HEREBY ORDERED:**

1. That Foster Grant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them who receive actual notice of this order by personal service or otherwise shall not make, use, sell, offer to sell, or import any Accused Products, or any colorable imitation thereof, in or into the United States, pending conclusion of this litigation on the merits; and

2. Foster Grant shall within one week of this Order recall all Accused Products or any colorable imitation thereof from all retailers that carry these products; and

3. Foster Grant shall within one week of this Order inform each of its customers in the United States to which it has distributed the Accused Products, or any colorable imitation thereof, of the present preliminary injunction precluding the manufacture, use, sale, and offer to sell or importing in or into the United States of these products.

DATED this _____ day of _____, 2007

_____
UNITED STATES DISTRICT COURT JUDGE