UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
------------------------------------------------x
:
SUN OPTICS, INC.                                :
a Utah Corporation,                             :
                                                :
                                                :   Index No. CV 07-137 (SLR)
                     Plaintiff,                 :
                                                :
        v.                                      :
                                                :
FGX INTERNATIONAL, INC.,                        :
a Delaware Corporation,                         :
                                                :
                                                :
                     Defendant.                 :
                                                :
------------------------------------------------x

## DECLARATION OF ALEC TAYLOR

I, ALEC TAYLOR, state as follows:

1.      I am employed by FGX International, Inc. ("FGX"), the defendant in the above-captioned Action. I have been employed continuously by FGX since October, 2005, and I serve as FGX's chief executive officer.

2.      I submit this declaration in support of the defendant's motion to dismiss in *Sun Optics, Inc. v. FGX International, Inc.*, CV 07-137 (SLR).

3.      FGX is the principal operating company and wholly-owned subsidiary of FGX International Holdings Limited. Recently, in December 2006, FGX International Holdings Limited announced to the public that it was preparing for an initial public offering, and filed a registration statement with the Securities and Exchange Commission to commence the public offering process. The business community is well aware of this announcement due to a press release made by the FGX on or about December 20, 2006.

**This Action's History**

4. Plaintiff first filed this action in Utah. Plaintiff notified FGX that it filed the Utah complaint soon after it was filed, but it did not inform FGX that it had dismissed that matter and re-filed the matter in Delaware. Shortly thereafter, FGX received press inquiries from business reporters at major newspapers about this Delaware action. FGX was, at the time, unaware that Sun Optics had filed nearly the exact same complaint in Delaware.

5. It is my belief that business reporters at major newspapers do not usually publicize the filing of a patent infringement case, particularly where the subject matter is as mundane as eyeglass holders and the litigants are not well known corporations.

6. Because of the press inquiries, I suspect that plaintiff has attempted to garner press attention to this case in hopes that the attendant publicity would cast FGX in a bad light and result in problems with FGX's initial public stock offering.

7. These suspicions are based on the commonly-accepted notion in the business community that a pending lawsuit can adversely affect a company's opportunity to go public. Pre-IPO companies, therefore, have a powerful incentive to settle quickly even unmeritorious lawsuits.

**FGX's Products At Issue In This Action**

8. FGX designs and sells reading glasses, sun glasses, other eyewear products and accessories. The products have different distribution networks. The reading glass cases at-issue in this matter are sold by FGX almost exclusively to doctor's offices.

9. FGX expects to ship substantially less than $ 1,000,000 worth of the products at-issue in this case in 2007. Substantially all of those sales are made to doctor's offices.

10. FGX has no intention of selling these products in the parties common distribution networks, which are believed to be mass and specialty retailers.

11. Furthermore, it is my understanding that Sun Optics is not pursuing the doctor's office market where FGX's goods are being marketed.

12. FGX also sells reading glasses in Rite Aid, but not the reading glass cases at-issue in this matter. Sun Optics also sells its reading glasses in Rite Aid, on FGX's fixtures. FGX is quite content with the current arrangement, as Sun Optics pays FGX to stock and maintain the fixtures. FGX has no desire to change this business relationship. Indeed, FGX has not sought to market the products at-issue in this case to Rite Aid.

13. If a preliminary injunction issues in this action, FGX will be forced to stop shipment of its accused products. This means that FGX will have to sit on inventory, explain issues to investors, and lose reputation with the small but growing market it has established for these goods.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2, 2007.

_____
Alec Taylor