IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-137-SLR |
| | ) | |
| FGX INTERNATIONAL INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIRMATION OF DONALD J. DETWEILER

DONALD J. DETWEILER, an attorney duly admitted to practice in the courts of the

State of Delaware, affirms the following under the penalties of perjury:

1.      I am a member of the law firm of Greenberg Traurig, LLP, counsel for Defendant

FGX International, Inc. ("FGX").  I make this Affirmation in support of FGX's motion to

dismiss the Complaint in this Action.

2.      Attached hereto as Exhibit A is a true and correct copy of the Complaint in this

matter, dated March 7, 2007.

3.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Utah

Complaint, dated February 28, 2007, Sun Optics, Inc. v. FGX International, Case No. 2:07-cv-

00121 (BSJ) (the "Utah Action").

4.      Attached hereto as Exhibit C is a true and correct copy of the docket sheet for

Plaintiff's Utah Action.

5.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of select pages from Patent Application 29/221,502 and Patent Application 29/205,824 submitted to the U.S. Patent and Trademark Office, on June 2, 2006.

Dated: Wilmington, Delaware
       April ___, 2007

DONALD J. DETWEILER

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

SUN OPTICS, INC.   )
a Utah Corporation,   )  Civil Action No. _____
         )
   Plaintiff,   )
         )
  v.     )  **JURY TRIAL DEMANDED**
         )
FGX INTERNATIONAL, INC., )
a Delaware  Corporation,  )
         )
   Defendant.  )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sun Optics, Inc. ("Sun Optics") complains against Defendant FGX International, Inc. ("Foster Grant") and for a cause of action alleges as follows:

### JURISDICTION AND VENUE

1. Sun Optics is a Utah corporation having a principal place of business at 1785 South 4490 West, Salt Lake City, Utah, 84104, Salt Lake City County, and does business in this judicial district.

2. Upon information and belief, Foster Grant is a Delaware corporation having its principal place of business at 500 George Washington Highway, Smithfield, Rhode Island 02917.

3. This is a civil action brought by Sun Optics for patent infringement committed by defendant Foster Grant and arising under the patent laws of the United States, more specifically, under Title 35 U.S.C. §§ 271, 281, 283, 284, and 285. Jurisdiction of this court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, defendant Foster Grant has transacted business, contracted to supply goods or services and has otherwise purposely availed itself of the

privileges and benefits of the laws of the state of Delaware, including, but not limited to, the offer for sale of infringing products within the state of Delaware, and therefore is subject to the jurisdiction of this Court pursuant to 10 Del. C. § 3104.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## BACKGROUND

6.    Sun Optics designs and sells innovative reading glasses, reading glass cases, and displays for merchandising reading glasses.  Foster Grant is a direct competitor of Sun Optics, and also sells reading glasses and reading glass cases.

7.    Sun Optics has created an entire merchandising program, called the Clear Tube program, based on certain designs of innovative reading glass cases that allow consumers to view the glasses inside the cases.  Two such innovative designs are the subject of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively).

8.    Sun Optics's Clear Tube program has been extremely successful.  Indeed, Sun Optics marketed the Clear Tube program to the national chain of Rite Aid stores, which was a Foster Grant customer at the time.  Apparently impressed by the Clear Tube program, Rite Aid took approximately 25% of the shelf space it had previously granted to Foster Grant, and awarded that space to Sun Optics.

9.    In approximately the later part of 2006, Foster Grant launched a new line of reading glasses sold in reading glass cases identical to the designs claimed in the '427 and '180 patents in all material respects.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF THE '427 PATENT
## BY FOSTER GRANT

10.    Sun Optics hereby incorporates the allegations of paragraphs 1-9 of this Complaint into the First Claim for Relief as though fully set forth herein.

11.    Sun Optics is the owner by assignment of U.S. Patent No. D525,427.  A true and correct copy of the '427 patent is attached hereto as Exhibit A.

12.     The '427 patent is directed to an ornamental design for a reading glass case.

13.     The '427 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

14.     Foster Grant has sold and/or offered to sell products falling within the scope of the claim of the '427 patent without license or authority from Sun Optics in violation of Sun Optics's rights, thereby directly infringing the '427 patent. Such infringing products include, but are not limited to, products sold under the trade names "Private Eyes" and "Sun Reader." Pictures of the products offered for sale by Foster Grant that are accused of infringing the '427 patent are attached hereto as Exhibit B.

15.     Upon information and belief, Foster Grant is aware of the existence of the '427 patent and despite such knowledge continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '427 patent, and will continue to do so unless otherwise enjoined by this Court.

16.     Sun Optics has been and will continue to be damaged by the infringing conduct of defendant Foster Grant, in an amount to be established upon proper proof at trial.

17.     Sun Optics is suffering irreparable harm due to Foster Grant's infringement of the '427 patent, and will continue to be irreparably harmed unless and until defendant Foster Grant is enjoined from future infringement.

### SECOND CLAIM FOR RELIEF
### INFRINGEMENT OF THE '180 PATENT
### BY FOSTER GRANT

18.     Sun Optics hereby incorporates the allegations of paragraphs 1-17 of this Complaint into the Second Claim for Relief as though fully set forth herein.

19.     Sun Optics is the owner by assignment of U.S. Patent No. D527,180. A true and correct copy of the '180 patent is attached hereto as Exhibit C.

20.     The '180 patent is directed to an ornamental design for a reading glass case.

21.    The '180 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

22.    Foster Grant has sold and/or offered to sell products falling within the scope of the claim of the '180 patent without license or authority from Sun Optics in violation of Sun Optics's rights, thereby directly infringing the '180 patent. Such infringing products include, but are not limited to, products sold under the trade names "Private Eyes" and "Comfort Flex." Pictures of the products offered by Foster Grant that are accused of infringing the '180 patent are attached hereto as Exhibit D.

23.    Upon information and belief, Foster Grant is aware of the existence of the '180 patent and despite such knowledge continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '180 patent, and will continue to do so unless otherwise enjoined by this Court.

24.    Sun Optics has been and will continue to be damaged by the infringing conduct of defendant Foster Grant, in an amount to be established upon proper proof at trial.

25.    Sun Optics is suffering irreparable harm due to Foster Grant's infringement of the '180 patent, and will continue to be irreparably harmed unless and until defendant Foster Grant is enjoined from future infringement.

## PRAYER FOR RELIEF

WHEREFORE, Sun Optics prays for judgment against Foster Grant as follows:

A.    For judgment holding defendant Foster Grant liable for infringement of the '429 and '180 patents;

B.    For an award of damages adequate to compensate Sun Optics for the infringement of the '429 and '180 patents by Foster Grant, including treble damages, costs and all other categories of damages allowed by 35 U.S.C. § 284;

C.    For preliminary and permanent injunctive relief enjoining defendant Foster Grant, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

     (i)     from using, manufacturing, offering to sell or selling any products falling within the scope of the claim of the '429 and '180 patents;

     (ii)     from importing any product into the United States which falls within the scope of the '429 and '180 patents;

     (iii)     from actively inducing others to infringe any of the claims of the '429 and '180 patents;

     (iv)     from engaging in acts constituting contributory infringement of any of the claims of the '429 and '180 patents;

     (v)     from all other acts of infringement of any of the claims of the '429 and '180 patents;

D.    That this be declared an exceptional case and that Sun Optics be awarded its attorney fees against defendant Foster Grant pursuant to 35 U.S.C. § 285;

G.    For such further relief as this Court deems Sun Optics may be entitled to in law and in equity.

## JURY TRIAL DEMAND

Sun Optics hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted

**CONNOLLY BOVE LODGE & HUTZ, LLP**

By: _____

R. ERIC HUTZ (#2702)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Phone (302) 658-9141
ehutz@cblh.com
*Attorneys for Plaintiff*
  *SUN OPTICS, INC, Inc.*

LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff*
  *SUN OPTICS, INC.*

**DATE:** March 7, 2007
525586_1

6

# EXHIBIT A



US00D525427S

(12) **United States Design Patent**   (10) Patent No.:   **US D525,427 S**

Raile   (45) Date of Patent:   \*\*   *Jul. 25, 2006

---

(54) **EYEGLASS CASE**

(75) Inventor: **Bruce Raile**, Park City, UT (US)

(73) Assignee: **Sun Optics, Inc.**, Salt Lake City, UT (US)

( * ) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/205,824**

(22) Filed: **May 20, 2004**

(51) LOC (8) Cl. ............................................... **03-01**
(52) U.S. Cl. ................................................. **D3/265; D3/263**
(58) Field of Classification Search .................. D3/263, D3/265, 268; 206/5, 6, 203.5; 351/63; 220/326
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 246,460 A | * | 8/1881 | Chase | ..................... 206/6 |
| 1,092,156 A | | 4/1914 | Mathis | |
| 2,606,708 A | | 8/1952 | Irvan | |
| 2,713,947 A | | 7/1955 | Foster | |
| 2,735,597 A | | 2/1956 | Treleven | |
| 2,747,760 A | | 5/1956 | Jacobson | |
| 2,809,786 A | * | 10/1957 | Anderson | ................... 220/326 |
| 2,816,666 A | | 12/1957 | Nadel | |
| RE24,571 E | | 11/1958 | Nadel | |
| 2,936,897 A | | 5/1960 | Bloch | |
| 2,966,271 A | | 12/1960 | Nadel | |
| 3,333,709 A | | 8/1967 | Leblanc et al. | |
| D208,469 S | | 9/1967 | Parker | |
| 3,357,568 A | | 12/1967 | Leblanc et al. | |
| 3,593,856 A | | 7/1971 | Zander | |
| 3,817,392 A | | 6/1974 | Bloch | |
| 3,857,482 A | | 12/1974 | Shelton | |
| 3,866,800 A | | 2/1975 | Schmitt | |
| 4,000,810 A | | 1/1977 | Leblanc | |
| 4,204,602 A | | 5/1980 | Dunchock | |
| D267,992 S | | 2/1983 | Shelton | |
| D275,160 S | | 8/1984 | Shelton | |
| D275,161 S | | 8/1984 | Shelton | |
| 4,572,366 A | | 2/1986 | Carson | |
| 4,614,272 A | | 9/1986 | Shelton et al. | |
| D286,462 S | * | 11/1986 | Sender et al. | ................. D3/265 |
| 4,715,575 A | | 12/1987 | Kamerer | |
| 4,733,775 A | | 3/1988 | Fireman | |
| 4,744,461 A | | 5/1988 | Lapham | |
| 5,141,117 A | | 8/1992 | Olsen et al. | |
| D339,913 S | * | 10/1993 | Reed | ........................... D3/265 |
| 5,423,419 A | | 6/1995 | Wentz et al. | |
| 5,501,321 A | | 3/1996 | Liu | |
| D369,466 S | | 5/1996 | Jannard et al. | |
| 5,568,872 A | | 10/1996 | Hinnant, Sr. | |
| D400,009 S | * | 10/1998 | Conway | ..................... D3/265 |
| 5,899,371 A | * | 5/1999 | Weliver | ..................... 224/245 |
| 5,929,967 A | | 7/1999 | Conner | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE          3815889          11/1989

*Primary Examiner*—Celia A. Murphy
(74) *Attorney, Agent, or Firm*—Workman-Nydegger

(57) **CLAIM**

The ornamental design for an eyeglass case, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of an eyeglass case showing my new design;
FIG. 2 is a front elevational view of the eyeglass case as shown in FIG. 1, with the back elevational view being a mirror image thereof;
FIG. 3 is a right side elevational view of the eyeglass case shown in FIG. 1, with the left side being a mirror image thereof;
FIG. 4 is a top plan view of an eyeglass case shown in FIG. 1; and,
FIG. 5 is a bottom plan view of the eyeglass case as shown in FIG. 1.
The broken lines are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**




## US D525,427 S
### Page 2

**U.S. PATENT DOCUMENTS**

| | | | | |
|---|---|---|---|---|
| 5,949,515 A | | 9/1999 | Hoshino | |
| D422,139 S | * | 4/2000 | Meikle | D3/268 |
| D425,299 S | * | 5/2000 | Charbonneau | D3/265 |
| 6,102,541 A | * | 8/2000 | Kuo | 351/63 |
| D432,784 S | * | 10/2000 | Conway | D3/203.5 |
| D432,786 S | * | 10/2000 | Rogers | D3/265 |
| D434,560 S | * | 12/2000 | Chao | D3/265 |
| D436,434 S | * | 1/2001 | Conway | D3/203.5 |
| D436,725 S | * | 1/2001 | Rogers | D3/265 |
| 6,170,651 B1 | * | 1/2001 | Taormina | 206/5 |
| D437,112 S | * | 2/2001 | Toffoli | D3/219 |
| 6,206,217 B1 | * | 3/2001 | Chiang | 220/8 |
| D439,738 S | * | 4/2001 | McCormack | D3/265 |
| D441,953 S | * | 5/2001 | Ben Moshe | D3/265 |
| D446,389 S | * | 8/2001 | Zhou | D3/265 |

| | | | | |
|---|---|---|---|---|
| 6,273,246 B1 | * | 8/2001 | Marciano | 206/301 |
| D454,686 S | * | 3/2002 | McCormack | D3/265 |
| 6,382,407 B1 | * | 5/2002 | Chao | 206/5 |
| 6,415,915 B1 | | 7/2002 | Grossman | |
| D467,421 S | * | 12/2002 | Chao | D3/265 |
| 6,491,158 B1 | * | 12/2002 | Chen | 206/5 |
| 6,626,287 B1 | | 9/2003 | Watson | |
| D483,944 S | * | 12/2003 | Conner | D3/265 |
| 6,789,664 B1 | | 9/2004 | Chao | |
| 6,851,552 B1 | * | 2/2005 | Chao | 206/5 |
| 6,929,116 B1 | * | 8/2005 | Chao et al. | 206/5 |
| 2002/0157968 A1 | * | 10/2002 | Chen | 206/5 |
| 2003/0111361 A1 | | 6/2003 | Fischer et al. | |
| 2005/0155872 A1 | * | 7/2005 | Cheng | 206/6 |

* cited by examiner



**Fig. 1**



*Fig. 4*



*Fig. 2*



*Fig. 3*



*Fig. 5*

# EXHIBIT B



# EXHIBIT C



US00D527180S

(12) **United States Design Patent**
Raile

(10) Patent No.:　　**US D527,180 S**
(45) Date of Patent:　★★ ★Aug. 29, 2006

(54) **EYEGLASS CASE**

(75) Inventor: **Bruce Raile**, Park City, UT (US)

(73) Assignee: **Sun Optics, Inc.**, Salt Lake City, UT (US)

(*) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/221,502**

(22) Filed: **Jan. 17, 2005**

**Related U.S. Application Data**

(63) Continuation of application No. 29/205,824, filed on May 20, 2004.

(51) LOC (8) Cl. .................................................. **03–01**

(52) U.S. Cl. ................................... **D3/265**; D3/263

(58) Field of Classification Search ................ D3/263,
D3/265, 268; 206/5, 6, 203.5; 351/63; 220/326
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 246,460 | A | * | 8/1881 | Chase | ............................ 206/6 |
| 1,092,156 | A | | 4/1914 | Mathis | |
| 2,606,708 | A | | 8/1952 | Irvan | |
| 2,713,947 | A | | 7/1955 | Foster | |
| 2,735,597 | A | | 2/1956 | Treleven | |
| 2,747,760 | A | | 5/1956 | Jacobson | |
| 2,809,766 | A | * | 10/1957 | Anderson | .................... 220/326 |
| 2,816,666 | A | | 12/1957 | Nadel | |
| RE24,571 | E | | 11/1958 | Nadel | |
| 2,936,897 | A | | 5/1960 | Bloch | |
| 2,966,271 | A | | 12/1960 | Nadel | |
| 3,333,709 | A | | 8/1967 | Leblanc et al. | |
| D208,469 | S | | 9/1967 | Parker | |
| 3,357,568 | A | | 12/1967 | Leblanc et al. | |
| 3,593,856 | A | | 7/1971 | Zander | |
| 3,817,392 | A | | 6/1974 | Bloch | |
| 3,857,482 | A | | 12/1974 | Shelton | |

| | | | | | |
|---|---|---|---|---|---|
| 3,866,800 | A | | 2/1975 | Schmitt | |
| 4,000,810 | A | | 1/1977 | Leblanc | |
| 4,204,602 | A | | 5/1980 | Dunchock | |
| D267,992 | S | | 2/1983 | Shelton | |
| D275,160 | S | | 8/1984 | Shelton | |
| D275,161 | S | | 8/1984 | Shelton | |
| 4,572,366 | A | | 2/1986 | Carson | |
| 4,614,272 | A | | 9/1986 | Shelton et al. | |
| D286,462 | S | * | 11/1986 | Sender et al. | ................ D3/265 |
| 4,715,575 | A | | 12/1987 | Kamerer | |
| 4,733,775 | A | | 3/1988 | Fireman | |
| 4,744,461 | A | | 5/1988 | Lapham | |
| 5,141,117 | A | | 8/1992 | Olsen et al. | |
| D339,913 | S | * | 10/1993 | Reed | ........................... D3/265 |
| 5,423,419 | A | | 6/1995 | Wentz et al. | |
| 5,501,321 | A | | 3/1996 | Liu | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE　　　3815889　　11/1989

*Primary Examiner*—Celia A. Murphy
(74) *Attorney, Agent, or Firm*—Workman-Nydegger

(57) **CLAIM**

The ornamental design for an eyeglass case, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of an eyeglass case showing my new design;

FIG. 2 is a front elevational view of the eyeglass case as shown in FIG. 1, with the back elevational view being a mirror image thereof;

FIG. 3 is a right side elevational view of the eyeglass case shown in FIG. 1, with the left side view being a mirror image thereof;

FIG. 4 is a top plan view of the eyeglass case shown in FIG. 1; and,

FIG. 5 is a bottom plan view of the eyeglass case as shown in FIG. 1.

The broken lines are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**



**US D527,180 S**
Page 2

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D369,466 S | | 5/1996 | Jannard et al. |
| 5,568,872 A | | 10/1996 | Hinnant, Sr. |
| D400,009 S | * | 10/1998 | Conway ..................... D3/265 |
| 5,899,371 A | * | 5/1999 | Weliver ..................... 224/245 |
| 5,929,967 A | | 7/1999 | Conner |
| 5,949,515 A | | 9/1999 | Hoshino |
| D422,139 S | * | 4/2000 | Meikle ..................... D3/268 |
| D425,299 S | * | 5/2000 | Charbonneau ..................... D3/265 |
| 6,102,541 A | * | 8/2000 | Kuo ..................... 351/63 |
| D432,784 S | * | 10/2000 | Conway ..................... D3/203.5 |
| D432,786 S | * | 10/2000 | Rogers ..................... D3/265 |
| D434,560 S | * | 12/2000 | Chao ..................... D3/265 |
| D436,434 S | * | 1/2001 | Conway ..................... D3/203.5 |
| D436,725 S | * | 1/2001 | Rogers ..................... D3/265 |
| 6,170,651 B1 | * | 1/2001 | Thormина ..................... 206/5 |
| D437,112 S | * | 2/2001 | Toffoli ..................... D3/219 |
| 6,206,217 B1 | * | 3/2001 | Chiang ..................... 220/8 |
| D439,738 S | * | 4/2001 | McCormack ..................... D3/265 |
| D441,953 S | * | 5/2001 | Ben Moshe ..................... D3/265 |
| D446,389 S | * | 8/2001 | Zhou ..................... D3/265 |
| 6,273,246 B1 | * | 8/2001 | Marciano ..................... 206/301 |
| D454,686 S | * | 3/2002 | McCormack ..................... D3/265 |
| 6,382,407 B1 | * | 5/2002 | Chao ..................... 206/5 |
| 6,415,915 B1 | | 7/2002 | Grossman |
| D467,421 S | * | 12/2002 | Chao ..................... D3/265 |
| 6,491,158 B1 | * | 12/2002 | Chen ..................... 206/5 |
| 6,626,287 B1 | | 9/2003 | Watson |
| D483,944 S | * | 12/2003 | Conner ..................... D3/265 |
| 6,789,664 B1 | | 9/2004 | Chao |
| 6,851,552 B1 | * | 2/2005 | Chao ..................... 206/5 |
| 6,929,116 B1 | * | 8/2005 | Chao et al. ..................... 206/5 |
| 2002/0157968 A1 | * | 10/2002 | Chen ..................... 206/5 |
| 2003/0111361 A1 | | 6/2003 | Fischer et al. |
| 2005/0155872 A1 | * | 7/2005 | Cheng ..................... 206/6 |

* cited by examiner



*Fig. 1*



*Fig. 4*





*Fig. 2*

*Fig. 3*



*Fig. 5*

# EXHIBIT D



JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**SUN OPTICS, INC.**

**(b)** County Of Residence of First Listed Plaintiff    Salt Lake City County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

R. Eric Hutz, Esquire (#2702)
CONNOLLY BOVE LODGE & HUTZ, LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, Delaware 19899    Telephone: (302) 658-9141

## DEFENDANTS

**FGX INTERNATIONAL, INC**
County Of Residence of First Listed Defendant: New Castle County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. §271 (a) through (c)

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND:
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
March 7, 2007

SIGNATURE OF ATTORNEY OF RECORD
R. _____ (#2702)                R. Eric Hutz

FOR OFFICE USE ONLY

RECEIPT #                AMOUNT                    APPLYING IFP                JUDGE                MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS–44

## Authority For Civil Cover Sheet

The JS–44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs – Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statues unless diversity.          Example:          U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service.
VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 7 ˉ 1 3 7

*FILED*
*CLERK U.S. DISTRICT COURT*
*DISTRICT OF DELAWARE*
*2007 MAR -7 PM 4:35*

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

_____          _____
(Date forms issued)                    (Signature of Party or their Representative)

_____
Dustin Frohlich
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

# Exhibit B

FILED
U.S. DISTRICT COURT

2007 FEB 28  A 11: 44

DISTRICT OF UTAH

BY:_____
               CLRK

LARRY R. LAYCOCK (USB No. 4868)
CHAD E. NYDEGGER (USB No. 9964)
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff
SUN OPTICS, INC.

Judge Bruce S. Jenkins
DECK TYPE: Civil
DATE STAMP: 02/28/2007 @ 11:43:32
CASE NUMBER: 2:07CV00121 BSJ

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| SUN OPTICS, INC. a Utah Corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>FGX INTERNATIONAL, INC., a Delaware )<br>Corporation, )<br><br>Defendant. )<br>) | Civil action No. _____<br><br>**COMPLAINT FOR PATENT<br>INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sun Optics, Inc. ("Sun Optics") complains against Defendant FGX International, Inc. ("Foster Grant") and for a cause of action alleges as follows:

### JURISDICTION AND VENUE

1.      Sun Optics is a Utah corporation having a principal place of business at 1785 South 4490 West, Salt Lake City, Utah 84104 and does business in this judicial district.

2.      Upon information and belief, Foster Grant is a Delaware corporation having its principal place of business at 500 George Washington Highway, Smithfield, Rhode Island 02917.

3.      This is a civil action brought by Sun Optics for patent infringement committed by defendant Foster Grant and arising under the patent laws of the United States, more specifically,

under Title 35 U.S.C. §§ 271, 281, 283, 284, and 285. Jurisdiction of this court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4.    Upon information and belief, defendant Foster Grant has transacted business, contracted to supply goods or services and has otherwise purposely availed itself of the privileges and benefits of the laws of the state of Utah, including, but not limited to, the offer for sale of infringing products within the state of Utah, and therefore is subject to the jurisdiction of this Court pursuant to U.C.A. § 78-27-24.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## BACKGROUND

6.    Sun Optics designs and sells innovative reading glasses, reading glass cases, and displays for merchandising reading glasses. Foster Grant is a direct competitor of Sun Optics, and also sells reading glasses and reading glass cases.

7.    Sun Optics has created an entire merchandising program, called the Clear Tube program, based on certain designs of innovative reading glass cases that allow consumers to view the glasses inside the cases. Two such innovative designs are the subject of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively).

8.    Sun Optics's Clear Tube program has been extremely successful. Indeed, Sun Optics marketed the Clear Tube program to the national chain of Rite Aid stores, which was a Foster Grant customer at the time. Apparently impressed by the Clear Tube program, Rite Aid took approximately 25% of the shelf space it had previously granted to Foster Grant, and awarded that space to Sun Optics.

9.    In approximately the later part of 2006, Foster Grant launched a new line of reading glasses sold in reading glass cases identical to the designs claimed in the '427 and '180 patents in all material respects.

2

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF THE '427 PATENT
### BY FOSTER GRANT

10.     Sun Optics hereby incorporates the allegations of paragraphs 1-9 of this Complaint into the First Claim for Relief as though fully set forth herein.

11.     Sun Optics is the owner by assignment of U.S. Patent No. D525,427.  A true and correct copy of the '427 patent is attached hereto as Exhibit A.

12.     The '427 patent is directed to an ornamental design for a reading glass case.

13.     The '427 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

14.     Foster Grant has sold and/or offered to sell products falling within the scope of the claim of the '427 patent without license or authority from Sun Optics in violation of Sun Optics's rights, thereby directly infringing the '427 patent.  Such infringing products include, but are not limited to, products sold under the trade names "Private Eyes" and "Sun Reader."  Pictures of the products offered for sale by Foster Grant that are accused of infringing the '427 patent are attached hereto as Exhibit B.

15.     Upon information and belief, Foster Grant is aware of the existence of the '427 patent and despite such knowledge continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '427 patent, and will continue to do so unless otherwise enjoined by this Court.

16.     Sun Optics has been and will continue to be damaged by the infringing conduct of defendant Foster Grant, in an amount to be established upon proper proof at trial.

17.     Sun Optics is suffering irreparable harm due to Foster Grant's infringement of the '427 patent, and will continue to be irreparably harmed unless and until defendant Foster Grant is enjoined from future infringement.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF THE '180 PATENT
## BY FOSTER GRANT

18.    Sun Optics hereby incorporates the allegations of paragraphs 1-17 of this Complaint into the Second Claim for Relief as though fully set forth herein.

19.    Sun Optics is the owner by assignment of U.S. Patent No. D527,180.  A true and correct copy of the '180 patent is attached hereto as Exhibit C.

20.    The '180 patent is directed to an ornamental design for a reading glass case.

21.    The '180 patent was duly and validly issued by the United States Patent and Trademark Office after having been examined according to law.

22.    Foster Grant has sold and/or offered to sell products falling within the scope of the claim of the '180 patent without license or authority from Sun Optics in violation of Sun Optics's rights, thereby directly infringing the '180 patent.  Such infringing products include, but are not limited to, products sold under the trade names "Private Eyes" and "Comfort Flex." Pictures of the products offered by Foster Grant that are accused of infringing the '180 patent are attached hereto as Exhibit D.

23.    Upon information and belief, Foster Grant is aware of the existence of the '180 patent and despite such knowledge continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '180 patent, and will continue to do so unless otherwise enjoined by this Court.

24.    Sun Optics has been and will continue to be damaged by the infringing conduct of defendant Foster Grant, in an amount to be established upon proper proof at trial.

25.    Sun Optics is suffering irreparable harm due to Foster Grant's infringement of the '180 patent, and will continue to be irreparably harmed unless and until defendant Foster Grant is enjoined from future infringement.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE UTAH UNFAIR COMPETITION ACT
### UTAH CODE § 13-5A-101 *et seq.*

26.     Sun Optics hereby incorporates the allegations of paragraphs 1-25 of this Complaint into the Third Claim for Relief as though fully set forth herein.

27.     Foster Grant's business act or practice of marketing products that infringe the '427 and '180 patents is unlawful, unfair, and fraudulent.

28.     This unlawful, unfair, and fraudulent business act or practice by Foster Grant leads to a material diminution in value of Sun Optics's intellectual property in the '427 and '180 patents.

29.     Foster Grant has infringed and continues to infringe the '427 and '180 patents, as set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Sun Optics prays for judgment against Foster Grant as follows:

A.     For judgment holding defendant Foster Grant liable for infringement of the '429 and '180 patents;

B.     For an award of damages adequate to compensate Sun Optics for the infringement of the '429 and '180 patents by Foster Grant, including treble damages and all other categories of damages allowed by 35 U.S.C. § 284;

C.     For preliminary and permanent injunctive relief enjoining defendant Foster Grant, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

     (i)     from using, manufacturing, offering to sell or selling any products falling within the scope of the claim of the '429 and '180 patents;

     (ii)     from importing any product into the United States which falls within the scope of the '429 and '180 patents;

5

(iii)    from actively inducing others to infringe any of the claims of the '429 and '180 patents;

(iv)    from engaging in acts constituting contributory infringement of any of the claims of the '429 and '180 patents;

(v)    from all other acts of infringement of any of the claims of the '429 and '180 patents;

D.    That this be declared an exceptional case and that Sun Optics be awarded its attorney fees against defendant Foster Grant pursuant to 35 U.S.C. § 285;

E.    For an award of damages, costs, attorney fees, and punitive damages pursuant to Utah Code § 13-5a-103;

F.    For an award of Sun Optics's costs of this action; and

G.    For such further relief as this Court deems Sun Optics may be entitled to in law and in equity.

### JURY TRIAL DEMAND

Sun Optics hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted this 28th day of February, 2007.

WORKMAN NYDEGGER

LARRY R. LAYCOCK
CHAD E. NYDEGGER

Attorneys for Plaintiff
Sun Optics, Inc.

Address of Plaintiff:
1785 South 4490 West
Salt Lake City, Utah 84104

6

# Exhibit C

CLOSED, PATENT

**Electronic Case Filing System**
**District of Utah (Central)**
**CIVIL DOCKET FOR CASE #: 2:07-cv-00121-BSJ**

Sun Optics v. FGX International
Assigned to: Judge Bruce S. Jenkins
Cause: 35:0271 Patent Infringement

Date Filed: 02/28/2007
Date Terminated: 03/12/2007
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Sun Optics**
*a Utah Corporation*

represented by **Chad E. Nydegger**
WORKMAN NYDEGGER
1000 EAGLE GATE TOWER
60 E SOUTH TEMPLE
SALT LAKE CITY, UT 84111
(801)533-9800
Email: cnydegger@wnlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry R. Laycock**
WORKMAN NYDEGGER
1000 EAGLE GATE TOWER
60 E SOUTH TEMPLE
SALT LAKE CITY, UT 84111
(801)533-9800
Email: orders@wnlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FGX International**
*a Delaware Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/28/2007 | 1 | COMPLAINT against FGX International (Filing fee $ 350, receipt number 4681016461), filed by Sun Optics. (Attachments: # 1 Exhibit A - Copy of US Patent D525,427# 2 Exhibit B - Pictures of products violating '427 patent# 3 Exhibit C - Copy of US Patent D527,180# 4 Exhibit D - Pictures of Products Violating '180 Patent# 5 Civil Cover Sheet) Assigned to Judge Bruce S. Jenkins (jwt) (Entered: 02/28/2007) |
| 02/28/2007 | 2 | MOTION for Preliminary Injunction filed by Plaintiff Sun Optics. (jwt) (Entered: 02/28/2007) |

| 02/28/2007 | 3 | MEMORANDUM in Support re 2 MOTION for Preliminary Injunction filed by Plaintiff Sun Optics. (jwt) (Entered: 02/28/2007) |
| 02/28/2007 | 4 | DECLARATION of Bruce Raile re 2 MOTION for Preliminary Injunction filed by Sun Optics. (jwt) (Entered: 02/28/2007) |
| 02/28/2007 | 5 | Report on the Filing of an action sent to the Director of the U.S. Patent and Trademark Office. (jwt) (Entered: 02/28/2007) |
| 03/07/2007 | 6 | NOTICE of Voluntary Dismissal filed by Plaintiff Sun Optics (Nydegger, Chad) (Entered: 03/07/2007) |
| 03/12/2007 | 7 | ORDER DISMISSING CASE - Case Closed. Signed by Judge Bruce S. Jenkins on 3/12/07. (jwt) (Entered: 03/12/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 04/02/2007 12:35:54 | | |
| PACER Login: | gt1218 | Client Code: | 083557.072900 |
| Description: | Docket Report | Search Criteria: | 2:07-cv-00121-BSJ |
| Billable Pages: | 1 | Cost: | 0.08 |

# Exhibit D

06-05-06

### PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax**    (571)-273-2885



INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

022913    7590    03/22/2006

**WORKMAN NYDEGGER**
(F/K/A WORKMAN NYDEGGER & SEELEY)
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/221,502 | 01/17/2005 | Bruce Raile | 14301.50 | 6681 |

TITLE OF INVENTION: EYEGLASS CASE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $400 | $0 | $400 | 06/22/2006 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MURPHY, CELIA A | 2916 | D03-265000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

**2. For printing on the patent front page, list**
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1    Workman Nydegger
2    _____
3    _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE — Sun Optics, Inc.    (B) RESIDENCE: (CITY and STATE OR COUNTRY) — Salt Lake City, Utah

Please check the appropriate assignee category or categories (will not be printed on the patent) :    ☐ Individual    ☒ Corporation or other private group entity    ☐ Government

**4a. The following fee(s) are enclosed:**
☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☒ Advance Order - # of Copies    15

**4b. Payment of Fee(s):**
☐ A check in the amount of the fee(s) is enclosed.
☒ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number    23-3178    (enclose an extra copy of this form).

**5. Change in Entity Status (from status indicated above)**
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature    _____    Date    June 2 , 2006

Typed or printed name    John C. Stringham    Registration No.    40,831

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 01/06) Approved for use through 04/30/2007.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 29/221,502 | RAILE, BRUCE |
| | Examiner | Art Unit | |
| | Celia A. Murphy | 2916 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address*--
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendments and terminal disclaimer filed on 2/2/2006*.

2. ☒ The allowed claim(s) is/are *the single ornamental claim*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

   (a) ☐ including changes required by the Notice of Draftperson's Patent Drawing Review ( PTO-948) attached

      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)

3. ☒ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date 11/15/05 & 2/2/06

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☒ Examiner's Amendment/Comment

8. ☐ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

An examiner's amendment to the record appears below.  If applicant wishes to make further changes and/or additions, then he may file an amendment.[1]  To ensure the examiner's consideration, the amendment MUST be submitted before payment of the issue fee.

The examiner has carefully reviewed the applicant's terminal disclaimer, amendment, and remarks, dated 2/02/2006.

Applicant's amendments include claims to priority that do not meet the requirements for continuity.  The claimed design shown in Serial No. 29/205,824 is acknowledged, however, applicant has not claimed *"continuity"* to the application.

The following amendment to the specification **has superseded, (*replaced*)** all of the amendments regarding the *claim to priority* in this application.  In the original specification, the first paragraph has been amended to:

-- **This application is a continuation of US Design Application, Serial No. 29/205824 filed on May 20, 2004, which is incorporated herein by reference.**

The applicant's most recent amendment improperly claims the benefit of priority to another co-pending case, 10/360,264.  This additional copending case, 10/360,264, does *not* disclose the same subject matter as the clamed design according to 35 USC 112.

**The claim to priority in the amendment filed on 2/20/2006,** beginning with, *"Please replace Paragraph [001]..."* and ending with *"...incorporated herein by reference."* **has been cancelled.**

**Applicant's terminal disclaimer is approved.**

C. A. Murphy
March 20, 2006

CELIA A. MURPHY
PRIMARY EXAMINER
GROUP ART UNIT 2914

[1] *As provided for by 37 CFR 1.312*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/221,502 | 01/17/2005 | Bruce Raile | 14301.50 | 6681 |

22913    7590    11/18/2005
WORKMAN NYDEGGER
(F/K/A WORKMAN NYDEGGER & SEELEY)
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT  84111

| EXAMINER |
|---|
| MURPHY, CELIA A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2916 | |

DATE MAILED: 11/18/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 29/221,502 | RAILE, BRUCE |
| | Examiner | Art Unit |
| | Celia A. Murphy | 2916 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **_3_** MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on 27 May 2005.

2a)☐ This action is FINAL.        2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ The claim is pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ The claim is rejected.

7)☒ Claim(s) *to priority* is/are objected to.

8)☐ The claim is subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on 1/17/2005 is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some *  c)☐ None of:

    1.☐ Certified copies of the priority documents have been received.

    2.☐ Certified copies of the priority documents have been received in Application No. _____.

    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) filed: ~~02/02/2004~~ 6/6/05

4)☐ Interview Summary (PTO-413) filed: _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____ .

Application/Control Number: 29/221,502

Art Unit: 2916

Page 2

The preliminary amendment claiming priority to a provisional application is objected to. No claim for priority based on a provisional application may be made in a design application.[1] *Applicant should cancel his claim to priority.*

For clarity, the descriptions of Fig. 1 should be amended to read:

-- **Figure 1 is a perspective view of an EYEGLASS CASE showing my new design; --**

The claim is provisionally rejected under the judicially created doctrine of obviousness-type double patenting of the claim of copending Application No. *29/205,824.*

Although the conflicting claims are not identical, they are not patentably distinct from each other because to simply increase or decrease the proportion of the design would be obvious to a person of ordinary skill in the art. This is a provisional obviousness-type double patenting rejection because the conflicting claims have not in fact been patented.

It is well settled that it is unobviousness in the overall appearance of the claimed design, when compared with the prior art, rather than minute details or small variations in design as appears to be the case here, that constitutes the test of design patentability.[2]

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman,* 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi,* 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum,* 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel,* 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a non-statutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.[3]

*The references are cited as possible pertinent art.*

*The claim stands provisionally rejected under the judicially created doctrine of obviousness-type double patenting.*

Questions about this communication should be directed to examiner, C. A.

---

[1] *MPEP 1.53 (c) (4)*

[2] *See In re Frick, 275 F2d 741, 125 USPQ 191 (CCPA 1960) and In re Lamb, 286 F2d 610, 128 USPQ 539 (CCPA 1961).*

[3] *See 37 CFR 1.130(b). Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).*

Murphy, whose telephone number is *(571) 272-2654*. If attempts to reach the examiner by telephone are unsuccessful, then the examiner's supervisor, I. Simmons can be reached at *(571) 272-2658*. The Central FAX phone number for the USPTO is *571-273-8300*.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Contact the Electronic Business Center, (EBC) toll-free, at 866-217-9197 for answers to questions about access to the Private PAIR system.

Questions about **clerical processing** of should be directed to **Vonda Gale**, the Supervisory applications Examiner, whose telephone number is **(571) 272-2578**.

C. A. Murphy
November 4, 2005

CELIA MURPHY
PRIMARY EXAMINER
ART UNIT 2914

06-05-06



## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**    **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax**    **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

022913    7590    03/22/2006

**WORKMAN NYDEGGER**
**(F/K/A WORKMAN NYDEGGER & SEELEY)**
**60 EAST SOUTH TEMPLE**
**1000 EAGLE GATE TOWER**
**SALT LAKE CITY, UT 84111**

Certificate of Mailing or Transmission
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/205,824 | 05/20/2004 | Bruce Raile | 14301.44 | 9949 |

TITLE OF INVENTION: EYEGLASS CASE

06/06/2006 NGEDREM2 00000053 29205824

01 FC:2502
02 FC:8001

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $400 | $0 | $400 | 06/22/2006 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MURPHY, CELIA A | 2916 | D03-265000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

**2. For printing on the patent front page, list**
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Workman-Nydegger
2  _____
3  _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Sun Optics, Inc.

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Salt Lake City, Utah

Please check the appropriate assignee category or categories (will not be printed on the patent) :    ☐ Individual    ☒ Corporation or other private group entity    ☐ Government

**4a. The following fee(s) are enclosed:**
☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☒ Advance Order - # of Copies    15

**4b. Payment of Fee(s):**
☐ A check in the amount of the fee(s) is enclosed.
☒ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number  23-3178  (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature  _John C. O_____    Date  June 2, 2006

Typed or printed name  John C. Stringham    Registration No.  40,831

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 01/06) Approved for use through 04/30/2007.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 29/205,824 | RAILE, BRUCE |
| | Examiner | Art Unit |
| | Celia A. Murphy | 2916 |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendments and terminal disclaimer filed on 2/2/2006.*

2. ☒ The allowed claim(s) is/are *the single ornamental claim.*

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some*  c) ☐ None  of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
          International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .
    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
      Paper No./Mail Date _____ .
    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☒ Information Disclosure Statements (PTO-1449 or PTO/SB/08),
    Paper No./Mail Date 11/15/05 & 2/2/06
4. ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☐ Interview Summary (PTO-413),
    Paper No./Mail Date _____ .
7. ☒ Examiner's Amendment/Comment
8. ☐ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

    An examiner's amendment to the record appears below.  If applicant wishes to make further changes and/or additions, then he may file an amendment.[1]  To ensure the examiner's consideration, the amendment MUST be submitted before payment of the issue fee.

    The examiner has carefully reviewed the applicant's terminal disclaimer, amendment, and remarks, dated 2/02/2006.

    Although applicant's amendment cancels claim to priority from the *provisional* application, there remains a claim to priority that does not meet the requirement for continuity. Copending application, Serial Number, 10/360,264, does not disclose the claimed design according to 35 USC 112.  Further, continuity is not specifically claimed in this application.

    In light of the above, **all statements claiming priority to Serial Number, 10/360,264** appearing in this application are improper, and **have been cancelled.**

    **Applicant's terminal disclaimer is approved.**

C. A. Murphy
March 20, 2006

CELIA A. MURPHY
PRIMARY EXAMINER
GROUP ART UNIT 2914

---

[1] *As provided for by 37 CFR 1.312*



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/205,824 | 05/20/2004 | Bruce Raile | 14301.44 | 9949 |

22913    7590    11/18/2005

WORKMAN NYDEGGER
(F/K/A WORKMAN NYDEGGER & SEELEY)
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT  84111

| EXAMINER |
|---|
| MURPHY, CELIA A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2916 | |

DATE MAILED: 11/18/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 29/205,824 | RAILE, BRUCE |
| | Examiner | Art Unit |
| | Celia A. Murphy | 2916 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on 26 May 2005.

2a)☐ This action is FINAL.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ The claim is pending in the application.

　　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ The claim is rejected.

7)☒ Claim(s) *to priority* is/are objected to.

8)☐ The claim is subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on 20 May 2004 is/are: a)☒ accepted or b)☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

　　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a)☐ All    b)☐ Some * c)☐ None of:

　　　1.☐ Certified copies of the priority documents have been received.

　　　2.☐ Certified copies of the priority documents have been received in Application No. _____.

　　　3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) filed: 9/16/2004.

4)☐ Interview Summary (PTO-413) filed: _____.

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 29/205,824

Art Unit: 2916

Page 2

The preliminary amendment claiming priority to a provisional application is objected to. No claim for priority based on a provisional application may be made in a design application.[1] *Applicant should cancel his claim to priority.*

For clarity, the descriptions of Fig. 1 should be amended to read:

-- **Figure 1 is a perspective view of an EYEGLASS CASE showing my new design;** --

The claim is provisionally rejected under the judicially created doctrine of obviousness-type double patenting of the claim of copending Application No. *29/221,502.*

Although the conflicting claims are not identical, they are not patentably distinct from each other because to simply increase or decrease the proportion of the design would be obvious to a person of ordinary skill in the art. This is a provisional obviousness-type double patenting rejection because the conflicting claims have not in fact been patented.

It is well settled that it is unobviousness in the overall appearance of the claimed design, when compared with the prior art, rather than minute details or small variations in design as appears to be the case here, that constitutes the test of design patentability.[2]

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a non-statutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.[3]

*The references are cited as possible pertinent art.*

*The claim stands provisionally rejected under the judicially created doctrine of obviousness-type double patenting.*

Questions about this communication should be directed to examiner, C. A.

---

[1] *MPEP 1.53 (c) (4)*

[2] *See In re Frick, 275 F2d 741, 125 USPQ 191 (CCPA 1960) and In re Lamb, 286 F2d 610, 128 USPQ 539 (CCPA 1961).*

[3] *See 37 CFR 1.130(b). Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).*

*Application/Control Number: 29/205,824*                                    **Page 3**

*Art Unit: 2916*

Murphy, whose telephone number is *(571) 272-2654*.  If attempts to reach the examiner by telephone are unsuccessful, then the examiner's supervisor, I. Simmons can be reached at *(571) 272-2658*. The Central FAX phone number for the USPTO is *571-273-8300*.

      Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Contact the Electronic Business Center, (EBC) toll-free, at 866-217-9197 for answers to questions about access to the Private PAIR system.

      Questions about **clerical processing** of should be directed to **Vonda Gale**, the Supervisory applications Examiner, whose telephone number is **(571) 272-2578**.

C. A. Murphy
November 4, 2005

CELIA MURPHY
PRIMARY EXAMINER
ART UNIT 2914