R. ERIC HUTZ (#2702)
**CONNOLLY BOVE LODGE & HUTZ**
Attorneys for Plaintiff
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

LARRY R. LAYCOCK (*motion to appear pro hac vice pending*)
CHAD E. NYDEGGER (*motion to appear pro hac vice pending*)
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800

Attorneys for Plaintiff
SUN OPTICS, INC.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC., a Utah Corporation, | ) ) | Civil Action No. 1:07cv137-SLR |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| FGX INTERNATIONAL, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) ) ) | Oral Argument May 18, 2007 9:00 a.m. |

Filed April 5, 2007

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................... 1

III. STATEMENT OF FACTS .................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 2

    A. Standard for Granting Motions to Amend the Complaint ....................................... 2

        1. The Amendments Will Not Prejudice Foster Grant ..................................... 3

        2. The Amendment Will Not Cause Delay ....................................................... 3

V. **CONCLUSION** .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Foman v. Davis,
    371 U.S. 178 (1962) ........................................................................................................2

**RULES AND STATUTES**

Fed. R. Civ. P. 15(a) .................................................................................................................2

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

The nature of the proceedings is alleged patent infringement of U.S. Patent Nos. D525,427, D527,180 and 7,188,739 (the "'427 patent," "'180 patent" and "'739 patent" respectively). The '427 and '180 patents are design patents on cases for reading glasses. The '739 patent is a utility patent for displaying reading glasses inside cases. Plaintiff Sun Optics, Inc. ("Sun Optics") filed a Complaint and a Motion for a Preliminary Injunction based on infringement of the '427 and '180 patents on March 7, 2007 ("Motion for Preliminary Injunction on Design Patents" (Dkt. No. 2)). On March 13, 2007, the U.S. Patent and Trademark Office issued the '739 utility patent. Sun Optics herein seeks leave of the Court to add claims for infringement of the claims of the '739 patent and to correct a typographical error in the Prayer for Relief of the Original Complaint.[1] Sun Optics also has filed concurrently herewith a motion for preliminary injunction to stop the irreparable harm that Sun Optics is incurring at the hand of Defendant FGX International, Inc.'s ("Foster Grant" or "Defendant") activities that infringe the claims of the '739 patent. In a teleconference with the Court on April 4, 2007, the Court scheduled the hearing for oral arguments on Sun Optics's motions for preliminary injunction and Motion for Leave to File a First Amended Complaint, among others, for May 18, 2007.[2]

II. **SUMMARY OF ARGUMENT**

1. Motions to amend the complaint are to be freely granted barring prejudice to the opposing party or causing delay in the case.

---

[1] The Prayer for Relief of the original Complaint mistakenly refers to the "'429 patent" instead of the "'427 patent" addressed in the First Claim for Relief and attached as Exhibit A to the Complaint. Whereas this correction is of a clerical, not substantive nature, it will not be addressed further in the present memorandum. The foregoing notwithstanding, Sun Optics reserves its right to respond to any argument Foster Grant may make in opposition to the correction of this typographical error.

[2] During the April 4 teleconference with the Court the Defendant indicated that it planned to file a Motion to Dismiss. The Court has indicated that it will hear oral argument on Defendant's Motion to Dismiss on May 18 as well.

1

2. Foster Grant will not be prejudiced by adding claims for infringement of the '739 patent because Foster Grant has not yet filed an Answer to the original Complaint. Consequently, Foster Grant will have ample opportunity to defend against the claims of infringement of '739 patent during the course of the litigation.

3. Amending the Complaint will not delay the case or trial because Foster Grant has not filed an Answer to the original Complaint, the parties have not had a Rule 26(f) meeting, discovery has not commenced, and no trial date has been set.

## III. STATEMENT OF FACTS

Sun Optics filed its original Complaint for Patent Infringement on March 7, 2007, alleging infringement of the '427 and '180 patents. On March 13, 2007, the U.S. Patent and Trademark Office issued the '739 patent. Because the '739 patent did not issue until after the original Complaint had been filed, Sun Optics could not have brought claims for infringing that patent in the original Complaint. Sun Optics has not delayed bringing its claims of infringement of the '739 patent. To the contrary, Sun Optics has sought to bring its claims of infringement of the '739 patent less than four weeks after that patent issued.

## IV. ARGUMENT

### A. Standard for Granting Motions to Amend the Complaint

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Indeed, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. "Of course, the grant or denial of an

opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*. This policy of freely granting leave to amend helps insure that claims will be decided on their merits rather than on mere technicalities. *Id*. at 181-82 (It is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Thus, motions to amend complaints should be freely granted barring prejudice to the opposing party or causing delay. As explained below, Sun Optics's Motion to File Its First Amended Complaint will not cause any prejudice to Foster Grant and will not delay the case.

### 1. The Amendments Will Not Prejudice Foster Grant

Foster Grant will not be prejudiced by the addition of a claim for infringement of the '739 patent. As set forth above, Foster Grant has not filed an Answer to the original Complaint. Importantly, discovery in the present action has not begun. Consequently, Foster Grant will be able to discover and defend against claims of infringement of the '739 patent at the same time as it discovers and defends against the claims alleged in the original Complaint. Thus, Foster Grant will incur no prejudice by the addition of a claim for infringement of the '739 patent to this case.

### 2. The Amendment Will Not Cause Delay

Allowing Sun Optics to file its First Amended Complaint at this early stage of the proceedings will not cause delay in the case. As set forth above, the parties have not had a Rule 26(f) meeting to commence discovery. No schedule has been set for discovery. No deadlines have been set for the filing of dispositive motions. No trial date has been set. Amending the

claims at this early stage of the proceedings, even before Foster Grant has filed its Answer to the original Complaint, will not delay the proceedings or cause the Court to have wasted its time.[3] Indeed, it would waste the time and resources of the Court if the present motion were denied and Sun Optics is forced to commence another action against Foster Grant to bring its claims of infringement of the '739 patent.

Because Sun Optics's First Amended Complaint will not prejudice Foster Grant and will not cause delay in the case, Sun Optics's Motion should respectfully be granted.

## V.   CONCLUSION

Based on the foregoing, Sun Optics respectfully requests that the Court grant its Motion for Leave to File Its First Amended Complaint.

Respectfully submitted this 5th day of April, 2007.

                                            CONNOLLY BOVE LODGE & HUTZ LLP

                                            */s/ R. Eric Hutz*
                                            R. ERIC HUTZ (#2702)
                                            The Nemours Building
                                            1007 N. Orange Street
                                            Wilmington, DE  19899
                                            Phone (302) 658-9141
                                            ehutz@cblh.com

                                            Attorneys for Plaintiff
                                            Sun Optics, Inc.

Date: April 5, 2007

---

[3] Foster Grant filed a Motion to Dismiss the original Complaint on April 4, 2007, the day before the present motion was filed. The Court has scheduled a hearing for oral arguments on Foster Grant's Motion to Dismiss at the same time the Court will hear oral arguments on the present motion, among others.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC.<br>a Utah Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>FGX INTERNATIONAL, INC.,<br>a Delaware Corporation,<br><br>   Defendant. | Civil Action No.07-137 (SLR) |

**CERTIFICATE OF SERVICE**

I, R. Eric Hutz, hereby certify that on April 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

    Donald J. Detweiler, Esquire (I.D. 3087)
    Sandra G. M. Selzer (I.D. 4283)
    **GREENBERG TRAURIG, LLP**
    The Nemours Building
    1007 North Orange Street
    Suite 1200
    Wilmington, DE 19801
    *Attorney for Defendant*
     *FGX International Inc.*

I further certify that on April 5, 2007, I caused a copy of the foregoing to be served by hand delivery on the above-listed counsel of record.

                /s/ R. Eric Hutz

531648_1