IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC.,<br>    a Utah Corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No.  1:07cv137 SLR |
| FGX INTERNATIONAL, INC.,<br>    a Delaware Corporation, | )<br>)<br>) | |
| Defendant. | )<br>) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**CONNOLLY BOVE LODGE & HUTZ, LLP**

R. ERIC HUTZ (#2702)
The Nemours Building
1007 N. Orange Street
P. O. Box 2702
Wilmington, DE 19899
Phone:  (302) 658-9141
Fax: (302) 658-5614
*Attorneys for Plaintiff*
        *SUN OPTICS, INC.*

<u>**OF COUNSEL**</u>
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Phone: (801) 533-9800

**DATE:** April 26, 2007

## TABLE OF CONTENTS

**Pages**

I.  NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.  SUMMARY OF ARGUMENT ..............................................................................1

III.  COUNTER STATEMENT OF FACTS ....................................................................2

    A.  Facts Pertinent to the Validity and Enforceability of the '427 and '180 Patents ........................................................................................................2

    B.  Facts Pertinent to FGX's Allegations of Judge Shopping.......................3

    C.  Facts Pertinent to FGX's Allegations of Garnering Media Attention ...................................................................................................5

IV.  ARGUMENT ..................................................................................................5

    A.  Allegations of Invalidity and Unenforceability of the '427 and '180 Patents Are Not Appropriate Grounds for Dismissal Under Rule 12(b)(6)...................................................................................................6

    B.  The '427 and '180 Patents Are Valid and Enforceable..........................8

    C.  Sun Optics Has Not Engaged in Impermissible Judge Shopping...........9

        1.  *FGX Alleges No Personal Responsibility by Sun Optics*..........17

        2.  *FGX Has Not Been Prejudiced by the Alleged Judge Shopping* ................................................................................17

        3.  *Sun Optics Has No History of Dilatoriness* .............................17

        4.  *The Conduct of Sun Optics and Its Counsel Was Not in Bad Faith*..........................................................................................18

        5.  *Sanctions Other than Dismissal with Prejudice Would Be Effective* ...................................................................................18

        6.  *Sun Optics's Claims Against FGX Are Meritorious* ................19

        7.  *The Balance of the Factors Weighs Against Dismissing the Complaint with Prejudice* ......................................................19

V.  CONCLUSION ...............................................................................................19

# TABLE OF AUTHORITIES

**Pages**

## CASES

*ALA, Inc. v. CCAIR*, Inc.,
    29 F.3d 855 (3d Cir. 1994) ...................................................................................... 6

*Canon Computer Sys. Inc. v. Nu-Kote Int'l, Inc.*,
    134 F.3d 1085 (Fed. Cir. 1998) ............................................................................... 8

*DeSantis v. Hafner Creations*,
    949 F. Supp. 419 (D. Va. 1996) ............................................................................. 11

*Disability Advocates & Conseling Group v. Betancourt*,
    379 F. Supp.2d 1343 .................................................................................... 14, 15

*Gebre v. Acura Division of Honda Amercia*,
    Case No. 2:07cv00237 BSJ (D. Utah) ...................................................................... 5

*Hewlett v. Davis*,
    844 F.2d 109 (3d Cir. 1988) ................................................................................. 10

*In re Fieger*,
    No. 97-1359, 1999 WL 717991 (6th Cir. Sept. 10, 1999) ...................... 13, 16, 18

*Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*,
    427 U.S. 639 (1976) ............................................................................................ 10

*Olivia v. Sullivan*,
    958 F.2d 272, 274 ................................................................................................ 18

*Poulis v. State Farm Fire and Cas. Co.*,
    747 F.2d 863 (3d Cir. 1984) .................................................................... 10, 17, 19

*Scaltech, Inc. v. Retec/Tetra, LLC*,
    269 F.3d 1321 (Fed. Cir. 2001) ............................................................................... 7

*Smith v. Mt. Sinai Hospital*,
    No. 84 Civ. 9111-CSH, 1985 WL 561 (S.D.N.Y. Apr. 22, 1985) ...... 13, 14, 16, 18

*Sparton Corp. v. United States*,
    399 F.3d 1321 (Fed. Cir. 2005) ............................................................................... 7

*Sun Optics, Inc. v. Retro 1951, Inc.*,
    Case No. 2:07cv00010 BSJ (D. Utah) ...................................................................... 4

*Trump Hotels & Casino Resorts v. Mirage Resorts*,
    140 F.3d 478 (3d Cir. 1998)................................................................. 6

*VP Intellectual Properties LLC v. Imtec Corp.*,
    53 USPQ2d 1269 (D.N.J. 1999)....................................................... 11

*Warth v. Seldin*,
    422 U.S. 490, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975)....................... 6

*Wavetronix, LLC v. EIS Electronic Systems*, *Inc.*,
    Case No. 2:05cv00073 BSJ (D. Utah) ................................................ 4

*Worldcom, Inc. v. Graphnet*, *Inc.*,
    343 F.3d 651 (3d Cir. 2003)............................................................... 7

*Zografos v. Quest Communications Corp.*,
    225 F. Supp.2d 1217 (Or. 2002)........................................... 15, 16, 18

## **STATUTES**

35 U.S.C. § 102(b) ................................................................................. 2, 7

35 U.S.C. § 282 ......................................................................................... 8

Rule 12(b)
    Federal Rules of Civil Procedure ................................................... 6, 7

Rule 12(b)(6)
    Federal Rules of Civil Procedure .......................................1, 5, 6, 7, 8

Rule 41
    Federal Rules of Civil Procedure ....................................9, 10, 11, 18

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Sun Optics, Inc. ("Sun Optics") respectfully submits this memorandum in opposition to defendant FGX International, Inc.'s ("FGX") Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  FGX's Motion to Dismiss must be denied because the asserted patents are presumed valid and Sun Optics has not engaged in impermissible "judge shopping."

Sun Optics filed the original complaint alleging infringement of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively).  Sun Optics also filed a Motion for Preliminary Injunction concurrently with the Complaint requesting the Court to preliminarily enjoin FGX from continuing to infringe the '427 and '180 patents.  FGX has not filed its Answer to the Complaint, and has filed a brief opposing Sun Optics's Motion for Preliminary Injunction.

Sun Optics also has filed a Motion for Leave to File a First Amended Complaint ("Motion to Amend") seeking to add claims of infringement of U.S. Patent No. 7,188,739, ("'739 patent") which issued after the original Complaint was filed.  Sun Optics also filed a Motion for Preliminary Injunction concurrently with its Motion to Amend requesting the Court to preliminarily enjoin FGX from continuing to infringe the '739 patent.  To date, FGX has not filed an opposition to the Motion to Amend or Sun Optics's second Motion for Preliminary Injunction.

## II.    SUMMARY OF ARGUMENT

1.    Invalidity of the '427 and '180 patents is not a proper ground for dismissal under Rule 12(b)(6) because all statements in the Complaint must be taken as true and the patents are presumed to be valid.

1

2.    The reading glass cases Sun Optics sold to Rite Aid more than one year before the priority date of the '427 and '180 patents were a completely different design than the designs claimed in the '427 and '180 patents, and do not anticipate the '427 and '180 patents under 35 U.S.C. § 102(b).

3.    No evidence supports FGX's allegations of impermissible judge shopping.

4.    It would be an abuse of discretion to dismiss the Complaint with prejudice for judge shopping because far less drastic remedies would be effective to address any concerns regarding judge shopping.

## III.    COUNTER STATEMENT OF FACTS

### A.    Facts Pertinent to the Validity and Enforceability of the '427 and '180 Patents

The "Clear Tube" merchandising program designed and sold by Sun Optics includes numerous different designs for reading glass cases.  [Second Declaration of Bruce Raile in Support of Plaintiff's Motion for a Preliminary Injunction ("Second Raile Decl."), Dkt. No. 25, at p. 1, ¶ 3.]  While the Clear Tube merchandising program includes cases that embody the designs of the '427 and '180 patents, many other designs for reading glass cases are also used as part of the Clear Tube merchandising program.  [*Id.*] Indeed, Sun Optics intentionally varies the designs of the reading glass cases in the Clear Tube merchandising program for different types of retailers, or different quality levels, or different price points.  [*Id.*]

For example, the original reading glass cases used in the Clear Tube program sold to Rite Aid were completely transparent with no opaque portion, no band, and no rounded cap.  [*Id.* at p. 2, ¶ 4.]  A picture of the design originally sold to Rite Aid is attached as Exhibit A to the Second Raile Declaration.  The designs of the '427 and '180 patents,

were developed as an intentional contrast to the designs that were originally sold to Rite Aid. [*Id.*]

Sun Optics did not sell the designs of the '427 and '180 patents to Rite Aid, or to anyone else, prior to May 20, 2003. [*Id.* at p. 2, ¶ 5.] The first purchase order by Sun Optics, which was to its manufacturer in China, for its designs patented under the '427 and '180 patents was made on September 16, 2003. [*Id.* at p. 2, ¶ 6.] That purchase order was shipped from China on September 30, 2003. [*Id.*] The first invoice to a customer in the United States for these patented designs is dated October 9, 2003. [*Id.*]

### B.     Facts Pertinent to FGX's Allegations of Judge Shopping

Sun Optics filed a Complaint against FGX in the District of Utah ("Utah Complaint") and Motion for Preliminary Injunction on February 28, 2007, alleging infringement of the '427 and '180 patents. [*See* Dkt. No. 16., Affirmation of Donald J. Detweiler ("Detweiler Decl."), at Exh. B (Utah Complaint).] That case was assigned to Judge Jenkins that same day, February 28. [*See id.*] Sun Optics alleged that the District Court of Utah could exercise personal jurisdiction over FGX because FGX and its distributor had sent accused products to Sun Optics's offices located in Salt Lake City, Utah. [*See* Declaration of Bruce Raile in Opposition to Defendant's Motion to Dismiss, at p. 1, ¶ 3.] The products shipped directly to Sun Optics were the only accused products located in Utah of which Sun Optics was aware at the time it filed the Utah Complaint. [*Id.*]

Instead of serving the Utah Complaint on FGX, Sun Optics sent a courtesy copy of the Utah Complaint to FGX with a letter inviting FGX to discuss an amicable resolution to Sun Optics's claims. [Declaration of Chad E. Nydegger in Opposition to Defendant's Motion to Dismiss ("Nydegger Decl."), at p.1, ¶ 3, and Exh. A.] FGX did

not respond to Sun Optics's letter attempting to open a dialog with FGX for settling Sun Optics's claims.  [*Id.* at p. 1, ¶ 4.]

Because FGX did not respond to Sun Optics's invitation to engage in settlement discussions, Sun Optics voluntarily dismissed the Utah Complaint on March 7, 2007, and filed the Complaint of the present action that same day in Delaware.  [*See* Detweiler Decl., at Exh. C (Docket Report for Utah Case); Delaware Case Dkt. No. 1.]   The Delaware Complaint was filed at 4:35 p.m. on March 7, 2007, and was promptly served the very next day, February 8.  [*See* Dkt. No. 1 (Complaint); Dkt. No. 7 (Summons Returned).]  Dismissing the Utah Complaint and filing the present action in the state of incorporation of FGX served to prohibit FGX from arguing lack of personal jurisdiction in an effort to delay a ruling on Sun Optics's Motion for Preliminary Injunction.

Workman Nydegger is counsel for the plaintiff Wavetronix, LLC ("Wavetronix") in the case *Wavetronix, LLC v. EIS Electronic Systems, Inc.*, Case No. 2:05cv00073 BSJ (D. Utah), before the Honorable Judge Bruce Jenkins.  [Nydegger Decl., at p. 2, ¶ 5.] Workman Nydegger attorneys were able to obtain several favorable rulings in that case, including dismissal of the defendant's claims of inequitable conduct and invalidity for failure to disclose the best mode on summary judgment.  [*Id.* at p. 2, ¶ 5, Exh. B and Exh. C.]  Workman Nydegger attorneys also have several other cases currently pending before Judge Jenkins.  Indeed, counsel for Sun Optics in the present case also represents Sun Optics as the plaintiff in a patent infringement case currently pending before Judge Jenkins, styled *Sun Optics, Inc. v. Retro 1951, Inc.*, Case No. 2:07cv00010 BSJ (D. Utah).  [*See id.* at Exh. D (Complaint).]   Attorneys at Workman Nydegger are also counsel for the plaintiff in another patent infringement case before Judge Jenkins styled

*Gebre v. Acura Division of Honda America*, Case No. 2:07cv00237 BSJ (D. Utah), filed on April 12, 2007. [*Id.* at p. 1, ¶ 6, and Exh. E.] Workman Nydegger attorneys representing the plaintiffs in these cases have not attempted to remove these cases from before Judge Jenkins. [*Id.* at p. 2, ¶ 6.]

### C. Facts Pertinent to FGX's Allegations of Garnering Media Attention

As of April 12, 2007, Sun Optics has spoken to only one news reporter regarding the present lawsuit. [Second Raile Decl., Dkt. No. 25, at p. 2, ¶ 7.] Sun Optics spoke to this reporter only after the reporter had called and left two messages at Sun Optics inquiring about the present lawsuit. [*Id.*] Sun Optics has not sought out or initiated any media coverage or press concerning its lawsuit against FGX. [*Id.*] As of April 12, 2007, Sun Optics has not even published a standard press release regarding the instant litigation. [*Id.*] FGX's infringing products are causing significant harm to Sun Optics. [*Id.* at p. 2, ¶ 8.] Sun Optics initiated this lawsuit to stop this harm, and would have sued FGX to stop this harm even if FGX was not in the process of an IPO. [*Id.*]

## IV. ARGUMENT

FGX's arguments that the Complaint should be dismissed because the '427 and '180 patents are invalid and unenforceable are not an appropriate grounds for dismissal under Rule 12(b)(6). Further, FGX's arguments of invalidity and unenforceability of the '427 and '180 patents are unsupported by any evidence of record and are based on assertions by FGX that are contrary to the facts that FGX knows to be true.

FGX's argument that the Complaint should be dismissed because Sun Optics has engaged in impermissible judge shopping is similarly based on nothing but speculation. Further, even if the Court were to find that Sun Optics has engaged in judge shopping,

which the Court should not find, dismissing the case with prejudice for judge shopping would be an unwarranted sanction and an abuse of discretion.

> **A.    Allegations of Invalidity and Unenforceability of the '427 and '180 Patents Are Not Appropriate Grounds for Dismissal Under Rule 12(b)(6)**

FGX argues that the Complaint should be dismissed under Rule 12(b)(6) because the '427 and '180 patents are invalid because Sun Optics allegedly sold the patented designs to Rite Aid more than one year before the priority date of the '427 and '180 patents.    [Memorandum of Law in Support of Defendant's Motion to Dismiss ("Memorandum to Dismiss"), at pp. 5-7.]    FGX further argues that the '427 and '180 patents are unenforceable because Sun Optics committed inequitable conduct during the prosecution of the '427 and '180 patents by not disclosing the sales FGX alleges invalidate the '427 and '180 patents.    [*Id.* at pp. 7-10.]    Neither of these grounds for dismissal, however, is appropriate in a Rule 12(b)(6) motion.

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the plaintiff."    *Trump Hotels & Casino Resorts v. Mirage Resorts*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975)).    "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."    *Id.* (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)).    Further, affirmative defenses, such as invalidity and unenforceability of a patent, are not appropriate grounds for a motion to dismiss brought under Rule 12(b) Federal Rules of Civil Procedure.    *See*

*Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657-658 (3d Cir. 2003) ("The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." (citations omitted)).

In light of the foregoing standard applicable to motions to dismiss brought under Rule 12(b)(6), FGX's motion to dismiss the Complaint because the '427 and '180 patents are invalid and unenforceable is improper because these affirmative defenses require FGX to prove, by clear and convincing evidence, numerous facts outside of the Complaint. Specifically, to prove that the '427 and '180 patents are invalid under 35 U.S.C. § 102(b) as alleged, FGX must prove that Sun Optics sold products prior to the critical date of the '427 and '180 patents, and that those products contained each and every element claimed in the '427 and '180 patents. *See Sparton Corp. v. United States*, 399 F.3d 1321, 1323 (Fed. Cir. 2005) (holding that to constitute a bar under § 102 the defendant must prove that the sale or offer for sale "was of the patented invention" (citing *Scaltech, Inc. v. Retec/Tetra*, LLC, 269 F.3d 1321, 1328 (Fed. Cir. 2001)). FGX points to nothing in the Complaint to establish that the products sold to Rite Aid prior to the critical date were of the designs patented by the '427 and '180 patents. Consequently, FGX's motion to dismiss for invalidity under Rule 12(b)(6) is improper and should be denied.

Similarly, for FGX to prevail on its motion to dismiss for unenforceability of the '427 and '180 patents FGX must prove at least that 1) Sun Optics withheld information from the U.S. Patent and Trademark Office ("PTO"), 2) that the information withheld

was material to the patentability of the '427 and '180 patents, and 3) that the information was withheld with intent to deceive the PTO. Again, FGX can point to nothing in the Complaint to establish the facts necessary for FGX to prove, by clear and convincing evidence, that the '427 and '180 patents are unenforceable. Consequently, FGX's motion to dismiss for unenforceability under Rule 12(b)(6) is improper and should be denied.

### B.    The '427 and '180 Patents Are Valid and Enforceable

Judging the validity and enforceability of the '427 and '180 patents based on the allegations contained in the Complaint, as the Court must when considering a motion to dismiss under Rule 12(b)(6), no allegations in the Complaint support FGX's motion to dismiss the Complaint on these grounds. Consequently, the presumptions of validity and enforceability to which the '427 and '180 patents are entitled are sufficient alone to defeat FGX's Motion to Dismiss. *See* 35 U.S.C. § 282; *Canon Computer Sys. Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998).

Nonetheless, even if the Court considers evidence outside the Complaint, the undisputed evidence of record conclusively establishes that the '427 and '180 patents are not invalid or unenforceable due to prior sales of the patented designs to Rite Aid. As set forth in detail at pages 7-10 of Plaintiff's Reply Memorandum in Support of Its Motion for Preliminary Injunction (Dkt. No. 29), incorporated herein by reference, FGX has no evidence that the specific designs patented by the '427 and '180 patents were sold before the critical date of the '427 and '180 patents. In fact, Sun Optics's sales to Rite Aid that FGX alleges invalidate the '427 and '180 patents had no opaque bottom portion, no band in the middle, and no rounded cap on top. [Second Raile Decl., Dkt No. 30, at p. 2, ¶ 4, and Exh. A.] No evidence cited by FGX contradicts Sun Optics's evidence establishing that the reading glass cases sold to Rite Aid were of a completely different design than

those claimed in the '427 and '180 patents.  Indeed, the Declaration of Donna Shuler, Dkt. No. 27, and Declaration of Jack Flynn, Dkt. No. 15, submitted by FGX were both carefully drafted to avoid stating which designs were sold to Rite Aid prior to May 20, 2003.  These declarations do not expressly state that the designs of the '427 and '180 patents were sold to Rite Aid because both Ms. Shuler and Mr. Flynn know that the designs sold to Rite Aid were markedly different from the designs of the '427 and '180 patents.  Thus, instead of presenting concrete evidence to support its allegations, FGX's attorneys attempted to create ambiguity in the distinction between the Clear Tube merchandising program and the designs patented by the '427 and '180 patents, and then spin that ambiguity into arguments of invalidity and unenforceability.  The direct undisputed evidence of record, however, dispels this ambiguity and conclusively establishes that the '427 and '180 patents are not invalid or unenforceable for prior sales of the patented designs.  Consequently, FGX's Motion to Dismiss must be denied.

### C.    Sun Optics Has Not Engaged in Impermissible Judge Shopping

FGX argues that the Complaint should be dismissed with prejudice because Sun Optics allegedly has engaged in impermissible judge shopping.  [Memorandum to Dismiss, at pp. 11-15.]  In sum, FGX's allegations of judge shopping are based on the facts that 1) Sun Optics filed a complaint against FGX for infringement of the '427 and '180 patents in the District of Utah, 2) Sun Optics later voluntarily dismissed that complaint before service was effected as allowed by Federal Rule of Civil Procedure 41, and 3) Sun Optics filed the present lawsuit against FGX alleging infringement of the '427

and '180 patents.[1]  [*Id.*]  If these facts are sufficient to dismiss the later-filed complaint with prejudice for impermissible judge shopping, then any party who voluntarily dismisses a complaint under Rule 41 will have done so with prejudice.  In other words, the result argued for by FGX completely eviscerates the express language of Rule 41 allowing a party to voluntarily dismiss a claim "without prejudice."  The facts of this case simply can not support the extreme remedy of dismissal with prejudice.

The Third Circuit has held "that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court and are to be reserved for comparable cases." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  The Third Circuit has "consistently emphasized the extreme nature of a dismissal with prejudice or default judgment."  *Id.* at 867; *accord Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988).  "Sound judicial policy favors disposition of cases on their merits rather than on procedural defaults" and dismissal with prejudice or default "must be sanctions of last, not first, resort." *Hewlet*, 844 F.2d at 113 (citing *Poulis*, 747 F.2d at 869).  Contrary to the pronouncements and holdings of the Third Circuit, FGX implores this Court to use dismissal with prejudice as a first resort sanction against Sun Optics,

---

[1]     FGX's commentary in footnote nine of the Memorandum to Dismiss regarding how FGX learned of the present lawsuit and the media attention is irrelevant to FGX's allegations of judge shopping.  First, Sun Optics had no obligation to "notify" FGX that it had dismissed the Utah Complaint and filed the Delaware Complaint.  Second, Sun Optics promptly notified FGX of the Delaware Complaint by serving it on FGX the day after it was filed.  [Dkt. No. 7, Return of Summons.]  Further, FGX's "suspicions" that Sun Optics "tipped the business news media about the filing of the Complaint" is an unfounded and unsupported "suspicion."  As set forth in the Counter Statement of Facts above, Sun Optics did not contact or "tip" any news media regarding the filing.  [*See* Second Raile Decl., Dkt. No. 25, at p. 2, ¶ 7.]  This commentary by FGX should be ignored by the Court because it both irrelevant and contrary to the undisputed facts.

whose has done nothing except exercise its express rights to voluntarily dismiss a case without prejudice under Rule 41.

As set forth in the Counter Statement of Facts above, the reason Sun Optics dismissed the Utah Complaint and re-filed in Delaware was to avoid delay in obtaining a preliminary injunction against FGX.   Notably, Sun Optics did not dismiss the Utah Complaint immediately after it was assigned to Judge Jenkins.   Sun Optics only dismissed the Utah Complaint after waiting a week in vain for FGX to respond to Sun Optics's invitation to explore an amicable resolution to Sun Optics's claims.   At that point, suspecting that FGX might file a motion to dismiss for lack of personal jurisdiction to delay a ruling on Sun Optics's Motion for Preliminary Injunction, Sun Optics took steps to avoid that delay by dismissing the Utah Complaint and re-filing in Delaware.[2] The present Motion to Dismiss merely confirms Sun Optics's suspicions that FGX would attempt to delay a ruling on the Motion for Preliminary Injunction had Sun Optics proceeded with the case in Utah.

The Utah case Sun Optics filed against FGX was assigned to the Honorable Judge Jenkins.   [*See* Detweiler Decl., Dkt. No. 16., at Exh. B (Utah Complaint).]   In an attempt to provide a motivation for Sun Optics's alleged judge shopping, FGX states that "two weeks before the voluntarily [sic] dismissal, Judge Jenkins ruled against Plaintiff's

---

[2]        While the actions of FGX and its distributor in shipping and selling infringing product into Utah are arguably sufficient to establish personal jurisdiction over FGX in the District of Utah, without more this ground for asserting personal jurisdiction is subject to attack.  *Compare VP Intellectual Properties LLC v. Imtec Corp.*, 53 USPQ2d 1269, 1273 (D.N.J. 1999) ("Regardless of the quantity of products sold or the shipping method used, the sale of patented products to buyers in the forum state creates specific personal jurisdiction over an out-of-state seller.") *with DeSantis v. Hafner Creations*, 949 F. Supp. 419, 424 (D. Va. 1996) (holding that a single sale of infringing product to a paralegal of the plaintiff's counsel was insufficient to establish personal jurisdiction over the defendant).

counsel in another unrelated case." [Memorandum to Dismiss, at p. 2.] Thus, according to FGX, a single unfavorable ruling by Judge Jenkins forms the basis of Sun Optics's alleged judge shopping. What FGX did not tell the court, however, is that Judge Jenkins ruled in favor of Sun Optics's counsel in that same case, dismissing allegations of inequitable conduct and invalidity for failure to disclose a best mode on summary judgment. [Nydegger Decl., at p. 2, ¶ 5, Exh. B and Exh. C.] FGX also did not inform the Court that Sun Optics and its counsel are presently litigating another unrelated patent infringement case before Judge Jenkins. [*See id.* at Exh. D (Complaint against defendant Retro 1952, Inc.).] Last, the firm of Sun Optics's counsel, Workman Nydegger, filed claims for patent infringement in the District of Utah for another client as recently as April 12, 2007, that was assigned to Judge Jenkins. These cases inexplicably continue to be before Judge Jenkins despite the single "ruling against plaintiff's counsel" that FGX alleges is sufficient to cause counsel for Sun Optics to engage in judge shopping. FGX's speculation regarding Sun Optics's motivation for dismissing the Utah Complaint is simply that – speculation. Further, this speculation goes against all of the foregoing actions of Sun Optics's counsel in continuing to litigate numerous other cases before Judge Jenkins. FGX's argument simply is not credible and should be rejected.

FGX also cites several cases from "various jurisdictions with similar factual circumstances as this case" to argue for dismissal of the Complaint with prejudice. FGX's statement that these cases have "similar factual circumstances as this case" is a misrepresentation of these cases. As demonstrated below, the facts in the cases cited by FGX vary wildly from the facts of the present case.

For instance, FGX cites to *In re Fieger*, No. 97-1359, 1999 WL 717991 (6th Cir. Sept. 10, 1999). [Memorandum to Dismiss, at p. 14.] In *Fieger* the attorney simultaneously filed 13 complaints in companion cases. *Id.* at *1. "When the deputy clerk insisted on stamping the cases as possible companion case, the Fieger, Fieger and Schwarts representative who filed the complaints emphatically denied that the cases were companion cases." *Id.* The day that the cases were assigned, "Fieger voluntarily dismissed twelve of the suits[.]" *Id.* "In press interviews, ***Fieger stated that he dismissed the cases so that he could select the judge***." *Id.* (emphases added). In light of these facts, the court sanctioned the attorney. *Id.* at *2. The one case still pending, however, was simply reassigned to the judge who was assigned the first of the companion cases. *Id.* at *1. In the present case, no cases were filed simultaneously in the same jurisdiction, only one case was dismissed a week after it had been assigned to a judge, and there are no blatant admissions of judge shopping. These facts are vastly different from the facts of the present case.

FGX cites to *Smith v. Mt. Sinai Hospital*, No. 84 Civ. 9111-CSH, 1985 WL 561 (S.D.N.Y. Apr. 22, 1985) for the proposition that simply voluntarily dismissing and later re-filing the same complaint "at the very least raise[s] the appearance of 'judge shopping.'" [Memorandum to Dismiss at p. 13.] Again FGX has misrepresented the holding of this case. In *Smith*, the counsel for the defendant filed an affidavit stating that the counsel for the plaintiff "said that she did not want to 'deal' with and 'wanted to get away from' Judge Edelstein; therefore, she intended to withdraw the complaint without prejudice and refile it again in order to obtain a different judge." 1985 WL 561, at *1. The Court found that "Defendants' allegations ***regarding the motivation of plaintiff's***

***counsel*** in voluntarily discontinuing this action before Judge Edelstein, though denied by [plaintiff's counsel], at the very least raise the appearance of 'judge-shopping.'" *Id.* at *2 (emphasis added). Thus, it was the allegations regarding the ***motivation*** of plaintiff's counsel in voluntarily dismissing the complaint, and ***not*** the mere fact of voluntarily dismissing and re-filing the complaint, that "at the very least raise[d] the appearance of 'judge-shopping.'" FGX's representation that *Smith* stands for the proposition that simply voluntarily dismissing and re-filing the same complaint "at the very least raise[d] the appearance of 'judge-shopping'" quotes *Smith* out of context and misrepresents the findings of that court. FGX does not here allege that Sun Optics or its counsel have made statements, either publicly or privately, that the Utah Complaint was dismissed to get away from Judge Jenkins. The facts of *Smith* are not similar to the facts of the present case.

    FGX also cites the case *Disability Advocates & Conseling Group v. Betancourt*, 379 F. Supp.2d 1343. The *Disability Advocates* court sets forth the facts behind that as case as follows:

> The attorney for Plaintiffs follows the same procedural tactic in every ADA case he has filed for Disability Advocates and Counseling Group, Inc. and Steven Brother in at least the last eighteen (18) months in this District. In each of the one hundred six (106) ADA cases he has filed for Plaintiffs, that have been dismissed by the original assigned judge for lack of standing, he has simply refiled as a new suit and gets a different Judge. Despite the clear mandate of Local Rule 3.9 A, C and D, he remains silent about the prior dismissal of the same case. Although the cases are identical, he does not state on the Civil Cover Sheet the original judge's name, the docket number, or the name of defense attorneys. Further, he marks the case an "original proceeding" instead of its true designation "reinstated or reopened" case. Neither the Clerk or the second (new) judge randomly assigned to the case is aware of the prior consideration (and dismissal) by another judge of the Court. Counsel ignores the original dismissal of the same complaint and treats the original filing as though it never happened. This practice is called "judge shopping" and Plaintiffs'

> reason for engaging in the practice is to get away from those judges who dismiss, generally *sua sponte*, Disability Advocates and Steven Brother for their lack of standing.

*Id.* at 1344-45.  As apparent by the facts the court sets forth above, this case was not dismissed with prejudice merely "because plaintiffs had re-filed a nearly 'identical complaint' that had been previously been [sic] dismissed for lack of standing without notifying the court[,]" as represented by FGX.  This case was dismissed with prejudice because the counsel in this case had a "*modis operandi*" of judge shopping in the **106 cases** filed by that counsel.  Nonetheless, even if FGX's representation of the case were correct, no complaint similar to the Complaint of the present case has been dismissed by a prior court.  Consequently, the holding in *Disability Advocates* is not applicable to the facts of the present case.

Last, in *Zografos v. Quest Communications Corp.*, 225 F. Supp.2d 1217 (D. Or. 2002), the court dismissed the amended complaint with prejudice for judge shopping.  In *Zografos* the parties began litigation in another court, and were attempting to settle the case.  *Id.* at 1219.  The parties had sought approval of the settlement terms by the court for five months, but the court had been reluctant to approve the settlement due to protests by intervenors.  *Id.* at 1220.  Consequently, the parties filed the amended complaint at issue in *Zografos*, and approached that court to approve the settlement terms.  *Id.*  The *Zografos* court declined the invitation, and dismissed the amended complaint with prejudice because the parties were apparently shopping for a judge that would provide quick approval of the settlement.  Importantly, the original complaint in *Zografos* was not dismissed.  *Id.* at 1222 ("the settling parties concede that dismissal of the amended complaint is a less drastic sanction than dismissal of the complaint – which is not at issue here.").  Because the case in the prior court was still pending, dismissing the amended

complaint simply returned the parties back to the *status quo* prevailing in the prior court before the parties tried to move to another court. *See id.* at 1221-22. In the present case, FGX seeks to dismiss the entire case, not simply an amended complaint. Further, there is no other pending litigation wherein Sun Optics's claims against FGX will be justly adjudicated as there was in *Zografos*.

As demonstrated above, the cases cited and relied upon by FGX are not even remotely on point with the facts of the present case. Neither Sun Optics nor its counsel have any history of alleged judge shopping. FGX has presented no admission or other direct evidence of judge shopping. Finally, FGX seeks to preclude Sun Optics from obtaining a decision on the merits of its claims, a result specifically avoided in *Zografos*, *Smith*, and *Fieger.*

Because dismissal with prejudice is such an extreme remedy, the Court must consider the following six factors in deciding whether to dismiss a case with prejudice:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. FGX has not addressed these six factors in its Memorandum to Dismiss, and should not be allowed to do so in its Reply brief. Each of these factors weighs against dismissing the Complaint with prejudice as demonstrated below.

### 1.    *FGX Alleges No Personal Responsibility by Sun Optics*

FGX has not alleged that Sun Optics is in any way personally responsible for the alleged judge shopping. Consequently, this factor weighs in favor of Sun Optics and denying FGX's Motion to Dismiss.

### 2.    *FGX Has Not Been Prejudiced by the Alleged Judge Shopping*

FGX has not been prejudiced by the alleged judge shopping. The Utah Complaint was dismissed, before it was served, a week after it was filed, and before FGX filed an Answer. [*See* Detweiler Decl., Dkt. No. 16, at Exh. C (Docket Report for Utah Case).] The Delaware Complaint was filed the same day the Utah Complaint was dismissed, and was served on FGX the next day. [*See* Return of Summons, Dkt. No. 7.] Indeed, by moving the case to Delaware, FGX now has the luxury of litigating the case in its "home court." The only thing that FGX lost through the dismissal of the Utah Complaint was the opportunity to stall a decision on Sun Optics's Motion for Preliminary Injunction by filing a motion to dismiss for lack of jurisdiction, which loss is not prejudicial to FGX. FGX has suffered no prejudice and this factor weighs in favor of denying FGX's motion to dismiss the case with prejudice.

### 3.    *Sun Optics Has No History of Dilatoriness*

FGX alleges no history of dilatoriness on the part of Sun Optics or its counsel. FGX does not allege that Sun Optics or its counsel have filed and dismissed numerous complaints. FGX does not allege Sun Optics or its counsel have removed any other case from before Judge Jenkins. Indeed, Sun Optics and its counsel have another case

currently pending before Judge Jenkins.  [*See* Nydegger Decl., at Exh. D.]  Absent even allegations that Sun Optics or its counsel have a history of judge shopping or other dilatoriness, this factor weighs against dismissing the Complaint with prejudice.

4.      *The Conduct of Sun Optics and Its Counsel Was Not in Bad Faith*

FGX points to no facts or evidence to show that Sun Optics's dismissal of the Utah Complaint and filing of the Delaware Complaint was done in bad faith.  The dismissal of the Utah Complaint was expressly allowed by Rule 41.  There was nothing improper in filing the Delaware Complaint.  Sun Optics and its counsel have simply exercised Sun Optics's rights under the Federal Rules of Civil Procedure.  There is no bad faith, and this factor weighs against dismissing the case with prejudice.

5.      *Sanctions Other than Dismissal with Prejudice Would Be Effective*

If the Court finds that Sun Optics or its counsel engaged in impermissible judge shopping, which the Court should not find, sanctions other than dismissal with prejudice would be effective.  Even in the cases cited by FGX the usual sanction for judge shopping is to transfer the case back to the judge first assigned to the case.  *See Fieger*, 1999 WL 717991 at *1 (case reassigned to first judge); *Smith*, 1985 WL 561 at *2 (same); *Zografos*, 225 F. Supp.2d at 1222 (dismissing amended complaint less drastic than dismissing the case, and parties could get a ruling on the merits raised in the dismissed amended complaint in another court where those claims were currently pending); *see also Olivia v. Sullivan*, 958 F.2d 272, 274 (reversing dismissal for failure to consider factors of "less drastic alternatives" and "lack of warning of imminent dismissal").  Given the facts of the present case, the less drastic sanction of transferring the case back to Judge Jenkins is an appropriate and effective alternative to dismissal

with prejudice.  Consequently, this factor weighs against dismissing the Complaint with prejudice.

### 6.    *Sun Optics's Claims Against FGX Are Meritorious*

Sun Optics's claims of patent infringement against FGX have substantial merit. "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards.  A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 691 F.2d at 657 (citations omitted).  FGX's accused products are a virtual copy of Sun Optics's patented designs.  If Sun Optics proves its allegations of patent infringement as alleged in the Complaint, Sun Optics would clearly be entitled to recovery against FGX.  Thus, Sun Optics's claims have merit and this factor weighs in favor of denying FGX's motion to dismiss the Complaint with prejudice.

### 7.    *The Balance of the Factors Weighs Against Dismissing the Complaint with Prejudice*

Each and every factor that the Court must consider in deciding whether to dismiss Sun Optics's Complaint with prejudice weighs in favor of Sun Optics, as set forth above. FGX has not pointed to any evidence to show that any of the factors weigh in favor of dismissing the Complaint with prejudice, and it should not be allowed to do so in its Reply brief.  Because each of the six factors weighs against dismissing the Complaint, FGX's Motion to Dismiss should respectfully be denied.

## V.    CONCLUSION

For the reasons set forth above, Sun Optics respectfully requests the Court to find that neither Sun Optics nor its counsel have engaged in judge shopping, and to deny

FGX's motion to dismiss the Complaint with prejudice.  If the Court finds that Sun Optics or its counsel engaged in judge shopping, the Court respectfully should transfer the case back to the District of Utah, not dismiss the Complaint with prejudice.

Respectfully submitted

**CONNOLLY BOVE LODGE & HUTZ, LLP**

By:    /s/ R. Eric Hutz
          R. Eric Hutz (#2702)
          The Nemours Building
          1007 N. Orange Street
          P. O. Box 2207
          Wilmington, DE 19899
          Telephone: (302) 658-9141
          *Attorneys for Plaintiff*
            *Sun Optics, Inc.*

**OF COUNSEL**:
Larry R. Laycock
Chad E. Nydegger
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff  Sun Optics, Inc.*

**DATE:** April 26, 2007

20

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SUN OPTICS, INC., a Utah Corporation,    )
                                         )
                 Plaintiff,              )
                                         )
        v.                               )
                                         )    Civil Action No.  1:07cv137 SLR
FGX INTERNATIONAL, INC., a Delaware      )
Corporation,                             )
                                         )
                 Defendant.              )
                                         )
                                         )

## CERTIFICATE OF SERVICE

I, R. Eric Hutz, hereby certify that on April 26, 2007, I caused to be electronically

filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to

the following counsel of record.

> Donald J. Detweiler, Esquire (I.D. 3087)
> Sandra G. M. Selzer, Esquire (I.D. 4283)
> **GREENBERG TRAURIG, LLP**
> The Nemours Building
> 1007 North Orange Street
> Suite 1200
> Wilmington, DE 19801
> *Attorneys for defendant*
> *FGX International, Inc.*

I further certify that on April 26, 2007, I caused a copy of the foregoing to be served by

hand delivery on the above-listed counsel of record.

/s/ R. Eric Hutz
R. Eric Hutz