IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FGX INTERNATIONAL INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 07-137-SLR <br><br> **Re: Docket Nos. 21, 22, 32** |

### FGX INTERNATIONAL INC.'S STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

**GREENBERG TRAURIG, LLP**
Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com4*

**GREENBERG TRAURIG, LLP**
Adam B. Landa (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
212-801-9200

- and -

Steven J. Wadyka, Jr. (admitted *pro hac vice*)
1750 Tysons Boulevard, 12th Floor
McLean, VA 22102
703-749-1300

*Attorneys for Defendant, FGX International, Inc*

Dated: April 27, 2007

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Sun Optics, Inc.'s ("Sun Optics" or "Plaintiff") initiated this patent infringement action on March 7, 2007 (the "Complaint").[1] On April 4, 2007, defendant FGX International, Inc. ("FGX") moved to dismiss the Complaint (the "Motion to Dismiss") (D.I. 12).[2] Thereafter, Plaintiff moved to amend the Complaint (the "Motion to Amend") (D.I. 32).

## STATEMENT IN OPPOSITION TO MOTION TO AMEND[3]

Although Federal Rule of Civil Procedure 15(a) allows courts to freely permit amendments to complaints as justice requires, the Court should deny Plaintiff's Motion to Amend. In support of its statement, FGX adopts and incorporates the arguments set forth in the Motion to Dismiss.[4] Specifically, as discussed in FGX's Motion to Dismiss, U.S. Patent Nos. D525,427 and D527,180 (the " '427 patent" and " '180 patent" respectively, and collectively, the "patents-in-suit") of the Complaint are, as a matter of law, invalid and unenforceable because (i) Plaintiff by its own admission placed the subject matter of the patents-in-suit on sale more than one year prior to applying for a patent thereupon; and (ii) Plaintiff failed to disclose to the PTO its own early sales activity, and it improperly attempted to claim to the benefit of an earlier filing date.[5] See Mot. Dismiss pp. 5-11. Furthermore, the circumstances surrounding Plaintiff's dismissal of the Utah action after assignment to the Honorable Bruce S. Jenkins, the same judge

---

[1] References to "Complaint" in the brief refer to the original Complaint in this action. (D.I. 1). References to the "Proposed Amended Complaint" are to the proposed complaint appended to Plaintiff's Amended Motion for Leave to File a First Amended Complaint (D.I. 32) as Exhibit A.

[2] See D.I. Nos. 12, 13.

[3] Unless otherwise stated herein, the factual background related to this objection is set forth in detail in the Motion to Dismiss, and the Declaration of Alec Taylor, FGX's chief executive officer (the "Taylor Decl.") filed on April 4, 2007 (D.I. 14), and is incorporated herein by reference.

[4] See D.I. Nos. 12, 13, 14, 15, 16.

[5] 35 U.S.C. § 102(b) provides that "[a] person shall be entitled to a patent unless ... the invention was ... on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b).

DEL-FS1\168139v05

that just recently ruled against Plaintiff's counsel in another unrelated patent infringement case, and the initiation of the Delaware action using nearly the exact complaint, lead only to the conclusion that Plaintiff is judge-shopping. Id. pp. 11-15.

The Proposed Amended Complaint does not remedy the deficiencies of the Complaint. In fact, the Proposed Amended Complaint is virtually identical to the Complaint except that it alleges infringement of an additional patent - U.S. Patent No. 7,188,739 (the "739 patent"). In view of the continuing defective nature of the Complaint, Plaintiff's own admissions concerning the invalidity of the 427 and 180 Patents, Plaintiff's improper judge-shopping, and other inequitable conduct, FGX requests that this Court grant FGX's Motion to Dismiss and deny Plaintiff's Motion to Amend.[6]

Dated: April 27, 2007

**GREENBERG TRAURIG, LLP**

_____
Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

- and -

Adam B. Landa (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
212-801-9200

- and -

---

[6] FGX reserves all rights to respond to the additional allegations asserted by the Plaintiff in the Proposed Amended Complaint.

Steven J. Wadyka, Jr. (admitted *pro hac vice*)
1750 Tysons Boulevard, 12th Floor
McLean, VA 22102
703-749-1300

*Attorneys for FGX International, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-137-SLR |
| ) | |
| FGX INTERNATIONAL INC., ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

    I, Sandra G. M. Selzer, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for FGX International, Inc. and hereby certify that on the 27th day of April 2007, I caused copies of the STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT to be served upon the parties listed below in the manned indicated.

*Via Hand Delivery*
R. Eric Hutz, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801

*Via First Class Mail U.S. Mail*
Larry R. Laycock
Chad E. Nydegger
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Dated: April 27, 2007

**GREENBERG TRAURIG, LLP**

*/s/ Sandra G.M. Selzer*
Sandra G. M. Selzer (I.D. # 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
selzers@gtlaw.com

*Attorneys for FGX International, Inc.*