IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-137-SLR |
| | ) | |
| FGX INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**GREENBERG TRAURIG, LLP**
Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

*Attorneys for FGX International, Inc*

**GREENBERG TRAURIG, LLP**
Adam B. Landa
200 Park Avenue
New York, NY 10166
212-801-9200

- and -

Steven J. Wadyka
1750 Tysons Boulevard, 12th Floor
McLean, VA 22102
703-749-1300

*Attorneys for Defendant,
FGX International, Inc.*

Dated: May 3, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

ARGUMENT ................................................................................................................1

   I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE PATENTS
AT ISSUE ARE INVALID .....................................................................................1

      A.   The Court May Treat FGX's Motion To Dismiss As A Motion For Summary
Judgment...............................................................................................................2

      B.   When The Undisputed Length Of The Rite Aid Contractual Relationship Is
Considered, The Complaint Establishes That The Design Patents Are Invalid .....................3

   II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT ENGAGED IN
IMPERMISSIBLE JUDGE SHOPPING...................................................................5

CONCLUSION...............................................................................................................7

i

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                          **Page**

*Disability Advocates and Counseling Group, Inc. v. Betancourt*,
   379 F. Supp. 2d 1343 (S.D. Fl. 2005)............................................................5

*Hernandez v. City of El Monte*,
   138 F.3d 393 (9th Cir. 1998) ..................................................................6

*In re BellSouth Corp.*,
   334 F.3d 941 (11th Cir. 2003) ................................................................5

*Rose v. Bartle*,
   871 F.2d 331 (3d Cir. 1989) ...................................................................3

*Ruth v. Purdue Pharma Co.*,
   225 F.R.D. 434 (S.D.N.Y. 2004) ...........................................................6

*Smith v. Mt. Sinai Hospital*,
   No. 84 Civ. 9111-CSH, 1985 WL 561 (S.D.N.Y. Apr. 22, 1985)............................6

**Federal Statutes**                                                                                       **Page**

35 U.S.C. § 102(b) (2002) .........................................................................4

**Federal Rules**                                                                                          **Page**

Fed. R. Civ. P. 12(b)(6) ........................................................................1, 3

Fed. R. Civ. P. 56.................................................................................2

**Other Authorities**                                                                                      **Page**

1 James R. Pratt, III & Bruce J. McKee, ATLA,
   *Litigating Tort Cases*, § 3:10 (2006) ........................................................6

Defendant FGX International, Inc. ("FGX") respectfully submits this memorandum of law in further support of its motion to dismiss the Complaint[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

## I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE PATENTS AT ISSUE ARE INVALID

Plaintiff's Complaint, and the motion papers attached thereto, establish that plaintiff's two asserted design patents (U.S. Patent Nos. D525,427 and D527,180 (the " '427 patent" and " '180 patent" respectively, and collectively, the "design patents")) are invalid because plaintiff offered them for sale more than one year before the patent applications were filed. Specifically, plaintiff claims that its design patents were part of its "Clear Tube" program. March 7, 2007 Declaration of Bruce Raile, D.I. 4, (hereinafter, "First Raile Decl."), ¶ 4. And that Sun Optics used the "Clear Tube" program to secure shelf space from Rite Aid that had been previously awarded to FGX. *Id.* According to plaintiff, this shelf space was taken from FGX before the end of 2006. First Raile Decl. ¶ 5. FGX and Rite Aid have confirmed that Sun Optics has had the same shelf space for more than four years -- long enough to invalidate the patents if the allegations in the Complaint are taken as true. April 4, 2007 Declaration of Jack Flynn, D.I. 15, (hereinafter, "Flynn Decl."), ¶ 4; April 4, 2007 Declaration of Donna Shuler, D.I. 27, (hereinafter, "Rite Aid Decl."), ¶ 5.

In response, plaintiff argues that the fatal defects in its patents cannot be addressed in a 12(b)(6) motion. As discussed in more detail below, the Federal Rules contemplate this situation where an undisputed fact outside the record is required to show that plaintiff cannot prevail, and

---

[1]    Plaintiff's Complaint, dated March 7, 2007 (the "Cplt.") is attached as Exhibit A to the Affirmation of Don Detweiler ("Detweiler Aff."), submitted with defendant's moving papers. (D.I. 16).

provide for the Court to treat the matter as one for summary judgment under Rule 56. Here, that fact, which plaintiff does not dispute, is found in the Rite Aid declaration. Rite Aid Decl. ¶ 5. With no material issue of fact, this case can be decided on FGX's motion.

As an alternative to its argument that this case cannot be resolved by this motion, plaintiff argues an alternate version of the facts that ignore and/or contradict its own prior declarations and the allegations in its Complaint. If the allegations in the Complaint are to be accepted as true, in view of the undisputed Rite Aid declaration, plaintiff's patents are invalid.[2]

### A.    The Court May Treat FGX's Motion To Dismiss As A Motion For Summary Judgment.

Plaintiff contends that the validity of its design patents is not an appropriate subject for a motion to dismiss, because it relies on "numerous facts" outside the Complaint. Plaintiff's Opposition To Defendant's Motion To Dismiss ("Opp.") at 7. There are not "numerous facts," but rather one fact, to which the plaintiff refers, namely the *length* of the contractual relationship between plaintiff and Rite Aid. *See* Rite Aid Decl. ¶ 5; Flynn Decl. ¶ 4; Cplt. ¶ 8. Notably, plaintiff alleges the *existence* of the contractual relationship, and relies upon the *existence* of contractual relationship (in its Complaint and its preliminary injunction motion) to establish irreparable injury. Plaintiff's Memorandum In Support Of Its Motion For A Preliminary Injunction ("PI Brief") at 12-14.

Provided that the Court does not exclude the FGX and Rite Aid declarations setting out the *length* of the contractual relationship,[3] FGX's motion is then treated as one for summary

---

[2]    If, on the other hand, plaintiff's *new* assertions are true, and the two design patents sued upon had nothing to do with the alleged Rite Aid award of shelf space, then plaintiff's application for a preliminary injunction is based upon false and/or misleading evidence, and plaintiff cannot show any irreparable injury.

[3]    Plaintiff does not dispute the length of the contractual relationship.

2

judgment. *See* Fed. R. Civ. Pro. 12(b); *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989).

Accordingly, whether treated as a motion to dismiss, or as one for summary judgment, the

Complaint cannot withstand FGX's challenge.

**B.    When The Undisputed Length Of The Rite Aid Contractual Relationship Is Considered, The Complaint Establishes That The Design Patents Are Invalid**

Plaintiff claims that "FGX points to nothing in the Complaint to establish that the

products sold to Rite Aid prior to the critical date were of the designs patented by the '427 and

'180 patents." Opp. at 7. Armed with the knowledge that plaintiff first contracted with Rite Aid

prior to May, 2003, however, (*see* Flynn Decl. ¶ 4), the Complaint itself establishes that the

Clear Tube program, which includes the patented products, put the products on sale prior to the

patents' critical dates. The Complaint states that:

> 7.    Sun Optics has created an entire merchandising program, called the Clear Tube program, based on *certain designs* of innovative reading glass cases that allow consumers to view the classes inside the cases. *Two such innovative designs* are the subject of U.S. Patent Nos. D525,427 and D527,180 … .

> 8.    … Apparently impressed by the Clear Tube program, Rite Aid took approximately 25% of the shelf space it had previously granted to Foster Grant, and awarded that space to Sun Optics.

Cplt. ¶¶ 7-8.

Rite Aid "took" the shelf space from FGX and gave it to plaintiff prior to May, 2003

(Rite Aid Decl. ¶¶ 3-5; Flynn Decl. ¶ 4), before the critical dates of the design patents.[4]

Memorandum Of Law In Support Of Defendant's Motion To Dismiss ("Moving Br.") at 5.

Plaintiff's allegation in the Complaint (which must be taken as true) means that the design

patents constitute two of the innovative designs in the Clear Tube program. Cplt. ¶ 7. In other

---

[4]  Plaintiff's CEO testified that plaintiff obtained the shelf space "a few months" before "late 2006." First Raile Decl., ¶ 5. FGX presumes that this was an inadvertent mischaracterization of the period that was more than several years, and was not intended to mislead the Court.

3

words, plaintiff's Complaint admits that the design patents were on sale prior to their critical dates, and they are thus invalid. *See* Moving Br. at 5-7; 35 U.S.C. § 102(b) (2002). The Complaint should be dismissed.

To avoid the on-sale bar of 35 U.S.C. § 102(b), plaintiff now claims that the products covered by its '427 and '180 patents were not sold to anyone until October 9, 2003. Opp. at 3.[5] Plaintiff states that the '427 and '180 patents claim designs that were "developed as an intentional contrast to the designs that were originally sold to Rite Aid." Opp. at 3. Apparently, when Rite Aid "took approximately 25% of the shelf space it had previously granted to Foster Grant, and awarded that space to Sun Optics," it was doing so on the basis of eyeglass cases that were "intentional[ly] contrasted" with the patents at issue in this case.

Plaintiff's new argument, however, is directly contrary to its arguments in its motion for a preliminary injunction. In support of its arguments in favor of obtaining a preliminary injunction, plaintiff relied extensively on its contract with Rite Aid, and obtaining it with the design patents -- lest, the Rite Aid contract would have no bearing on the preliminary injunction. Indeed, plaintiff argues that it obtained the Rite Aid contract due to its "innovative" Clear Tube program which includes "reading glass cases that are protected by the '427 and '180 patents." PI Brief at 2, 13.

Plaintiff's Complaint should be dismissed because the design patents are invalid under the on-sale bar of 35 U.S.C. § 102(b), and because the design patents are unenforceable for inequitable conduct before the PTO.

---

[5]    In the event that plaintiff's *later* declarations are accepted, and the allegations in the Complaint and its earlier declaration are disregarded, plaintiff cannot explained why the designs that it now alleges secured its contract with Rite Aid some time prior to May, 2003 should support its April, 2007 irreparable injury argument.

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT ENGAGED IN IMPERMISSIBLE JUDGE SHOPPING

"Every court considering" judge shopping has recognized it as a menace to the integrity of the judicial system, and a "threat to the orderly administration of justice." *In re BellSouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003). Plaintiff's *post-hoc* rationalizations for its actions should not be credited by the Court. The Complaint should be dismissed.

Plaintiff claims that it dismissed the Complaint it filed in Utah and re-filed the same Complaint a week later in Delaware "to avoid delay in obtaining a preliminary injunction against FGX." Opp. at 11. Plaintiff argues that FGX "might file a motion to dismiss for lack of personal jurisdiction," thus postponing a ruling on plaintiff's preliminary injunction motion. *Id.*

What plaintiff cannot explain is why it filed the Complaint in Utah.

Why would plaintiff have filed in Utah knowing that it lacked personal jurisdiction there?

What did plaintiff learn in the seven days between the Utah filing and the Delaware filing?

One thing plaintiff clearly learned was that the case was assigned to the Honorable Bruce S. Jenkins, who, as plaintiff does not deny, recently ruled against plaintiff's law firm in an unrelated patent infringement case. And there, just as here, plaintiff's law firm was representing a patentee. Here, however, plaintiff removed the case from Judge Jenkins' docket. Improper dismissal "cannot be countenanced." *Disability Advocates and Counseling Group, Inc. v. Betancourt*, 379 F. Supp. 2d 1343, 1366 (S.D. Fl. 2005).

Plaintiff contends that it filed the Utah Complaint knowing that it did not have personal jurisdiction as a means to secure a settlement from FGX. It dismissed the Utah Complaint "after *waiting a week in vain* for FGX to respond to [plaintiff's] invitation to explore an amicable resolution to [plaintiff's] claims." Opp. at 11. (Emphasis supplied.)

5

Plaintiff's contentions are not supported by the facts. FGX contacted plaintiff first, several months before this suit was brought, in attempt to avoid litigation. May 2, 2007 Declaration of Alec Taylor, filed contemporaneously herewith, ¶ 4. After not replying for several months, Plaintiff responded with the Utah lawsuit. *Id.* Plaintiff dismissed the Utah action seven days later, and now claims that it could not wait any longer for FGX's response. Further, plaintiff does not allege that it pursued a settlement by any other means, or even contacted FGX for settlement discussions. Plaintiff had no intention of discussing the matter or exploring resolution. Notably, plaintiff did not fax the Complaint to FGX, nor call to see if FGX planned to respond. Further, it is implausible to believe that plaintiff was not preparing and planning to file its action in this Court, and retaining local counsel, at least a day or two prior to filing.

Although plaintiff obviously will not admit to it, the objective evidence reveals that it engaged in judge shopping by using "the one 'free' dismissal permitted by Civil Rule 41(a) and then re-fil[ing] the same case on the hope of getting a 'better' judge the second time." 1 James R. Pratt, III & Bruce J. McKee, ATLA, *Litigating Tort Cases*, § 3:10 (2006).

A court faced with judge shopping has the authority to act to preserve the integrity and control of its docket by dismissing the case. *See* Moving Br. at 11-15. Plaintiff does not, and indeed cannot, challenge this settled law. "Judge-shopping clearly constitutes conduct which abuses the judicial process." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted). Because plaintiff has engaged in "narrow-gauge judge shopping," it should be sanctioned with dismissal of its Complaint. *Ruth v. Purdue Pharma Co.*, 225 F.R.D. 434, 435 (S.D.N.Y. 2004); *see also Smith v. Mt. Sinai Hospital*, No. 84 Civ. 9111-CSH, 1985 WL 561 (S.D.N.Y. Apr. 22, 1985).

## CONCLUSION

For all of the foregoing reasons, defendant FGX International, Inc. respectfully requests that the Court (i) grant its motion to dismiss the Complaint, and (ii) grant such other and further relief as the Court may deem just and proper.

DATE: May 3, 2007

GREENBERG TRAURIG, LLP

Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

- and -

Adam B. Landa
200 Park Avenue
New York, NY  10166
212-801-9200

- and -

Steven J. Wadyka
1750 Tysons Boulevard, 12th Floor
McLean, VA  22102
703-749-1300

*Attorneys for FGX International, Inc.*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUN OPTICS INC.,                         )
                                         )
       Plaintiff,                        )
                                         )
              v.                         )        C.A. No. 07-137-SLR
                                         )
FGX INTERNATIONAL INC.,                  )
                                         )
       Defendant.                        )

### CERTIFICATE OF SERVICE

I, Donald J. Detweiler, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for FGX International, Inc. and hereby certify that on the 3rd day of May 2007, I caused copies of the following to be served upon the parties listed below in the manned indicated.

- Memorandum of Law in Further Support of Defendant's Motion to Dismiss
- Declaration of Alec Taylor

*Via Hand Delivery*                      *Via U.S. Mail*
R. Eric Hutz, Esq.                       Larry R. Laycock
Connolly Bove Lodge & Hutz, LLP          Chad E. Nydegger
The Nemours Building                     Workman Nydegger
1007 North Orange Street                 1000 Eagle Gate Tower
Wilmington, Delaware 19801               60 East South Temple
                                         Salt Lake City, UT 84111


Dated: May 3, 2007                       GREENBERG TRAURIG, LLP



                                         Donald J. Detweiler (I.D. # 3087)
                                         The Nemours Building
                                         1007 North Orange Street, Suite 1200
                                         Wilmington, DE 19801
                                         302-661-7000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-137-SLR |
| | ) | |
| FGX INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **DECLARATION OF ALEC TAYLOR**

I, ALEC TAYLOR, state as follows:

1.    I am employed by FGX International, Inc. ("FGX"), the defendant in the above-captioned Action.  I have been employed continuously by FGX since October, 2005, and I serve as FGX's chief executive officer.

2.    I am fully familiar with the facts set forth herein, am authorized to make the statements herein on behalf of FGX, and respectfully submit this declaration in further support to FGX's motion to dismiss in *Sun Optics, Inc. v. FGX International, Inc.*, CV 07-137 (SLR).

3.    FGX designs and sells reading glasses, sun glasses, other eyewear products and accessories under 13 different brand names.  FGX's newest brand, Private Eyes, is the subject of this Action.

4.    FGX sent a sample of its Private Eyes brand eyeglass cases to plaintiff Sun Optics before this suit was brought, in attempt to preempt and avoid litigation.  Sun Optics responded several months later by suing FGX.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2, 2007.

_____
Alec Taylor