IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC., a Utah Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FGX INTERNATIONAL, INC., a Delaware ) <br> Corporation, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No.  1:07cv137 SLR |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

        **CONNOLLY BOVE LODGE & HUTZ, LLP**

        R. ERIC HUTZ (#2702)
        The Nemours Building
        1007 N. Orange Street
        P. O. Box 2702
        Wilmington, DE 19899
        Phone:  (302) 658-9141
        Fax: (302) 658-5614
        *Attorneys for Plaintiff*
            *SUN OPTICS, INC.*

<u>**OF COUNSEL**</u>
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Phone: (801) 533-9800

**DATE:** May 4, 2007

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. FGX Fails to Address the Standard for Deciding a Motion to Amend a Complaint ........................................................................................ 1

    B. FGX's Arguments for Dismissing the Original Complaint for Invalidity and Unenforceability of the '427 and '180 Patents Are Not Relevant to the Motion to Amend .................................................................. 2

    C. FGX's Arguments for Dismissing the Original Complaint for Judge Shopping Is Not Relevant to the Motion to Amend ................................. 3

III. CONCLUSION ............................................................................................................... 4

i

## TABLE OF AUTHORITIES

**Pages**

**CASES**

*Canon Computer Sys. Inc. v. Nu-Kote Int'l, Inc.,*
    134 F.3d 1085 (Fed. Cir. 1998)............................................................................2

*Foman v. Davis,*
    371 U.S. 178 (1962) ..............................................................................................1

**RULES AND STATUTES**

35 U.S.C. § 282........................................................................................................4

**I.     INTRODUCTION**

Sun Optics, Inc. ("Sun Optics") filed the present Motion for Leave to File a First Amended Complaint ("Motion to Amend") to add claims against FGX International, Inc. ("FGX") for infringement of U.S. Patent No. 7,188,739 (the "'739 patent"), which issued from the U.S. Patent and Trademark Office ("PTO") after the original Complaint was filed. In opposing the present Motion to Amend, FGX does not address any of the factors to be considered when deciding such motions. Instead, FGX simply incorporates by reference the arguments made by FGX in support of its motion to dismiss the original Complaint. These arguments are not proper grounds for denying the Motion to Amend, and are inapplicable to the claims for infringement of the '739 patent that Sun Optics's seeks to add via the First Amended Complaint. For these reasons, as set forth in detail below, the Motion to Amend should respectfully be granted.

**II.     ARGUMENT**

    **A.     FGX Fails to Address the Standard for Deciding a Motion to Amend a Complaint**

As set forth at pages 2-3 of Sun Optics's Memorandum in Support of Its Motion for Leave to File a First Amended Complaint ("Memorandum to Amend), [D.I. 22,] the Supreme Court has ruled that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In opposing Sun Optics's Motion to Amend, FGX does not allege or argue undue delay, bad faith, a dilatory motive, a repeated failure to cure deficiencies of the Complaint, or that the amendment would be futile. Because FGX concedes that none of the foregoing applies to the present case, the Motion to Amend should be granted.

### B. FGX's Arguments for Dismissing the Original Complaint for Invalidity and Unenforceability of the '427 and '180 Patents Are Not Relevant to the Motion to Amend

FGX opposes Sun Optics's Motion to Amend solely based on the arguments set forth in its Memorandum of Law in Support of Defendant's Motion to Dismiss ("Memorandum to Dismiss") [D.I. 13]. [Opposition, at p. 1.] These arguments, however, are not relevant to the standard set forth above regarding motions to amend or to Sun Optics's claims for infringement of the '739 patent that the Motion to Amend seeks to add to the case.

FGX argues that the Motion to Amend should be denied because the "Proposed Amended Complaint does not remedy the deficiencies of the Complaint." [Opposition, at p. 2.] These alleged "deficiencies" in the Complaint are of invalidity and unenforceability of U.S. Patent Nos. D525,427 and D527,180 (the "'427 patent" and "'180 patent" respectively). [*Id.* at 1.] Invalidity and unenforceability of a patent are not "deficiencies" in the Complaint. FGX's arguments are based on assertions made by FGX *outside* of the Complaint. [*See* Memorandum to Dismiss, at p. 5-15.]

The '427 and '180 patents are presumed to be valid, and nothing in the Complaint or First Amended Complaint establishes otherwise. *See* 35 U.S.C. § 282; *Canon Computer Sys. Inc. v. Nu-Kote Int'l, Inc.,* 134 F.3d 1085, 1088 (Fed. Cir. 1998). Consequently, there is no "deficiency" in the Complaint or First Amended Complaint that renders the '427 and/or the '180 patents invalid. Further, FGX's allegations of invalidity and unenforceability of the '427 and '180 have been dispelled at pages 3-8 of Sun Optics's Reply Memorandum in Support of Its Motion for a Preliminary Injunction [D.I. 29,] incorporated herein by reference.

Finally, these arguments by FGX concerning the '427 and '180 patents are irrelevant to the validity and enforceability of the '739 patent, which is the basis of Sun Optics's amendments to the original Complaint. Thus, even if the claims of the '427 and

2

'180 patents were invalid or unenforceable, which they are not, the claims of the '739 patent are both valid and enforceable. Indeed, FGX has not opposed the present Motion to Amend on grounds that the claims of the '739 patent are invalid and unenforceable. Consequently, FGX's arguments concerning the '427 and '180 patents have no bearing on whether Sun Optics's claims against FGX for infringement of the '739 patent should be added to the case.

### C. FGX's Arguments for Dismissing the Original Complaint for Judge Shopping Is Not Relevant to the Motion to Amend

Similar to its arguments of invalidity and unenforceability, FGX's arguments based on alleged "judge shopping" are also irrelevant to the present Motion to Amend. FGX argues that the Motion to Amend should be denied because Sun Optics has allegedly engaged in improper "judge shopping." [Opposition, at pp. 2-3.] Sun Optics, however, has addressed these allegations of judge shopping at pages 12-22 of its Opposition to Defendant's Motion to Dismiss [D.I. 34,] incorporated herein by reference. Because Sun Optics has not impermissibly "shopped" for a judge, this argument should be rejected.

Further, FGX's allegations of judge shopping are not relevant to Sun Optics's claims against FGX for infringement of the '739 patent that the present Motion to Amend seeks to add to this case. Sun Optics's claims of infringement of the '739 patent have never been raised before any other judge. Because this is the first time these claims have been brought against FGX, it is nonsensical to argue that Sun Optics has "shopped" for a judge before which to bring these claims. FGX's argument that Sun Optics's claims of infringement of the '739 patent should not be added to this lawsuit should be rejected, and the Motion to Amend should respectfully be granted.

3

### III. CONCLUSION

Based on the foregoing, and the additional reasons set forth in its opening brief, Sun Optics respectfully requests the Court to grant Sun Optics's Motion to Amend and order the clerk of the Court to enter the First Amended Complaint.

Respectfully submitted

**CONNOLLY BOVE LODGE & HUTZ, LLP**

By:  /s/ R. Eric Hutz
R. Eric Hutz (#2702)
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
*Attorneys for Plaintiff*
  *Sun Optics, Inc.*

**OF COUNSEL**:
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff  SUN OPTICS, INC.*

**DATE:** May 4, 2007

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC. <br> a Utah Corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No.07-137 (SLR) |
| v. | ) <br> ) <br> ) | |
| FGX INTERNATIONAL, INC., <br> a Delaware Corporation, | ) <br> ) <br> ) | **CERTIFICATE OF SERVICE** |
| Defendant. | ) | |

    I, R. Eric Hutz, hereby certify that on May 4, 2007, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Donald J. Detweiler, Esquire
>Sandra G. M. Selzer, Esquire
>**GREENBERG TRAURIG, LLP**
>The Nemours Building
>1007 North Orange Street, Suite 1200
>Wilmington, DE 19801
>*Attorney for Defendant*
>  *FGX International Inc.*

I further certify that on May 4, 2007, I caused a copy of the foregoing to be served by hand delivery on the above-listed counsel of record and the following counsel in the manner indicated:

| | |
|---|---|
| **FIRST-CLASS U.S. MAIL** <br> Adam B. Landa, Esquire <br> **GREENBERG TRAURIG, LLP** <br> 200 Park Avenue <br> New York, NY 10166 | **FIRST-CLASS U.S. MAIL** <br> Steven J. Wadyka, Jr., Esquire <br> **GREENBERG TRAURIG, LLP** <br> 1750 Tysons Boulevard, 12th Floor <br> McLean, VA 22102 |

                                                      */s/ R. Eric Hutz*

531648_1