IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FGX INTERNATIONAL INC.,<br><br>Defendant. | C.A. No. 07-137-SLR<br><br>**Re: Docket Nos. 48, 49** |

**FGX INTERNATIONAL INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EVIDENCE ARISING AFTER ORAL ARGUMENTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant FGX International Inc. ("FGX"), by and through its undersigned counsel, Greenberg Traurig, LLP, hereby files its opposition (the "Opposition") to plaintiff Sun Optics, Inc.'s ("Plaintiff") July 5, 2007 Motion for Leave to File Evidence Arising After Oral Argument in Support of Plaintiff's Motion for Preliminary Injunction[1] (the "Motion") (D.I. 48).[2]

---

[1] Plaintiff has two separate pending motions for preliminary injunction. Plaintiff's moving papers do not specify which of their two pending motions the evidence purportedly concerns. As discussed below, the proffered evidence does not appear to support either of plaintiff's pending motions.

[2] Together with its Motion, Plaintiff filed a Rule 7.1.1 Disclosure Statement (D.I. 48-3), which states that "on July 5, 2007, Chad E. Nydegger, Esq., spoke with Adam Landa, Esq., and sought defendant's consent to the relief sought in the motion" and that "Mr. Landa advised Mr. Nydegger that the defendants were unable to consent at the time." While this disclosure *may* be considered technically accurate, it is incomplete, and the discussion does not meet the spirit of Rule 7.1.1. Mr. Nydegger first called Mr. Landa shortly after 4:30 pm EST on Thursday night, July 5, 2007 (the night the motion was filed). Mr. Landa answered the call, but indicated that he could not speak and would have to call Mr. Nydegger back at about 5 pm, after Mr. Landa's ongoing telephone conference. Mr. Landa returned Mr. Nydegger's call moments after 5 pm. Mr. Nydegger said that Plaintiff intended to submit additional evidence, and sought FGX's consent. Mr. Nydegger had not yet provided the evidence. During the call, Mr. Landa requested that Mr. Nydegger provide the evidence and told Mr. Nydegger that due to the holiday week schedule, the decision-makers at FGX were unavailable until Monday, thus, FGX could not respond until then. Plaintiff's filing this non-emergency motion at 6:14 p.m. Thursday evening without further communication does not constitute the reasonable effort to reach agreement required by Rule 7.1.1.

By its Motion, Plaintiff seeks to reopen the record on fully briefed and argued motions and requests that the Court consider *two* additional documents that Plaintiff alleges support its irreparable harm argument. Plaintiff's Motion should be denied as:

a. The magazine advertisings that Plaintiff seeks to introduce, as Exhibit A, are consistent with all of the evidence already presented to the Court in the briefing, and at the May 18, 2007 oral argument, and do not serve to refute FGX's argument that "the accused products do not compete directly with [the] patented products." Motion at 1. Moreover, Plaintiff fails to explain which of its "patented products" are the subject of the purported competition; and

b The alleged photograph of a CVS display that Plaintiff seeks to introduce, as Exhibit B, does not "refute[] FGX's representations and arguments that FGX did not use a clear tube product to undermine [plaintiff's] attempt to sell is [sic, its] patented product to CVS." Motion at 1. As argued, and briefed for the Court, Plaintiff does not have a monopoly on "clear tubes" – rather, they have three specific patents at issue in this case. The FGX product, which is the subject of the photograph is not a product which is the subject any claim of infringement.. The product shown in Exhibit B is precisely in conformity with FGX's representation to the Court, and quoted at the bottom of page 2 of Plaintiff's Notice of Evidence: "FGX sells CVS 'lots of readers ... and we do it in all kinds of cases that are not at issue in this case.'" [Citations omitted.]

In further support of its Opposition, FGX respectfully states as follows:

## ARGUMENT

Plaintiff has placed at issue in this case two design patents. Representative figures from each of the two design patents are shown below:



DEL 86187948v3



In addition to the design patents, Plaintiff has also placed at issue a utility that covers a particular eyeglass display. A representative figure from the utility patent is reproduced below:



## A. EXHIBIT "A" IS NOT RELEVANT TO THIS MATTER AND ADDS NOTHING TO THE BODY OF EVIDENCE BEFORE THE COURT

Plaintiff's Exhibit A which consists of several pages from the June 18, 2007 edition of *Vision Monday* is not relevant and does not add to the body of evidence currently before the Court for consideration. Plaintiff argues that Exhibit A "refutes FGX's arguments and allegations" that the accused products do not compete directly with Plaintiff's patented product. Motion at 1. Plaintiff is incorrect.

### FGX's Advertising

From the beginning, FGX has argued that its Private Eyes brand is sold to eye care professionals. The Private Eyes advertising states as much: "THE PERFECT READER PROGRAM FOR THE EYE CARE PROFESSIONAL." Accordingly, Exhibit A does not refute, but rather confirms FGX's position.

In addition, FGX's advertising does not show the design accused of infringing Plaintiff's design patents – albeit, a small portion of half an eyeglass case is shown in the lower right-hand corner of the ad. Since no cover is present at all, there is no basis to argue that the pictured half-case infringes Plaintiff's design patents. Even the Plaintiff would have to admit that this half-case avoids infringement.[3]

Moreover, Private Eyes is a *brand*, not a *product*. The accused eyeglass case is only one of the cases used in the Private Eyes brand – other Private Eyes eyeglass cases (and the Private Eyes frames featured in the advertisement) are not accused. Thus, Plaintiff's underlying assumption that simply advertising the Private Eyes brand infringes its design patent rights or causes the type of harm protected under the patent laws is wrong.

---

3 *See*, Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction, page 11 (D.I. 3); '180 patent (D.I. 1-2); '427 patent (D.I. 1-4).

**Plaintiff's Advertising**

The Plaintiff's I.LINE advertising is not relevant to the design patent issues because the ad shows Plaintiff's eyeglass cases that are not the subject of the limited protection available to the design patents-in-suit.[4] Indeed, in its Motion and Notice of Evidence, Plaintiff conspicuously failed to allege that the products in its advertising were relevant to any of the patents in suit.[5] Moreover, Plaintiff offers no evidence that its advertising is directed to eye care professionals. The Plaintiff simply argues that competition exists between the Plaintiff, as one eyeglass maker, and FGX as another. There is no patent-related harm from such competition.

**Competition**

Plaintiff asserts that the above-discussed advertisings show that "FGX is using [Plaintiff's] patented designs and inventions against [Plaintiff] ... ."[6] Plaintiff's assertion is not correct. The advertisings show only that FGX advertised its Private Eyes brand, and Plaintiff advertised its I.LINE brand in *Vision Monday* on June 18, 2007.[7] Exhibit A does not show infringing products, nor does it evidence irreparable harm. Allowing Plaintiff to supplement the record with Exhibit A would only add irrelevant and cumulative evidence to the record already before the Court. Accordingly, Plaintiff's motion to supplement the record with Exhibit A should be denied.

---

4 Compare the flat, clear-topped cases shown in Plaintiff's advertising with the contrasting capped, domed invention in the design patent. *See also* May 18, 2007 Transcript of Oral Argument 83:21-84:11.

5 On page 1 of its Notice of Evidence, plaintiff characterizes its advertising as for plaintiff's "products sold in its patented display system." The products sold in plaintiff's purportedly patented "display system" are plaintiff's unpatented eyeglasses or unpatented eyeglass cases.

6 Notice of Evidence at 1.

7 Notably, although FGX's advertising is directed to eye care professionals, Plaintiff's advertisement is not.

## B. EXHIBIT "B" IS NOT RELEVANT TO THIS MATTER AND ADDS NOTHING TO THE BODY OF EVIDENCE BEFORE THE COURT

Plaintiff's Exhibit B, a photograph of a Foster Grant reading glasses display allegedly taken in a CVS store, is not relevant and does not add to the body of evidence currently before the Court for consideration. Plaintiff argues the photograph "refutes FGX's representations and arguments that FGX did not use a clear tube product to undermine [Plaintiff's] attempt to sell is [sic, its] patented product to CVS." Notice of Evidence at 2. This is not correct.

First, Magnivision, Inc., which FGX acquired in 2004, has been selling reading glasses to CVS for many years; thus, this business relationship predates the patents-in-suit. July 18, 2007 Declaration of Alec Taylor ("Taylor Decl."), ¶¶ 3-4. Moreover, as stated in open Court, and quoted at the bottom of page 2 of Plaintiff's Notice of Evidence: "FGX sells CVS 'lots of readers ... and we do it in all kinds of cases that are not at issue in this case.'"[8] The FGX products pictured are not accused in this case. *See, e.g.,* Taylor Decl. ¶ 5, Exhibit 1, a physical sample of one of the Foster Grant eyeglass cases pictured in Plaintiff's Exhibit B; *c.f.* Taylor Decl. ¶ 6, Exhibits 2 and 3, samples of the eyeglass cases accused of infringing Plaintiff's design patents, U.S. Patent Nos. D525,427 and D527,180 respectively.

Despite Plaintiff's implied arguments, its patents do not cover all "clear tube" eyeglass cases. Notably, Plaintiff has not alleged that the pictured Foster Grant eyeglass cases infringe any patent in this suit.[9] Instead, in Plaintiff's Notice of Evidence, Plaintiff states: "FGX used a clear tube product merchandised substantially vertically ... to undermine Sun Optic's attempts to

---

[8] May 18, 2007 Transcript at 62:2-63:25.

[9] Plaintiff's motion papers contain no allegation that the Foster Grant eyeglass case in Exhibit B infringe any of the three patents-in-suit, and any such allegation would be frivolous.

sell its patented products to CVS … ."[10] In other words, the substance of Plaintiff argument is that ***CVS selected FGX's unpatented product instead of Plaintiff's patented one***. Such selection, if it indeed happened, is the result of competition – no compensable harm, irreparable or otherwise, flows from such an event.

FGX manufactures and sells many eyewear products, not just the few accused by Plaintiff in its Complaint (D.I. 1) and motions for preliminary injunction (D.I. 2, 23). April 27, 2007 Declaration of Alec Taylor Decl. ¶ 3 (D.I. 39). Plaintiff cannot preclude FGX from competing by sale of the non-infringing products shown in Exhibit B. Accordingly, Plaintiff's motion to supplement the record with Exhibit B should be denied.

## C. EXHIBITS "A" AND "B" DO NOT ESTABLISH IRREPARABLE HARM

Without pointing to specific identifiable harm or threats of harm, and without legal authority, Plaintiff claims: "[n]o monetary value can be attached to [distributor and retail customer] relationships." Notice of Evidence at 2. This is not correct.

Courts faced with nearly identical allegations find money damages adequate. *Pergo, Inc. v. Faus Group, Inc.*, 401 F.Supp.2d 515, 528 (E.D.N.C. 2005) (finding loss of potential customer to alleged infringer not irreparable harm despite allegation that "once a competitor has developed a distribution channel and a relationship with a given retail outlet for a given product, it is difficult to compete for that outlet's business").

Exhibits A and B are at best tangential to the accused products. Nothing in Exhibit A or Exhibit B establishes that Plaintiff suffered harm, much less irreparable harm, through FGX's sales of *accused products*. Moreover, despite being provided ample opportunity at oral argument

---

[10] *See*, Notice of Evidence Arising After Oral Arguments in Support of Plaintiff's Motions for Preliminary Injunction ("Notice") at 2 (D.I. 48-5).

and now taking this opportunity to argue additional evidence, Plaintiff has not responded to the critical question posed by this Court: "what specific distributors or clients [Plaintiff has] versus what the defendant has at this point and what market [Plaintiff thinks it's] being excluded from based on the patented design."[11] May 18, 2007 Transcript at 73:16-19. Plaintiff's failure to name even a single client or distributor should be decisive. Accordingly, Plaintiff's Motion should be denied.

## CONCLUSION

For all of the foregoing reasons, FGX respectfully requests that this Court enter an Order denying Plaintiff's Motion and granting such other and further relief as this Court deems just and proper.

Dated: July 19, 2007

**GREENBERG TRAURIG, LLP**

Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. # 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

-and-

[11] To the extent that the plaintiff alleges that it is "being excluded from [CVS] based on the patented design," it is wrong. There is no allegation (nor could there be such an allegation) that the FGX eyeglass cases and display shown in Exhibit B are covered by the patents at issue.

Adam B. Landa (*pro hac vice*)
Rachel Izower (*pro hac vice*)
200 Park Avenue
New York, NY 10166
212-801-9200
*landaa@gtlaw.com*
*izowerr@gtlaw.com*
*Attorneys for Defendant FGX International Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-137-SLR |
| FGX INTERNATIONAL INC., | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Sandra G. M. Selzer, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for FGX International, Inc. and hereby certify that on the 19th day of July 2007, I caused copies of the following to be served upon the parties listed below in the manned indicated.

- Opposition to Plaintiff's Motion for leave to File Evidence Arising After Oral Arguments in Support of Plaintiff's Motion for Preliminary Injunction [Docket No. 49]
- Declaration of Alec Taylor [Docket No. 50]

***Via Hand Delivery***
R. Eric Hutz, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801

***Via U.S. Mail***
Chad E. Nydegger
Larry R. Laycock
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Dated: July 19, 2007

**GREENBERG TRAURIG, LLP**

Sandra G. M. Selzer (No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000