IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SUN OPTICS, INC.,                          )
                                           )
          Plaintiff,                       )
                                           )
          v.                               )          C.A. No. 07-137-SLR
                                           )
FGX INTERNATIONAL, INC.,                   )
                                           )
          Defendant.                       )

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE**

**GREENBERG TRAURIG, LLP**
Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

*Attorneys for FGX International, Inc.*

DATE:     August 1, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................... 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I.    NEW ALLEGATIONS IN PLAINTIFF'S REPLY BRIEF SHOULD BE STRUCK ........... 2

    A.    The Moving Party Shall Not Reserve Materials For The Reply Brief Which Should Have Been Included In A Full And Fair Opening Brief ............................ 3

    B.    Plaintiff's Allegation That The CVS Display Infringes Its '739 Patent Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief. .................................................................................................. 4

    C.    Plaintiff's Arguments Concerning Irreparable Harm Stemming From Alleged Infringement Of The '739 Patent Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief. ........................... 5

    D.    Plaintiff's Arguments Representing The Relevance Of The Advertised Products in *Vision Monday* Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief. ............................................................. 5

    E.    The Raile Declaration And The Arguments Supported Thereby Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief. .................................................................................................................... 6

CONCLUSION ............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Federal Cases**

**Page**

*Boston Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308 (D. Del. 2006) ...................... 1, 3, 5

*Watkins v. New Castle Co.*, 374 F. Supp. 2d 379 (D. Del. 2005) ................................................ 3, 6

Defendant FGX International, Inc. ("FGX") respectfully submits this memorandum of law in support of its motion to strike portions of Sun Optics, Inc.'s ("plaintiff") Reply In Support Of Motion For Leave To File Evidence Arising After Oral Arguments In Support Of Plaintiff's Motions For Preliminary Injunction (D.I. 52, "Reply Brief") and the Declaration of Bruce Raile (D.I. 53, "Raile Declaration") pursuant to D. Del. Local Rule 7.1.3. In its Reply Brief, plaintiff raises, for the first time, matters that should have been included in a full and fair opening brief.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff initiated the present action for infringement of two design patents by its Complaint filed March 8, 2007.[1] Since commencement of this action, plaintiff has sought: (i) a preliminary injunction on its two design patents (D.I. 2); (ii) to amend the Complaint to add allegations of infringement for a utility patent (D.I. 21); and (iii) a preliminary injunction on its utility patent (D.I. 23).[2] The Court heard oral arguments on these motions on May 18, 2007.

On July 5, 2007, plaintiff filed its Motion For Leave To File Evidence Arising After Oral Arguments In Support Of Plaintiff's Motions For Preliminary Injunction (D.I. 48, "Opening Brief"). FGX opposed plaintiff's motion, (D.I. 49, "Opposing Brief"), and plaintiff filed its Reply Brief.

## SUMMARY OF ARGUMENT

I.      FGX moves the Court to strike plaintiff's Reply Brief and the Raile Declaration to the extent it contains material that should have been included in a full and fair opening brief. D. Del. Local Rule 7.1.3; *Boston Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006).

---

[1]   This action was filed upon the March 8, 2007 dismissal of a substantially identical action filed in Utah on February 28, 2007.

[2]   In addition to the plaintiff's pending motions, on April 4, 2007, FGX filed a motion to dismiss the present action.

<u>ARGUMENT</u>

## I.   NEW ALLEGATIONS IN PLAINTIFF'S REPLY BRIEF SHOULD BE STRUCK

In support of its motion for leave to file supplemental evidence, plaintiff submitted a two page Opening Brief. The Opening Brief argued that the evidence sought to be introduced "contradicted" several positions taken by FGX.

FGX's Opposing Brief pointed out that plaintiff's Opening Brief:

- "failed to allege that the products in the advertising were relevant to any of the patents in suit" (Opposing Brief at 5);

- "has not alleged that the pictured Foster Grant eyeglass cases [shown in the purported CVS picture] infringe any patent in this suit" (Opposing Brief at 6); and

- "has not responded to the critical question posed by this Court: "what specific distributors or client [plaintiff has] versus what the defendant has at this point and what market [plaintiff thinks it's being excluded from based on the patented design"" (Opposing Brief at 8.)

Plaintiff's Reply Brief ***does not*** argue that these matters were presented in the Opening Brief – rather, the Reply Brief, and the third declaration of Bruce Raile filed therewith, presents for the first time evidence and argument purportedly concerning these matters. The evidence and argument should have been raised in a full and fair Opening Brief, permitting FGX an opportunity to respond. By raising these crucial matters for the first time in its Reply Brief, plaintiff has denied FGX a fair opportunity to respond to them, and acted contrary to D. Del. Local Rule 7.1.3. Accordingly, the portions of plaintiff's Reply Brief that address the above-listed matters should be stricken.[3]

---

[3]   Exhibit 1 attached hereto contains a copy of the Reply Brief with each of the offending arguments indicated by interlineations. FGX seek to have the Reply Brief stricken in conformity with Exhibit 1.

**A.    The Moving Party Shall Not Reserve Materials For The Reply Brief Which Should Have Been Included In A Full And Fair Opening Brief**

The District Court of Delaware's Local Rule 7.1.3 states, in pertinent part, that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief...." D. Del. LR 7.1.3(c)(2).  Arguments made in a reply brief that, as here, are not offered in the opening brief, are stricken. *Boston Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006) (Robinson, J.) (refusing to consider arguments where a particular contention was not raised the moving party's opening brief); *see also Watkins v. New Castle Co.*, 374 F. Supp. 2d 379, 394 (D. Del. 2005) (refusing to consider a report included in reply brief because it was not offered in the moving brief, in violation of LR 7.1.3(c)(2)).  Plaintiff's actions here warrant striking those portions of its Reply Brief that impermissibly attempt to offer arguments that should have been included in a "full and fair opening brief." D. Del. LR 7.1.3(c)(2).

Plaintiff's Moving Brief consisted of a two page memorandum.  Nowhere in the Moving Brief did plaintiff allege which of the three patents it has asserted in this Action the exhibits related to.  Nowhere in the Moving Brief did plaintiff claim that the products in the exhibits infringed the (unnamed) patents.  Finally, the Moving Brief did not attempt to offer the July 25, 2007 declaration from Bruce Raile.  These facts necessitate striking portions of plaintiff's Reply Brief and the Raile Declaration.

Plaintiff's two page Opening Brief was limited to alleging that FGX's accused products "compete directly with Sun Optics's patented products." Moving Brief at 1.  The Opening Brief failed to:

- "allege that the products in the advertising were relevant to any of the patents in suit" (Opposing Brief at 5);

- "allege[] that the pictured Foster Grant eyeglass cases [shown in the purported CVS picture] infringe any patent in this suit" (Opposing Brief at 6); and

- "respond[] to the critical question posed by this Court[, namely]: "what specific distributors or client [plaintiff has] versus what the defendant has at this point and what market [plaintiff thinks it's being excluded from based on the patented design"" (Opposing Brief at 8.)

**B.    Plaintiff's Allegation That The CVS Display Infringes Its '739 Patent Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief.**

Plaintiff's Opening Brief lacked any allegation that the Foster Grant eyeglass cases shown in the purported CVS picture infringes any patent in suit. Plaintiff reserved for the Reply Brief both the *identification* of which of the three patents-in-suit plaintiff alleged to be infringed and *its theory* of that infringement. Indeed, in the Reply Brief, plaintiff, for the first time, set out a pictorial claim chart.[4]  A full and fair opening brief would have contained such an allegation, permitting FGX an opportunity to respond.

Plaintiff does not argue that the allegation was made in its Opening Brief. Rather, it simply makes its argument in the Reply Brief. Asserting these arguments in reply violates LR 7.1.3(c)(2), and deprives FGX of an opportunity to respond.

Moreover, in its Reply Brief, plaintiff attempts to shift the burden to FGX, stating: "FGX does not identify any element [*sic*] of the claims of the '739 patent that are not present in its CVS display." (Reply Brief at 5). Plaintiff's failure to allege infringement in the Opening Brief, however, is fatal to its argument because there was no allegation to which FGX could respond.

There is no proper reason that plaintiff reserved its infringement allegations for the Reply Brief. Accordingly, the allegations concerning infringement of the '739 patent in the Reply Brief should be stricken. *See, e.g., Boston Sci. Scimed, Inc.*, 434 F. Supp. 2d at 314.

---

[4]    Had the claim chart been presented in the Opening Brief, FGX would have had an opportunity in its Opposing Brief to show the Court why plaintiff's claim of infringement lacks any merit.

C.    **Plaintiff's Arguments Concerning Irreparable Harm Stemming From Alleged Infringement Of The '739 Patent Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief.**

Plaintiff argues in its Reply Brief that irreparable harm will results from the CVS display because, according to plaintiff, it infringes the '739 patent. (Reply Brief at 7-11). Plaintiff's argument, however, was not made in the opening brief, and is based entirely upon plaintiff's new allegation, raised for the first time in its Reply Brief, that the CVS display infringes the '739 patent (*see* § B above.)

Plaintiff's allegation concerning the CVS display's infringement, and any resulting harm, should have been included in a full and fair opening brief. They were not, and thus, FGX could not respond.

Because there is no proper reason that plaintiff reserved its infringement allegations, and thus its allegations of irreparable harm for the Reply Brief, the allegations concerning irreparable harm due to infringement of the '739 patent should be stricken. *See, e.g., id.*

D.    **Plaintiff's Arguments Representing The Relevance Of The Advertised Products in *Vision Monday* Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief.**

Plaintiff's Reply Brief argues that FGX's advertisement in *Vision Monday* is relevant because it displays part of the designs in *either* the '427 patent or the '180 patent (Reply Brief 2-3), while plaintiff's advertisement in *Vision Monday* is relevant because it displays products covered by its '739 patent (Reply Brief at 3-4). These allegations were not raised in the Opening Brief,[5] but should have been raised as part of a full and fair opening brief to permit FGX an

---

[5]    To the extent plaintiff argues in the Reply Brief that the lower right-hand corner of plaintiff's advertising shows the plaintiff's patent number, the Reply Brief is not correct. As filed, and thus as provided to FGX's counsel via ECF, no patent number is legible. For the purpose of this brief, the text in

opportunity to respond.  Plaintiff's election to reserve this material for its Reply Brief merits that it be stricken.

> ### E.     The Raile Declaration And The Arguments Supported Thereby Should Have Been Raised In A Full And Fair Opening Brief, And Should Be Stricken From The Reply Brief.

Finally, plaintiff attempts to supplement the record before the Court by offering what is now the third declaration of its president and CEO, Bruce Raile.  The latest declaration of Bruce Rail is offered in support of plaintiff's arguments of irreparable harm, however, it should have been included in a full and fair opening brief.  Plaintiff has offered no explanation for the late-production of this declaration.  Indeed, plaintiff does not argue that this information was unavailable at the May 18, 2007 hearing, or previously during the briefing on the preliminary injunction motions.  Even were this information previously unavailable, plaintiff should have provided it in a full and fair opening brief.  Reserving this declaration and the arguments it supports for reply warrants its being stricken. *See Watkins*, 374 F. Supp. 2d at 394 (refusing to consider a report included in reply brief because it was not offered in the moving brief, in violation of LR 7.1.3(c)(2)).

---

the lower right-hand corner of the plaintiff's advertising is reproduced:  [illegible] .  Even when

**PATENT NO. [illegible]**

enlarged to 400%, the text is not legible:

FGX lacked sufficient notice of plaintiff's allegations to permit it to respond.

## CONCLUSION

For all of the foregoing reasons, defendant FGX International, Inc. respectfully requests that the Court (i) grant its motion to strike portions of the Reply Brief and the Raile Declaration, and (ii) grant such other and further relief as the Court may deem just and proper.

GREENBERG TRAURIG, LLP

Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000
*detweilerd@gtlaw.com*
*selzers@gtlaw.com*

*Attorneys for FGX International, Inc.*

DATE: August 1, 2007

*DEL 86189700v1 8/1/2007*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUN OPTICS, INC., a Utah Corporation,       )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )
                                            )
FGX INTERNATIONAL, INC., a Delaware         )       Civil Action No.  1:07cv137 SLR
Corporation,                                )
                                            )
                Defendant.                  )
                                            )
                                            )

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE EVIDENCE
ARISING AFTER ORAL ARGUMENTS IN SUPPORT OF PLAINTIFF'S
MOTIONS FOR PRELIMINARY INJUNCTION**

**CONNOLLY BOVE LODGE & HUTZ LLP**
R. ERIC HUTZ (#2702)
FRANCIS DIGIOVANNI (#3189)
The Nemours Building
1007 N. Orange Street
P. O. Box 2702
Wilmington, DE 19899
Phone:  (302) 658-9141
Fax: (302) 658-5614
*Attorneys for Plaintiff*
        *SUN OPTICS, INC.*

**OF COUNSEL**
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Phone: (801) 533-9800

**DATE:** July 26, 2007

## TABLE OF CONTENTS

**Pages**

I.  INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................. 2

    A.  The Advertisements in *Vision Monday* Are Relevant ............................... 2

        1.  FGX's Advertisement in *Vision Monday* Is Relevant Because It Advertises Accused Products .......................................... 2

        2.  Sun Optics's Advertisement in *Vision Monday* Is Relevant Because It Is for Its Patented Products ........................................... 3

        3.  The Advertisements in *Vision Monday* Are Relevant Because They Contradict FGX's Previous Representations to the Court ............................................................................................. 4

    B.  The Photograph of FGX's Reading Glass Display in CVS Are Relevant Because These Products Infringe the '739 Patent ..................... 5

    C.  The *Vision Monday* Advertisements and Photograph of FGX's Reading Glass Display in CVS Are Evidence of Irreparable Harm ..................... 7

III. CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

*Pergo, Inc. v. Faus Group, Inc.*, 401 F. Supp.2d 515 (E.D.N.C. 2005) ...........................8

## I.      INTRODUCTION

Sun Optics, Inc. ("Sun Optics") filed the present Motion for Leave to File Evidence Arising after Oral Arguments in Support of Plaintiff's Motions for Preliminary Injunction ("Motion to Supplement") to supplement the record with new evidence pertinent to Sun Optics's two motions to preliminarily enjoin FGX International Inc. ("FGX") from continuing to infringe Sun Optics's U.S. Patent Nos. D525,427, D527,180 and 7,188,739 (the "'427 patent," "'180 patent" and "'739 patent" respectively).[1] The new evidence consists of 1) pages from the optical trade magazine *Vision Monday* depicting competing advertisements of FGX's infringing products and Sun Optics's patented products, and 2) a photograph of a new eyeglass display accused of infringing the '739 patent that FGX has recently released in CVS stores.   This new evidence contradicts representations FGX made to this Court in opposing Sun Optics's motions for preliminary injunction that 1) FGX's accused products do not compete with Sun Optics's patented products, and 2) that FGX did not use accused products to preclude Sun Optics from obtaining an account with CVS.

FGX's Opposition to Plaintiff's Motion to Supplement ("Opposition") argues that the Court should not consider this new evidence because 1) it is not relevant, and 2) it does not show that Sun Optics is suffering irreparable harm.    Absent from these arguments, however, is any substantive analysis or statement of fact to support these positions.  Instead of providing the Court with facts or evidence, FGX sets up a series of straw-men that it subsequently attacks.  A thoughtful analysis of the facts and arguments of the parties reveals that the new evidence proffered by Sun Optics is both relevant and

---

[1] Despite FGX's allegations to the contrary, Sun Optics complied with Rule 7.1.1. Although Sun Optics did not provide copies of the new evidence to Defendant's counsel, this is not required by the Rule 7.1.1. The precise nature of the new evidence was explained to counsel for FGX. Despite calling counsel for FGX during business hours on Thursday, July 5, counsel for FGX indicated that he would not be able to meet with his client until Monday July 9. There is not federal holiday between July 5 and July 9. In light of the Court's indication at the hearing on May 18 that the Court would "do [its] best to attend to [the motions for preliminary injunction] promptly," [5/18/07 Transcript, at 90:4,] counsel for Sun Optics felt it necessary to get this new relevant evidence before the Court as quickly as possible.

persuasive evidence of the irreparable harm Sun Optics continues to incur from FGX's ever-expanding infringing activities.

## II.    ARGUMENT

### A.    The Advertisements in *Vision Monday* Are Relevant

#### 1.    FGX's Advertisement in *Vision Monday* Is Relevant Because It Advertises Accused Products

~~FGX argues that its advertisement in *Vision Monday* is not relevant because the "advertising does not show the design accused of infringing Plaintiff's design patents – albeit, a small portion of half an eyeglass case is shown in the lower right-hand corner of the ad. Since no cover is present at all, there is no basis to argue that the pictured half-case infringes Plaintiff's design patents." [Opposition, at p.4.] However, FGX's silence on several points is more informative than these assertions. First, FGX does not argue that the "portion of half an eyeglass case" shown in the advertisement is not of the very design accused of infringing the Sun Optics's design patents.[2] Second, FGX does not acknowledge that a portion of the clear top half of the accused designs is depicted in the upper left-hand corner of the advertisement. Thus, the advertisement depicts a portion of the bottom half of a case, and a portion of the top half of a case, both of which are perfect matches to the cases accused of infringing Sun Optics's design patents.~~

~~A comparison of the accused products with these portions of the case depicted in the advertisement confirms that the case advertised is FGX's product accused of infringing Sun Optics's design patents. If this case is in fact not of the accused products, one can not help but to ask 1) why did FGX not affirmatively state in Mr. Taylor's declaration (submitted in support of its Opposition) that the eyeglass case depicted in the~~

---

[2] Given the similarities between the designs of the '180 and '427 patents, it is unclear whether the particular case depicted in the advertisement is the "large" design of the '427 patent, or the "small" design of the '180 patent. However, precisely which of the two designs the case infringes is irrelevant for purposes of deciding the present motion or the motions for preliminary injunction because both designs have been asserted against FGX.

2

advertisement is not of the accused products, or 2) submit a physical specimen of the case depicted in its *Vision Monday* advertisement as it did with the eyeglass case used in the CVS display?  Instead of affirmatively stating that the case in the advertisement is not of the accused products, FGX side-stepped the issue by stating that "*other* Private Eyes eyeglass cases (and the Private Eyes *frames* featured in the advertisement) are not accused." [Opposition, at p. 4 (emphasis added).]  While "*other*" Private Eyes case may not be at issue in this case, the case *depicted in the advertisement* clearly is at issue in this case.  FGX's reference to "frames" is simply a red herring.  No frames have been accused as infringing in the present litigation.  Although the advertisement does not depict the entire case, the clear inference is that the case depicted in FGX's *Vision Monday* advertisement and the products being promoted therein are the accused designs and products.  Any evidence to rebut this inference would be in FGX's possession or control.  FGX, however, has offered the Court no evidence rebut this inference, relying instead on mere attorney argument.  Consequently, FGX's silence merely strengthens the inference that FGX's advertisement in *Vision Monday* is for the designs and products accused of infringing Sun Optics's patents.

>    **2.      Sun Optics's Advertisement in *Vision Monday* Is Relevant Because It Is for Its Patented Products**

FGX argues in its Opposition that Sun Optics's advertisement in *Vision Monday* is not relevant because 1) "Plaintiff conspicuously failed to allege that the products in its advertising were relevant to any of the patents in suit[,]" and 2) "Plaintiff offers no evidence that its advertising is directed to eye care professionals."  [Opposition, at p. 5.]  FGX's assertion is incorrect on both accounts.

First, Sun Optics's advertisement speaks for itself as to which patent the products in the advertisement pertain.  The bottom right-hand corner the advertisement depicts Sun Optics's patented system.  Directly below that picture the advertisement states, "Patent

No. 7,188,739 B1." There can be no genuine dispute that Sun Optics's advertisement is for its merchandising system patented by the '739 patent at issue in this case.

Second, the fact that Sun Optics's advertisement appears in *Vision Monday* is evidence that the advertisement is "directed to eye care professionals." As Sun Optics stated in its Notice of Evidence Arising after Oral Arguments in Support of Plaintiff's Motions for Preliminary Injunction ("Notice of New Evidence"), *Vision Monday* is "an optical trade journal." [*Id.* at p. 1.] FGX does not dispute that *Vision Monday* is an optical trade journal. The corollary to FGX's argument that "Plaintiff offers no evidence that its advertising is directed to eye care professionals" is that FGX argues that Sun Optics placed its advertisement in an ***optical trade journal*** to direct the advertisement to someone ***other*** than eye care professionals. FGX's argument is simply untenable. Sun Optics's advertisement in *Vision Monday* is directed to eye care professionals as evidence by the fact that it appears in *Vision Monday*, an optical trade journal indisputably written for and circulated to eye care professionals.

### 3. The Advertisements in *Vision Monday* Are Relevant Because They Contradict FGX's Previous Representations to the Court

As set forth in Sun Optics's Notice of New Evidence, FGX has opposed Sun Optics's motions for preliminary injunction arguing, *inter alia*, that FGX's accused products do not compete with Sun Optics's patented products. [Notice of New Evidence, at pp. 1-2.] FGX does not dispute that it has made this argument to the Court. The *Vision Monday* advertisements are for the accused products and patented products respectively, and are directed to the same audience – eye care professionals. Contrary to FGX's previous representations to the Court, FGX's accused products and Sun Optics's patented products compete head-to-head in the optical market as evidenced by the advertisements in *Vision Monday*.

4

**B.     The Photograph of FGX's Reading Glass Display in CVS Are Relevant Because These Products Infringe the '739 Patent**

~~FGX argues that the photograph of FGX's reading glass display in CVS is not relevant because "Plaintiff's motion papers contain no allegation that the Foster Grant eyeglass case in Exhibit B infringe any of the three patents-in-suit, and any such allegation would be frivolous." [Opposition, at p. 6 n.9.] To the contrary, Sun Optics states in its Reply brief in support of its motion for a preliminary injunction based on the '739 patent: "In other words, that FGX does not sell its Private Eyes brand of glasses to CVS is both expected and irrelevant to whether FGX is selling one of its *other brands* of reading glasses to CVS in a manner that infringes the '739 patent." [D.I. 41, Plaintiff's Reply Memorandum in Support of Its Motion for Preliminary Injunction, at p. 16 (emphasis in the original).] The specifics of FGX's display in CVS are not addressed in Sun Optics's motion papers because the display is *after arising* evidence. FGX does not dispute that the display was not actually placed in the CVS stores until after the briefing and oral arguments on the motions for preliminary injunctions. Hence the need for the present motion to provide the Court with *supplemental* evidence arising *after* the hearing.~~

~~Although FGX argues that any allegation that its CVS display infringes the '739 patent would be "frivolous," FGX does not identify any element of the claims of the '739 patent that are not present in its CVS display. In light of FGX's argument that its CVS display does not infringe Sun Optics's '739 patent, the following is a chart identifying every element of claim 1 of the '739 patent in FGX's CVS display as depicted in Exhibit B to the Notice of New Evidence:~~

1. An eyeglass display comprising:

a support member;

one or more display members having a plurality of openings, wherein each of said plurality of openings is adapted to receive an eyeglass case

Case 1:07-cv-00137-SLR    Document 52    Filed 07/26/2007    Page 9 of 15

and is configured to permit a consumer to view at least a portion of the eyeglasses enclosed therein, wherein at least one eyeglass case is received by one of said plurality of openings and is displayed in a substantially vertical manner,

said eyeglass case comprising, a body adapted to enclose a pair of eyeglasses,

said body have[ing] a first component

and a second component, said second component having a substantially flat surface at one end thereof,

said body configured to permit a consumer to observe at least a portion of the pair of eyeglasses enclosed within said body, wherein said substantially flat surface at said one end of said second component permitting said eyeglass case to be positioned on said substantially flat surface at said one end of said second component in a substantially vertical manner.



As demonstrated above, FGX's reading glass display in CVS infringes at least claim 1 of the '739 patent. Consequently, this display *is* at issue in this case. Further, this display would fall within the scope of the preliminary injunction Sun Optics has requested from the Court. Sun Optics has asked the Court to preliminary enjoin FGX

6

from making, using, selling, offering to sell, or importing "any Private Eyes or Sun Readers reading glasses marketed in cases that allow a portion of the reading glasses to be viewed through the cases and displayed in a substantially vertical position, or any colorable imitation thereof[.]"  [D.I. 25, Proposed Order Granting Plaintiff's Motion for Preliminary Injunction, at pp. 1-2.]  FGX's CVS display is at least a "colorable imitation" under the Proposed Order because it indisputably uses "cases that allow a portion of the reading glasses to be viewed through the cases and displayed in a substantially vertical position."  Thus, FGX's display in CVS has been accused of infringing the '739 patent, the CVS display falls within the scope of relief requested by Sun Optics in its motion papers, and the photographs of the CVS display are relevant to Sun Optics's motion for preliminary injunction based on the '739 patent.

**C.    The *Vision Monday* Advertisements and Photograph of FGX's Reading Glass Display in CVS Are Evidence of Irreparable Harm**

FGX's final argument is that the new evidence submitted by Sun Optics does not show irreparable harm.  Again, FGX is simply wrong.

FGX admits in its Opposition that it has had a relationship with CVS dating back prior to the patents-in-suit.  [Opposition, at p. 6 (citing Declaration of Alec Taylor, ¶¶ 3-4).]  FGX has admitted that up to twenty percent of its contracts are "exclusive" in that they provide FGX with a "right of first refusal" to supply these customers with a product before the customers can obtain the product from another vendor.  [D.I. 38, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction, at p. 4 (citing D.I. 39, Declaration of Alec Taylor filed April 27, 2007, at p. 2, ¶ 5).]  FGX has never disputed that it has these "exclusive" type of contracts with Rite Aid and CVS. As explained in Sun Optics's Memorandum supporting its motion for preliminary injunction, Sun Optics was able to get around FGX's "exclusive" contract with Rite Aid by offering its now patented merchandising system to Rite Aid, a system that FGX did not offer at that time.  [*See* D.I. 3, Plaintiff's Memorandum in Support of Its Motion for a

Preliminary Injunction, at p. 3 (citing D.I. 4, Declaration of Bruce Raile, at p. 2, ¶ 6).]
Since entering Rite Aid, Sun Optics's patented merchandising system has out sold FGX's
products in Rite Aid. [*See id.*] The success of Sun Optics's patented system resulted in
Rite Aid taking additional shelf space from FGX and awarding that shelf space to Sun
Optics for its patented system. [*Id.*]

Apparently fearing that Sun Optics would penetrate its contract with CVS and
have similar results to those it experienced at Rite Aid, FGX undermined Sun Optics's
negotiations with CVS by offering to sell CVS the accused products depicted in the
photograph. ~~Thus, FGX is now using Sun Optics's patented product to preclude Sun
Optics from obtaining an account with CVS, which represents over 6,000 stores nation
wide. [*See* D.I. 24, Plaintiff's Memorandum in Support of Its Motion for Preliminary
Injunction, at p. 6 (citing D.I. 25, Declaration of Bruce Raile, at p. 1, ¶ 5).] If a
defendant's use of the patented product combined with exclusive contracts to exclude the
patentee from significant markets is not irreparable harm, then one must question whether
"irreparable harm" can ever exist.~~

Excluding Sun Optics from significant portions of the market is ***not*** compensable
in monetary damages, as argued by FGX. [Opposition, at p. 7.] The opinion *Pergo, Inc.
v. Faus Group, Inc.*, 401 F. Supp.2d 515 (E.D.N.C. 2005), cited by FGX is not binding
on this Court, but supports Sun Optics's position in any event. In *Pergo*, the court states
that "[w]hile plaintiffs and defendants are sharply in competition in the do-it-yourself
center market, plaintiffs' contention of irreparable harm is supported only if, in the
absence of defendants' product, both the Home Depot and Lowes chains would choose to
market plaintiffs' product." *Id.* at 528. The court goes on to hold that these allegations of
the plaintiff were "not sufficiently supported [by the evidence] to warrant a finding of
irreparable harm." *Id.* Thus, the court in *Pergo* based its holding of no irreparable harm
on an evidentiary deficiency, not on a legal theory. In other words, the court did not hold
that the loss potential customers to alleged infringers and the development of a

distribution channel and relationships with retail outlets *could not be* irreparable harm as a matter of law, as FGX implies in its citation of *Pergo*. [Opposition, at 7.] To the contrary, the court's analysis of the evidence supporting these allegations in *Pergo* is a tacit acknowledgment that such allegations *can* support a finding of irreparable harm when sufficiently supported by the evidence.

~~In the present case, Sun Optics has met its evidentiary burden and shown that CVS and other distributors would have carried Sun Optics's patented products but for FGX's infringing activities. In the case of CVS, negotiations between CVS and Sun Optics were progressing until FGX, the incumbent vendor at CVS, offered its infringing display to CVS. [*See* D.I. 24, Plaintiff's Memorandum in Support of Its Motion for Preliminary Injunction, at p. 6 (citing D.I. 25, Declaration of Bruce Raile, at p. 1, ¶ 5).] At that point the negotiations halted. [*Id.*] The clear inference is that Sun Optics would have been able to secure an account with CVS but for FGX's introduction of its infringing display in CVS. As explained below, FGX's infringing product has also displaced Sun Optics's patented products with at least one distributor. Sun Optics has met its burden to show irreparable harm due to loss of customer relationships.~~

Sun Optics also continues to rely upon the controlling Federal Circuit cases cited in its motion papers holding that loss of customer relationships, price erosion, and violation of a patentee's right to exclude each constitutes a various form of irreparable harm. [*See* D.I. 3, Plaintiff's Memorandum in Support of Its Motion for a Preliminary Injunction, at pp. 12-14.] ~~Further, because FGX's implementation of the patented invention is different stylistically from Sun Optics's implementation of the patented invention, it will be impossible to discern whether Sun Optics's implementation of the patented invention would sell more products than FGX's implementation. FGX's use of infringing activities and "exclusive" contracts to exclude Sun Optics from significant portions of the market, as evidenced by the photographs of the infringing CVS display, can not be compensated by monetary damages – the damage is irreparable.~~

9

The advertisements in *Vision Monday* are further evidence of irreparable harm being suffered by Sun Optics. ~~This irreparable harm extends to both the design patents and the '739 utility patent. As established above, FGX's advertisement depicts an eyeglass case accused of infringing Sun Optics's design patents. As demonstrated at the oral hearing on May 18, 2007, these cases are marketed and sold as part of the countertop display accused of infringing the claims of the '739 patent.[3] FGX's and Sun Optics's respective advertisements in *Vision Monday* confirm that FGX's accused products and Sun Optics's patented products are competing head-to-head in the optical market (as opposed to other segments in the market foreclosed to Sun Optics by FGX's "exclusive" contracts as explained above).~~

Last, FGX hangs its hat on the argument that "Plaintiff's failure to name even a single client or distributor [from which Sun Optics has been excluded] should be decisive" of the motions for preliminary injunction. As established above, Sun Optics has been excluded from CVS, which represents over 6,000 stores and potentially millions of dollars in sales each year. Further, three of Sun Optics's distributors of its patented products, Perch Optical, Aspire Optical, and Central Optical, are now carrying FGX's accused products. [Declaration of Bruce Raile, filed herewith, at p. 2, ¶ 4.] One of these distributors, Central Optical, no longer carries Sun Optics's patented products because it carries FGX's accused products instead. [*Id.* at p. 2, ¶ 5.] If identifying clients or distributors from which Sun Optics has been excluded based on FGX's accused products is "decisive," as argued by FGX, then Sun Optics's motions for preliminary injunction should be granted.

---

[3] FGX demonstrated for the Court that a hang tag may be inserted in the eyeglass cases accused of infringing the design patents to hang the cases from a hook to market them horizontally. [*See* 5/18/07 Transcript, at 50:25-51:20.] However, there is no evidence in the record that FGX actually markets these accused products using hang tags. The only evidence of record establishes that the accused designs are actually marketed vertically in displays accused of infringing the claims of the '739 patent. [*See* physical exhibit of FGX's countertop display submitted to the Court during oral arguments.]

10

Both the *Vision Monday* advertisements and the photographs of FGX's ~~infringing~~ products in CVS are after arising evidence of the irreparable harm FGX's ~~infringing~~ activities are causing to Sun Optics.  Consequently, Sun Optics respectfully requests the Court to enter this evidence into the record to support Sun Optics's motions for preliminary injunction.

## III.   CONCLUSION

Based on the foregoing, both the *Vision Monday* advertisements and the photograph of FGX's ~~infringing~~ products in CVS are relevant evidence to Sun Optics's motions for preliminary injunction.  Sun Optics respectfully requests the Court to grant its Motion to Supplement, enter the evidence into the record, and consider this evidence in ruling on Sun Optics's motions for preliminary injunction currently pending before the Court.

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

By: */s/ Francis DiGiovanni (#3189)*
R. Eric Hutz (#2702)
Francis DiGiovanni (#3189)
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
*Attorneys for Plaintiff*
*Sun Optics, Inc.*

**OF COUNSEL**:
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff SUN OPTICS, INC.*

**DATE:** July 26, 2007

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC.<br>a Utah Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.07-137 (SLR) |
| v. | ) ) | |
| FGX INTERNATIONAL, INC.,<br>a Delaware  Corporation, | ) ) ) | **CERTIFICATE OF SERVICE** |
| Defendant. | ) ) | |

    I, Francis DiGiovanni, hereby certify that on July 26, 2007, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Donald J. Detweiler, Esquire
> Sandra G. M. Selzer, Esquire
> **GREENBERG TRAURIG, LLP**
> The Nemours Building
> 1007 North Orange Street, Suite 1200
> Wilmington, DE 19801
> *Attorney for Defendant*
>   *FGX International Inc.*

    I further certify that on July 26, 2007, I caused a copy of the foregoing to be served by hand delivery on the above-listed counsel of record and the following counsel in the manner indicated:

**FEDERAL EXPRESS**
Adam B. Landa, Esquire
**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, NY 10166

**FEDERAL EXPRESS**
Steven J. Wadyka, Jr., Esquire
**GREENBERG TRAURIG, LLP**
1750 Tysons Boulevard, 12th Floor
McLean, VA 22102

> */s/ Francis DiGiovanni (#3189)*
> Francis DiGiovanni (#3189)