IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-137-SLR |
| | ) |
| FGX INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of August, 2007, having reviewed plaintiff's motions for preliminary injunction and the papers submitted in connection therewith; and having subject matter jurisdiction pursuant to 28 U.S.C. § 1338;

IT IS ORDERED that said motions (D.I. 2, 23) are denied, for the reasons that follow:

1. **Standard of review.** The Patent Act provides that injunctions "may" issue "in accordance with the principles of equity." 35 U.S.C. § 283. The grant of a preliminary injunction is considered "extraordinary relief." Abbott Laboratories v. Andrx Pharmaceuticals, Inc., 452 F.3d 1331, 1335 (Fed. Cir. 2006). Nevertheless, "[t]he decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court." eBay, Inc. v. MercExchange, L.L.C., --- U.S. ---, ---, 126 S.Ct. 1837, 1839 (2006).

2. As the party moving for injunctive relief, plaintiff at bar must

>establish its right to a preliminary injunction in light of four factors:
>(1) the movant has some likelihood of success on the merits of the
>underlying litigation; (2) immediate irreparable harm will result if the
>relief is not granted; (3) the balance of hardships to the parties
>weighs in the movant's favor; and (4) the public interest is best
>served by granting the injunctive relief.

Abbott Laboratories, 452 F.3d at 1334.

    a. **Likelihood of success on the merits.** In order to carry its burden at this stage of the proceedings, plaintiff must demonstrate that it will "likely prove" that defendant infringes the asserted claims, and that the asserted claims "will likely withstand [defendant's] challenges to the validity and enforceability of the [patents in suit]." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001). "If [defendant] raises a substantial question concerning either infringement or validity, i.e., asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." Id. at 1350-51.

    b. **Irreparable harm.** If the moving party fails to demonstrate a likelihood of success on the merits, it must "clearly establish[ ] that monetary damages could not suffice." Abbott Laboratories, 452 F.3d at 1348. Even if the moving party succeeds in demonstrating a likelihood of success on the merits, the notion that there follows a presumption of irreparable harm seems inconsistent with the Supreme Court's holding in eBay, Inc. v. MercExchange, L.L.C., 126 S.Ct. at 1841, where the Court rejected such "general rule[s]" and "categorical" grants of relief. Therefore, it remains the moving party's burden to establish that monetary damages could not suffice.

    c. **The balance of hardships.** The moving party (as well as the opposing party) must "quantify the hardship, if any, it will face if an injunction" is not

entered (or incorrectly entered).  Abbott Laboratories, 452 F.3d at 1348.

        d. **Public interest factor**.  Absent any other relevant concerns, the public interest factor is generally bound to the likelihood of success on the merits, as it is in the public interest to enforce valid and infringed patents; conversely, the public interest is best served by denying a preliminary injunction when a moving party has failed to establish that the patents are likely valid and infringed.  Id.

    3. **Design patents.**  Plaintiff has charged that defendant infringes U.S. Patent Nos. D525,427 ("the '427 patent") and D527,180 ("the '180 patent"), both of which are design patents that claim an "ornamental design for an eyeglass case, as shown and described," respectively.  To show infringement of a design patent, two distinct tests must be satisfied:  (1) the "ordinary observer" test; and (2) the "point of novelty" test.  Lawman Armor Corp. v. Winner International, LLC., 437 F.3d 1383, 1384 (Fed. Cir. 2006).  According to the Federal Circuit,

> [t]he "ordinary observer" test requires comparison of the two designs from the viewpoint of the ordinary observer to "determine whether the patented design as a whole is substantially the same as the accused design." . . . Under the "point of novelty" test, a court must determine whether "the accused device . . . appropriates the novelty in the patented device which distinguishes it from the prior art."

Id. at 1384-85 (citations omitted).

    4. When comparing figures from the '427 and '180 patents with the accused products, the court concludes that "the patented design as a whole is substantially the same as the accused design[s]."  Id.  Therefore, the court must undertake an analysis of the "point of novelty" test.  The parties focus their dispute in this regard on whether

3

the following constitute points of novelty disclosed by the '427 and '180 patents:[1] (1) the use of a band where a case opens and closes; and (2) the rounded cap at the top of the transparent portion of the case. With respect to the first feature, even if it were deemed to be novel,[2] defendant argues that the band constitutes a functional feature of the patent and, therefore, cannot be ornamental. Specifically, defendant contends that the band is used to conceal the overlap between the plastic halves of the eyeglass case. Moreover, the band of the accused product is notched so as to provide support for a hang tag, i.e., a different kind of display using the same case. (D.I. 20 at 18; D.I. 45 at 51) The court finds that defendant has raised a substantial question as to whether the band is functional or ornamental. With respect to the rounded cap feature of the patented design, even if it were deemed novel,[3] the court finds that the cap of the accused device is plainly different; therefore, plaintiff has failed to demonstrate a likelihood of success on the merits vis-à-vis the design patents.

4. **Utility patent.**[4] The '739 utility patent covers, inter alia, a specifically defined

---

[1] Although plaintiff initially identified five points of novelty, in its reply brief it focused on the two discussed above. The court agrees with defendant that the remaining three points of novelty initially identified, a transparent upper portion, an opaque bottom portion, and a substantially flat end on the opaque portion of the case, are found in the prior art and, therefore, cannot constitute points of novelty in the first instance. See, e.g., U.S. Patent Nos. 4,744,461 to Lapham and 6,929,116 to Chao, which disclose an eyeglass case that has a transparent top and opaque bottom; U.S. Patent Nos. D446,389 to Zhou and 6,929,116 to Chao, which disclose a flat end on the bottom of an eyeglass case.

[2] But see U.S. Patent No. D446,389 to Zhou.

[3] But see U.S. Patent No. 4,744,461 to Lapham.

[4] Plaintiff has moved to amend the complaint to add U.S. Patent No. 7,188,739 ("the '739 patent"), which motion (D.I. 32) is granted, as leave to amend "shall be freely

4

"eyeglass display" which, according to independent claim 1, comprises:

> a support member;
>
> one or more display members having a plurality of openings, wherein each of said plurality of openings is adapted to receive an eyeglass case and is configured to permit a consumer to view at least a portion of the eyeglasses enclosed therein, wherein at least one eyeglass case is received by one of said plurality of openings and is displayed in a substantially vertical manner, said eyeglass case comprising . . . .

('739 patent, col. 9, ll.11-19)  One of the limitations in dispute is "support member," a phrase not used in the specification or the figures.  Rather, the specification and the corresponding figures refer to "'support structure' 120," which is described variously as "provid[ing] a frame for securing other components of display 100"[5] ('739 patent, col. 6, ll.65-67), "provid[ing] a central frame mechanism to which display members 130a-h are coupled" ('739 patent, col. 8, ll.12-14), and having "a skeleton frame configuration to provide support to five display members on each of four sides of the display" ('739 patent, col. 8, ll.27-29).  Given the description of a "support structure" in the specification, which is consistent with the ordinary meaning of the word "support,"[6] the court concludes, consistent with the tenets of claim construction set forth by the United

---

given when justice so requires," Fed. R. Civ. P. 15(a), especially when the motion is filed early in the case, as this motion was.

[5]The specification goes on to state that "[d]isplay member 130 is coupled to support structure 120 and/or base 110." ('739 patent, col. 6, l.67 - col. 7, l.1)  Plaintiff argues that the above language demonstrates that a "support" member need not be functional.  The court disagrees.

[6]To "hold up or in position; to serve as a foundation or prop for; bear the weight or stress of; keep from sinking or falling."  Webster's Third New International Dictionary (Merriam-Webster, Inc. 1993) at 2297.

States Court of Appeals for the Federal Circuit in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005), that the limitation "support member" shall be construed (for purposes of these preliminary proceedings) as "a structure for securing other components of the display." Comparing the elements of the accused device to the limitation as construed, it is clear that the accused product does not have a support member as described in claim 1.[7] Therefore, plaintiff has failed to establish a likelihood of success on the merits in this regard.[8]

     5. **Irreparable harm.** In support of this aspect of the four factor test, plaintiff primarily relies on a presumption of irreparable harm that, pre-eBay, followed a finding of likelihood of success on the merits. Of course, the court has concluded that such a presumption did not survive the Supreme Court's analysis in eBay and, in addition, that plaintiff has not carried its burden to prove a likelihood of success on the merits. Therefore, plaintiff is not entitled to any presumptions in this regard. Although plaintiff has submitted declarations wherein it is asserted that the accused product has taken away market share from plaintiff's "Clear Tube" products (see, e.g., D.I. 25 at 2), it remains unclear to the court (meaning that plaintiff has not carried its burden of persuasion) what economic role the commercial embodiments of the patents in suit play in plaintiff's "'Clear Tube' merchandising program" through which plaintiff sells

---

    [7]The specification describes all the embodiments of the claimed display as being comprised of at least a base, a support structure, a display member, and a display surface. It is clear that the back panel of the accused product provides no support to any other component, not even an attached logo, as depicted in figure 5 (display surface 150) of the '739 patent.

    [8]The court declines to address any other of the disputed limitations in this proceeding.

"numerous different designs for reading glass cases." (D.I. 30 at 1) Plaintiff has failed to demonstrate irreparable harm.

6. **Balance of hardships and public interest.** Given the court's conclusions as to the first two prongs of the test, it follows that the above factors do not weigh in favor of imposing a preliminary injunction against defendant.

IT IS FURTHER ORDERED that defendant's motion to dismiss (D.I. 12) is denied.

1. **Standard of review.** The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, --- U.S. ---, ---, 127 S. Ct. 2197, 2200 (2007) (citations omitted); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (omission in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (alteration in original) (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations omitted).

7

2. **Analysis.** Defendant relies on several grounds in support of its motion.

a. **Validity.** Defendant argues that the complaint[9] should be dismissed because the commercial embodiments of the design patents were on sale more than one year prior to applying for those patents. In response, plaintiff has submitted the declaration of Bruce Raile, who avers that, while plaintiff's "Clear Tube" merchandising program was initiated more than a year before the patent application dates, the program includes many designs other than those that embody the designs of the '427 and '180 patents, which designs were not sold prior to May 20, 2003. (D.I. 30 at 2) Defendant's motion is denied on this ground.

b. **Enforceability.** Defendant argues that the '427 and '180 patents should be deemed unenforceable because of the on-sale bar, as well as plaintiff's failed attempt to claim the benefit of an earlier filing date. The court has found plaintiff's explanation in response to the on-sale bar sufficient to withstand dismissal, and declines to find that inequitable conduct encompasses the filing of an amended application which was promptly and properly rejected by the PTO.

c. **"Judge shopping."** Defendant contends that this litigation should be dismissed because plaintiff filed nearly the same complaint in Utah in February 2007. Plaintiff voluntarily dismissed the Utah action in favor of the instant case, filed in defendant's state of incorporation in March 2007. Given the pending legislative efforts to create specialized patent judges, i.e., to encourage judge shopping in patent cases,

---

[9]The court has granted plaintiff's motion to amend the complaint and, therefore, the court is addressing defendant's motion with this in mind.

8

defendant's argument is not a winning one.

                                              _____
                                              United States District Judge