IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC., a Utah Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FGX INTERNATIONAL, INC., a Delaware )<br>Corporation, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 1:07cv137 SLR |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

**CONNOLLY BOVE LODGE & HUTZ, LLP**

R. ERIC HUTZ (#2702)
The Nemours Building
1007 N. Orange Street
P. O. Box 2702
Wilmington, DE 19899
Phone: (302) 658-9141
Fax: (302) 658-5614
*Attorneys for Plaintiff*
    *SUN OPTICS, INC.*

<u>**OF COUNSEL**</u>
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Phone: (801) 533-9800

**DATE:** August 10, 2007

# TABLE OF CONTENTS

**Pages**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II. SUMMARY OF ARGUMENT ........................................................................................1

III. ARGUMENT.....................................................................................................................2

    A. The Law Governing Motions to Strike ................................................................2

    B. The Portions of Sun Optics's Reply Brief Arguing that FGX's CVS Display Infringes the '739 Utility Patent Should Not Be Stricken Because Those Arguments Are Contained in Sun Optics's Opening Brief and Were Provided in Response to Arguments Raised by FGX's Opposition ...............................................................................3

    C. The Portions of Sun Optics's Reply Brief Arguing that FGX's Infringing CVS Display Causes Irreparable Harm to Sun Optics Should Not Be Stricken Because That Argument Is Contained in Sun Optics's Opening Brief and Was Provided in Response to Arguments Raised by FGX's Opposition ...............................................................5

    D. The Portions of Sun Optics's Reply Brief Arguing that *Vision Monday* Advertisements Are Relevant Should Not Be Stricken Because Those Arguments Are Contained in Sun Optics's Opening Brief and Were Provided in Response to Arguments Raised by FGX's Opposition .........................................................................................7

    E. The Raile Declaration Filed with Sun Optics's Reply Brief Should Not Be Stricken Because It Is Responsive to Issues Raised by FGX in Its Opposition............................................................................................9

IV. CONCLUSION................................................................................................................10

i

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Boston Sci. Scimed, Inc. v. Cordis Corp.*,
    434 F. Supp. 2d 308 (D. Del. 2006) .................................................................. 2, 6, 9

*In re Fleming Co.*,
    316 B.R. 809, (D. Del. 2004) ............................................................................ 2, 6, 9

*Pergo, Inc. v. Faus Group, Inc.*,
    401 F. Supp.2d 515 (E.D.N.C. 2005) ...................................................................... 6

**RULES**

Local Rule 7.1.3(c)(2) ................................................................................................ 2

I.   **NATURE AND STAGE OF THE PROCEEDINGS**

Sun Optics filed a Motion for Preliminary Injunction on March 3, 2007, based on U.S. Patent Nos. D525,427 and D527,180 (the "design patents"). FGX filed a Motion to Dismiss the Complaint on April 4, 2007. Sun Optics filed a Motion for Leave to File an Amended Complaint and another Motion for Preliminary Injunction on April 5, 2007, based on U.S. Patent No. 7,188,739 (the "'739 patent" or "utility patent"). The Court heard oral arguments on the motions for preliminary injunction, motion to dismiss, and motion to amend the complaint on May 18, 2007. On July 5, 2007, Sun Optics filed a Motion for Leave to File Evidence Arising After Oral Arguments in Support of Plaintiff's Motions for Preliminary Injunction ("Motion to Supplement") (D.I. 48). On August 1, 2007, FGX filed the present Motion to Strike (D.I. 54) portions of Sun Optics's Reply brief filed in support of its Motion to Supplement. The Court issued an Order on August 3, 2007, granting Sun Optic's Motion to Amend the Complaint, denying Sun Optics's motions for preliminary injunction, and denying FGX's Motion to Dismiss. Sun Optics herein opposes FGX's pending Motion to Strike.

II.   **SUMMARY OF ARGUMENT**

The argument and evidence submitted by Sun Optics in connection with its Reply in Support of Motion for Leave to File Evidence Arising after Oral Arguments in Support of Plaintiff's Motions for Preliminary Injunction ("Reply") (D.I. 52) should not be stricken because they were raised in Plaintiff's opening brief (D.I. 48) and/or are responsive to arguments raised by the Defendant's Opposition to Sun Optics's Motion to Supplement ("Opposition") (D.I. 49).

1

### III. ARGUMENT

In arguing that portions of Sun Optics's Reply should be stricken because FGX did not have a "full and fair" opportunity to respond, FGX necessarily ignores statements in Sun Optics's Opening Brief, arguments Sun Optics made at the oral hearing, the common sense implications of the supplemental evidence itself, and Sun Optics's right to respond to issues raised by FGX in its Opposition. Considering all the evidence and arguments that have been placed in the record prior to Sun Optics's Reply, Sun Optics's Reply is proper and no part of the Reply or the supporting Raile Declaration should be stricken.

#### A. The Law Governing Motions to Strike

Local Rule 7.1.3(c)(2) states that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Delaware courts applying this rule have allowed reply briefs to contain material not included in the opening brief. In addition to issues raised in the opening brief, a party may include new material in a reply brief that is responsive to issues first raised in the opposing brief. *See Boston Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 313-314 (D. Del. 2006) (denying a motion to strike portions of a reply brief because "much of the analysis of Cordis [contained in the reply brief] which appears to be at issue is responsive to the arguments in BSC's opposition brief") (citing *In re Fleming Co.*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (denying a motion to strike portions of a reply where its arguments were "either in the original brief or in response to . . . arguments in opposition [to the opening brief]")). Thus, a reply brief may appropriately contain any arguments that are contained in the original brief or are made in response to arguments made or issues raised in opposition to the original brief.

2

B.  **The Portions of Sun Optics's Reply Brief Arguing that FGX's CVS Display Infringes the '739 Utility Patent Should Not Be Stricken Because Those Arguments Are Contained in Sun Optics's Opening Brief and Were Provided in Response to Arguments Raised by FGX's Opposition**

The crux of FGX's argument is that portions of Sun Optics's Reply brief should be stricken because FGX did not know that Sun Optics accused the CVS display of infringing the '739 patent, and therefore, FGX did not have a "full and fair" opportunity to argue that the CVS display does not infringe the '739 patent. [D.I. 55, Memorandum of Law in Support of Defendant's Motion to Strike ("Motion to Strike"), at p. 4 and n.4.] This argument is untenable.

Sun Optics accused FGX's CVS display of infringing the claims of the '739 patent back on May 4, 2007, when Sun Optics filed its Reply Memorandum in Support of Its Motion for Preliminary Injunction ("Preliminary Injunction Reply") (D.I. 41). In that Preliminary Injunction Reply, Sun Optics states: "In other words, that FGX does not sell its Private Eyes brand of glasses to CVS is both expected and irrelevant to whether *FGX is selling one of its other brands of reading glasses to CVS in a manner that infringes the '739 patent.*" [D.I. 41, Preliminary Injunction Reply, at p. 16 (emphasis added).] Sun Optics's Notice of Evidence Arising After Oral Arguments in Support of Plaintiff's Motions for Preliminary Injunction ("Notice of Evidence") *attached to Sun Optics's opening brief in support of its Motion to Supplement* cites to precisely the same argument in the Preliminary Injunction Reply quoted above. [D.I. 48, Notice of Evidence, at p. 2 (citing D.I. 41, Preliminary Injunction Reply, at p. 16).] Sun Optics's Notice of Evidence also cited to Sun Optics's arguments proffered in its opening brief in support of its Motion for Preliminary Injunction and at oral arguments regarding FGX's CVS products. [*Id.* (citing D.I. 24, (Plaintiff's Memorandum in Support of Its Motion for

3

Preliminary Injunction), at pp. 14-15; May 18, 2007 Transcript, at 31:19-35:14 and 73:20-77:19).] Thus, Sun Optics's opening brief clearly indicates that the supplemental evidence of FGX's CVS display was being submitted to support Sun Optics's previous allegations and argument that FGX's CVS displays infringe the '739 patent. Because those arguments had already been presented to the Court in other contexts, Sun Optics's opening papers merely cited the Court and FGX to those arguments rather than restating them in the opening brief. Nonetheless, FGX was aware of Sun Optics's position that the CVS display infringes the '739 patent because those arguments were cited in the opening brief. Consequently, the portions of Sun Optics's Reply brief further supporting those allegations and arguments are proper and FGX's motion to strike these portions of the Reply brief should be denied.

The portions of the Sun Optics Reply arguing that FGX's CVS display infringes the '739 patent should not be stricken for the additional reason that they are responsive to arguments raised by FGX's Opposition. Without going into a full-scale claim construction and infringement analysis, the pictures of the CVS display submitted to the Court combined with Sun Optic's allegation in its opening brief that this product infringes the '739 patent clearly indicated that the CVS product is at issue in this case, contrary to FGX's prior representations to the Court. Not until FGX argued in its Opposition that Sun Optics's allegations that the CVS display infringed the '739 patent were "frivolous," [D.I. 49, Opposition, at p. 6 n.9,] was it necessary for Sun Optics to provide an element-by-element analysis in its Reply to refute FGX's allegations. FGX knew from the opening brief that Sun Optics accused the CVS display of infringing the '739 patent and therefore had a full and fair opportunity to indicate which claimed

4

element or elements it argues are not present in the CVS display. Thus, in addition to being properly raised in the opening brief, Sun Optics's arguments in the Reply that the CVS display infringes the '739 patent should not be stricken because they are an appropriate rebuttal to FGX's Opposition arguing that the allegations of infringement were "frivolous."

> C. **The Portions of Sun Optics's Reply Brief Arguing that FGX's Infringing CVS Display Causes Irreparable Harm to Sun Optics Should Not Be Stricken Because That Argument Is Contained in Sun Optics's Opening Brief and Was Provided in Response to Arguments Raised by FGX's Opposition**

FGX also moves to strike the portions of Sun Optics's Reply arguing that the infringing CVS displays cause Sun Optics irreparable harm. Again FGX complains that it could not respond to these arguments because they were not made in Sun Optics's opening brief. Again, FGX is wrong.

First, Sun Optics states in its Motion to Supplement that "these two pieces of evidence are particularly relevant to proving that Sun Optics has been, and continues to be, irreparably harmed by FGX's infringement." [D.I. 48, Motion to Supplement, at p. 2.] Thus, Sun Optics properly alleged in its opening papers that the infringing CVS displays cause irreparable harm to Sun Optics.

Further, as indicated above, Sun Optics submitted the evidence of the CVS display to support the arguments of irreparable harm proffered in the papers supporting its Motion for Preliminary Injunction based on the '739 patent, and in support of the arguments of irreparable harm made during the May 18, 2007, oral arguments on that motion. Again, rather than rehashing Sun Optics's previous arguments on irreparable harm in its opening brief, Sun Optics instead clearly cited to where those arguments are contained in the record. [D.I. 48, Notice of Evidence, at p. 2 (citing D.I. 24, (Plaintiff's

5

Memorandum in Support of Its Motion for Preliminary Injunction), at pp. 14-15 (arguing that Sun Optics's loss of the CVS account to FGX's infringing clear tubes causes irreparable harm); D.I. 43 (Reply in Support of Motion for Preliminary Injunction), at p. 16 (same); May 18, 2007 Transcript, at 31:19-35:14 and 73:20-77:19 (same).] Because Sun Optics argued in its opening brief that the CVS display causes irreparable harm to Sun Optics, and provided precise citations in the Notice of Evidence (attached to the opening brief) of where in the record its arguments of irreparable harm are found, Sun Optics properly raised its arguments of irreparable harm in its opening brief. Consequently, FGX had a full and fair opportunity to address those arguments in its Opposition, and FGX's motion to strike these portions of Sun Optics's Reply brief should be denied.

Sun Optics's arguments of irreparable harm are also in direct response to FGX's Opposition arguing that Sun Optics is not suffering irreparable harm, including FGX's citation of and reliance on *Pergo, Inc. v. Faus Group, Inc.*, 401 F. Supp.2d 515 (E.D.N.C. 2005). [*See* D.I. 49, Opposition, at pp. 7-8.] For example, FGX seeks to strike the first full paragraph on page nine of Sun Optics's Reply. [*See* D.I. 55, Memo to Strike, at p. 9 of Exh. A (strikethrough version of Sun Optics's Reply).] This paragraph explains why the facts of the present case are distinguishable from the facts and holding of *Pergo*, upon which FGX relies in its opposition. Thus, FGX's Motion to Strike improperly seeks to preclude Sun Optics from responding to issues and arguments FGX raises in its Opposition, and therefore must be denied. *See Boston Sci. Scimed*, 434 F. Supp. 2d at 313-314; *accord, In re Fleming Co.*, 316 B.R. at 815 n.3.

> D.  The Portions of Sun Optics's Reply Brief Arguing that *Vision Monday* Advertisements Are Relevant Should Not Be Stricken Because Those Arguments Are Contained in Sun Optics's Opening Brief and Were Provided in Response to Arguments Raised by FGX's Opposition

There can be no doubt that FGX knew that Sun Optics alleges that FGX's products displayed in the *Vision Monday* advertisement were accused of infringing Sun Optics's patents, and that Sun Optics claims that its advertisement in *Vision Monday* was for products sold under the '739 utility patent. Indeed, Sun Optics states in the Notice of Evidence filed with its opening brief that FGX's advertisement appears "before Sun Optics's one-page advertisement, which appears opposite page 58 of the magazine, for Sun Optics's products sold ***in its patented display system***." [D.I. 48, Notice of Evidence, at p.1 (emphasis added).] The only "patented display system" in this case is the display system patented by the '739 patent.

The advertisement itself also indicates that the products are covered by the '739 patent. Even assuming FGX could not read the patent number in the bottom right-hand corner of Sun Optics's advertisement [D.I. 55, Memo to Strike at p. 5 n.5,] the advertisement clearly states that advertisement is for "The Original, Patented ClearCase System," "Presenting the next generation of I. Line readers and the patented ClearCase System," and depicts the exact same type of counter-top displays as those submitted to the Court as exhibits during oral arguments. The bottom portion of Sun Optics's *Vision Monday* advertisement is reproduced below with these statements and picture of the patented display indicated:

**I. LINE**

The Original, Patented ClearCase System™

First, we rethought how reading glasses should look. Then we rethought how you sell them. Presenting the next generation of I. Line readers and the patented ClearCase System that makes selling them easy. For more information or to place an order contact one of our distributors:

| | | |
|---|---|---|
| IMAGEWEAR | KASPEREK OPTICAL INC. | PRECISION OPTICAL CO. |
| 800.414.7656 | 800.288.2700 | 860.289.6023 |
| INTERSTATE OPTICAL CO., INC. | LENSTECH OPTICAL LABORATORY | VISION CRAFT INC |
| 419.529.6800 | 317.882.1249 | 248.669.1130 |
| JEMERA, INC. CENTRAL OPTICAL | MIDLAND OPTICAL | ZYLOWARE CORPORATION |
| 330.783.9660 | 800.325.3176 | 800.765.3700 |

I. LINE

PATENT NO. 718,188,749 B1

For FGX to argue that it did not know what patent covered the "patented display system" of Sun Optics's *Vision Monday* advertisement is not credible. There is only one patent covering display systems in this case – the '739 patent. Both Sun Optics's opening brief and the advertisement itself identify that the products in Sun Optics's *Vision Monday* advertisement are covered by Sun Optics's '739 utility patent for display systems. Sun Optics's Reply further supporting that position is proper.

As regards FGX's *Vision Monday* advertisement, FGX tacitly admits in its Opposition that it knew that the case displayed in its *Vision Monday* advertisement was accused of infringing Sun Optics's design patents. In its Opposition, FGX argues that "there is no basis to argue that the pictured half-case ***infringes Plaintiff's design patents***." [D.I. 49, Opposition, at p. 4 (emphasis added).] Further, FGX argues that "***Plaintiff's underlying assumption*** that simply advertising the Private Eyes brand ***infringes its design patent rights*** or causes the type of harm protected under the patent laws is wrong." [*Id.* (emphasis added).] Thus, FGX not only knew that Sun Optics accused the case displayed in its *Vision Monday* advertisement of infringing Sun Optics's design patents, FGX argued against those allegations in its Opposition. Thus, the arguments in Sun Optics's Reply that the *Vision Monday* advertisements are relevant to

8

its motions for preliminary injunction are both contained in Sun Optics's opening briefs and are responsive to arguments made by FGX in its Opposition. Consequently, these portions of Sun Optics's Reply are appropriate, and FGX's motion to strike these portions of the Reply should be denied.

  E. **The Raile Declaration Filed with Sun Optics's Reply Brief Should Not Be Stricken Because It Is Responsive to Issues Raised by FGX in Its Opposition**

Sun Optics's Motion to Supplement sought leave to supplement the record with the *Vision Monday* advertisements and the photograph of FGX's CVS display. Rather than limiting its Opposition to responding to Sun Optics's arguments regarding these items of supplemental evidence, FGX argues: "Plaintiff has not responded to the critical question posed by this Court: 'what specific distributors or clients Plaintiff has versus what the defendant has at this point and what market Plaintiff thinks it's being excluded from based on the patented design.'" [D.I. 49, Opposition, at p.8.] This allegation by FGX in its Opposition is irrelevant and entirely extraneous to whether the Court should or should not grant Sun Optics's motion to supplement the record. Consequently, Sun Optics could not have properly included its rebuttal to this allegation in its opening brief. FGX now seeks to prejudice Sun Optics by precluding Sun Optics from responding to this allegation that FGX voluntarily raised for the first time in its Opposition. The law clearly allows Sun Optics to respond in its Reply to this allegation raised for the first time in FGX's Opposition. *See Boston Sci. Scimed*, 434 F. Supp. 2d at 313-314; *accord, In re Fleming Co.*, 316 B.R. at 815 n.3. Because the Raile Declaration was in direct response to an issue raised by FGX for the first time in its Opposition, it would be improper and prejudicial to exclude from the record the Raile Declaration submitted in response to those allegations. Thus, FGX's motion to strike the Raile Declaration should be denied.

9

## IV. CONCLUSION

For the reasons set forth above, Sun Optics respectfully requests the Court to summarily deny FGX's Motion to Strike.

>Respectfully submitted
>
>**CONNOLLY BOVE LODGE & HUTZ, LLP**
>
>By: <u>*R. Eric Hutz*</u>
>R. Eric Hutz (#2702)
>The Nemours Building
>1007 N. Orange Street
>P. O. Box 2207
>Wilmington, DE 19899
>Telephone: (302) 658-9141
>*Attorneys for Plaintiff*
>>*Sun Optics, Inc*

<u>**OF COUNSEL**</u>:
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff SUN OPTICS, INC.*

DATE: August 10, 2007

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC.<br>a Utah Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FGX INTERNATIONAL, INC.,<br>a Delaware Corporation,<br><br>    Defendant. | Civil Action No.07-137 (SLR)<br><br>**CERTIFICATE OF SERVICE** |

    I, R. Eric Hutz, hereby certify that on August 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Donald J. Detweiler, Esquire
>Sandra G. M. Selzer, Esquire
>**GREENBERG TRAURIG, LLP**
>The Nemours Building
>1007 North Orange Street, Suite 1200
>Wilmington, DE 19801
>*Attorney for Defendant*
>  *FGX International Inc.*

    I further certify that on August 10, 2007, I caused a copy of the foregoing to be served by hand delivery on the above-listed counsel of record and the following counsel in the manner indicated:

**FEDERAL EXPRESS**
Adam B. Landa, Esquire
**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, NY 10166

**FEDERAL EXPRESS**
Steven J. Wadyka, Jr., Esquire
**GREENBERG TRAURIG, LLP**
1750 Tysons Boulevard, 12th Floor
McLean, VA 22102


    /s/ R. Eric Hutz (#2702)
    R. Eric Hutz (#2702)

551053_1