IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN OPTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-137-SLR |
| | ) | |
| FGX INTERNATIONAL, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT
FGX INTERNATIONAL INC. TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant FGX International Inc. ("FGX"), hereby answers Plaintiff Sun Optics, Inc.'s

("Plaintiff") First Amended Complaint for Patent Infringement and alleges as follows:

1.    FGX is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1, and therefore denies them.

2.    FGX admits the allegations in Paragraph 2.

3.    FGX admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a),

but denies the remaining allegations in Paragraph 3.

4.    FGX admits that it is subject to the jurisdiction of this Court pursuant to 10 Del.

C. § 3104, but denies the remaining allegations in Paragraph 4.

5.    FGX admits that venue is proper in this District as alleged in Paragraph 5.

6.    FGX is without knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence in Paragraph 6, and therefore denies them; FGX

admits that it sells reading glasses and reading glass cases, but denies the remaining allegations

in Paragraph 6.

7.    FGX is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.    FGX denies the allegations in the third sentence in Paragraph 8, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies them.

9.    FGX denies the allegations in Paragraph 9.

10.    FGX realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 9.

11.    FGX is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12.    FGX denies the allegations in Paragraph 12, except that FGX respectfully refers the Court to U.S. Patent No. D525,427 for a description of what it is directed to.

13.    FGX denies the allegations in Paragraph 13.

14.    FGX admits that the picture of its product appended to the Amended Complaint as Exhibit B is accused of infringing U.S. Patent No. D525,427, but denies the remaining allegations in Paragraph 14.

15.    FGX denies the allegations in Paragraph 15.

16.    FGX denies the allegations in Paragraph 16.

17.    FGX denies the allegations in Paragraph 17.

18.    FGX realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 17.

19.    FGX is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.    FGX denies the allegations in Paragraph 20, except that FGX respectfully refers the Court to U.S. Patent No. D527,180 for a description of what it is directed to.

21.    FGX denies the allegations in Paragraph 21.

22.    FGX admits that the picture of its product appended to the Amended Complaint as Exhibit D is accused of infringing U.S. Patent No. D527,180, but denies the remaining allegations in Paragraph 22.

23.    FGX denies the allegations in Paragraph 23.

24.    FGX denies the allegations in Paragraph 24.

25.    FGX denies the allegations in Paragraph 25.

26.    FGX realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 25.

27.    FGX is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.    FGX denies the allegations in Paragraph 28, except that FGX respectfully refers the Court to U.S. Patent No. 7,188,739 for a description of what it is directed to.

29.    FGX denies the allegations in Paragraph 29.

30.    FGX admits that the pictures of its products appended to the Amended Complaint as Exhibit F are accused of infringing U.S. Patent No. 7,188,739, but denies the remaining allegations in Paragraph 30.

31.    FGX denies the allegations in Paragraph 31.

32.    FGX denies the allegations in Paragraph 32.

33.    FGX denies the allegations in Paragraph 33.

34.    FGX denies the allegations in Paragraph 34.

## AFFIRMATIVE DEFENSES

FGX asserts the following affirmative defenses in response to Plaintiff's Amended Complaint. By raising the following defenses, FGX does not assume the burden of proof for any claims for which Plaintiff properly bears the burden.

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

### Third Affirmative Defense

Plaintiff's patents are invalid and/or unenforceable for failing to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or for Plaintiff's inequitable conduct in procuring the patents.

### Fourth Affirmative Defense

Any claims of the patents in suit which may be held to be valid are so restricted in scope that FGX has not infringed said claims.

### Fifth Affirmative Defense

FGX has not done any act or thing and is not proposing to do any act or thing in violation of any rights validly belonging to Plaintiff under the said patents. The patents in suit are invalid and unenforceable, are not infringed by FGX, and FGX is not liable for infringement of said patents.

<u>Sixth Affirmative Defense</u>

FGX has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or during discovery proceedings.

FGX reserves the right to amend this answer and/or the affirmative defenses asserted accordingly during the course of subsequent discovery.

**[[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]]**

5

## COUNTERCLAIMS OF DEFENDANT

### Nature of the Action

1.     This is a counterclaim for declaratory judgment holding each of Plaintiff's three patents invalid and/or unenforceable.

2.     Defendant/Counterclaim Plaintiff FGX International Inc. ("FGX") is a corporation organized under the laws of the State of Delaware, and having a principle place of business at 500 George Washington Highway, Smithfield, Rhode Island 02917.

3.     Upon information and belief, Plaintiff/Counterclaim Defendant Sun Optics, Inc. is a corporation organized under the laws of the State of Utah, and having a place of business at 1785 South 4490 West, Salt Lake City, Utah 84104.

4.     Jurisdiction of this Counterclaim arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).  There is a justiciable controversy between FGX and Counterclaim Defendant concerning the validity and scope of Plaintiff's Patent Nos. D525,427 (the "'427 patent"), D527,180 (the "'180 patent") and 7,188,739 (the "'739 patent") and FGX's liability for infringement thereof.

5.     Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6.     Counterclaim Defendant is the sole owner of the '427 patent, the '180 patent and the '739 patent.

### FIRST COUNTERCLAIM FOR RELIEF
### (Invalidity of the '427 patent)

7.     FGX repeats and realleges the allegations set forth in Paragraphs 1 through 6 of the Counterclaims for Relief as if set forth fully herein.

8.     Counterclaim Defendant has affirmatively alleged that FGX infringes the '427 patent.

9.     The '427 patent is invalid for failure to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

10.     By reasons of the matters alleged above, there exists an actual case and controversy between FGX and Counterclaim Defendant concerning the validity of the '427 patent.

11.     FGX seeks a declaratory judgment by the Court that the '427 patent is invalid.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Unenforceability of the '427 patent)**

12.     FGX repeats and realleges the allegations set forth in Paragraphs 1 through 11 of the Counterclaims for Relief as if set forth fully herein.

13.     Counterclaim Defendant owed a duty of candor requiring that it disclose to the U.S. Patent and Trademark Office ("PTO") prior art that is material to patentability of the application leading to the '427 patent.

14.     Counterclaim Defendant violated its duty of disclosure by failing to disclose to the PTO prior art that was material to the patentability of the application that led to the '427 patent.

15.     Counterclaim Defendant improperly, and inequitably, attempted to obtain the benefit of an earlier filing date in connection with the application that led to the '427 patent.

16.     FGX seeks a declaratory judgment by the Court that the '427 patent is unenforceable for inequitable conduct before the PTO, in violation of 37 C.F.R. § 1.56 (2000).

## THIRD COUNTERCLAIM FOR RELIEF
### (Invalidity of the '180 patent)

17.    FGX repeats and realleges the allegations set forth in Paragraphs 1 through 16 of the Counterclaims for Relief as if set forth fully herein.

18.    Counterclaim Defendant has affirmatively alleged that FGX infringes the '180 patent.

19.    The '180 patent is invalid for failure to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

20.    By reasons of the matters alleged above, there exists an actual case and controversy between FGX and Counterclaim Defendant concerning the validity of the '180 patent.

21.    FGX seeks a declaratory judgment by the Court that the '180 patent is invalid.

## FOURTH COUNTERCLAIM FOR RELIEF
### (Unenforceability of the '180 patent)

22.    FGX repeats and realleges the allegations set forth in Paragraphs 1 through 21 of the Counterclaims for Relief as if set forth fully herein.

23.    Counterclaim Defendant owed a duty of candor requiring that it disclose to the U.S. Patent and Trademark Office ("PTO") prior art that is material to patentability of the application leading to the '180 patent.

24.    Counterclaim Defendant violated its duty of disclosure by failing to disclose to the PTO prior art that was material to the patentability of the application that led to the '180 patent.

25.    Counterclaim Defendant improperly, and inequitably, attempted to obtain the benefit of an earlier filing date in connection with the application that led to the '180 patent.

26.     FGX seeks a declaratory judgment by the Court that the '180 patent is unenforceable for inequitable conduct before the PTO, in violation of 37 C.F.R. § 1.56 (2000).

## FIFTH COUNTERCLAIM FOR RELIEF
### (Invalidity of the '739 patent)

27.     FGX repeats and realleges the allegations set forth in Paragraphs 1 through 26 of the Counterclaims for Relief as if set forth fully herein.

28.     Counterclaim Defendant has affirmatively alleged that FGX infringes the '739 patent.

29.     The '739 patent is invalid for failure to comply with the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

30.     By reasons of the matters alleged above, there exists an actual case and controversy between FGX and Counterclaim Defendant concerning the validity of the '739 patent.

31.     FGX seeks a declaratory judgment by the Court that the '739 patent is invalid.

## SIXTH COUNTERCLAIM FOR RELIEF
### (Unenforceability of the '739 patent)

32.     FGX repeats and realleges the allegations set forth in Paragraphs 1 through 31 of the Counterclaims for Relief as if set forth fully herein.

33.     Counterclaim Defendant owed a duty of candor requiring that it disclose to the U.S. Patent and Trademark Office ("PTO") prior art that is material to patentability of the application leading to the '180 patent.

34.     At the time of the filing of the application that matured into the '739 patent, the inventor was aware of material prior art: (i) eyeglass cases that allow a consumer to see part of the eyeglasses within the case, i.e., partially transparent; and (ii) that such eyeglass cases were

tailored for particular display types.

35.    Counterclaim Defendant violated its duty of disclosure by failing to disclose to the PTO prior art that was material to the patentability of the application that led to the '180 patent, including the prior art alleged in paragraph 34.

36.    FGX seeks a declaratory judgment by the Court that the '739 patent is invalid for inequitable conduct before the PTO, in violation of 37 C.F.R. § 1.56 (2000).

## PRAYERS FOR RELIEF

WHEREFORE,    Defendant/Counterclaim    Plaintiff    FGX    having    answered Plaintiff/Counterclaim Defendant's Amended Complaint and having asserted the above Counterclaims for relief, respectfully requests as follows:

1.    That Plaintiff's Amended Complaint be dismissed against Defendant with prejudice and judgment be entered in Defendant's favor;

2.    Entry of judgment that Plaintiff is without right or authority to threaten or to maintain suit against Defendant or its customers for alleged infringement of Letters Patent Nos. D525,427, D527,180 and 7,188,739; that said patents are invalid, unenforceable, and void in law; and that said patents are not infringed by Defendant because of the making, selling, or using of any apparatus made or sold or used by Defendant;

3.    Entry of a preliminary injunction enjoining Plaintiff, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice thereof from initiating infringement litigation and from threatening Defendant or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of Defendant's devices or apparatus, with infringement litigation or

charging any of them either verbally or in writing with infringement of Letters Patent Nos. D525,427, D527,180 and 7,188,739 because of the manufacture, use, or selling or offering for sale of apparatus made by Defendant, to be made permanent following trial;

4.    A finding that this case is exceptional within the meaning of Title 35 U.S.C., § 285, that FGX is the prevailing party, and an award of attorneys' fees to deter the improper bringing of Plaintiff's clearly unwarranted suit;

5.    Entry of judgment for Defendant's costs and expenses in this Action, including attorneys' fees and experts' fees;

6.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant/Counterclaim Plaintiff requests a trial by jury on all issues so triable as a matter of right.

Dated: August 16, 2007

GREENBERG TRAURIG, LLP

By: _____
Donald J. Detweiler (I.D. #3087)
Sandra G. M. Selzer (I.D. #4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000
detweilerd@gtlaw.com
selzers@gtlaw.com

*Attorneys for FGX International Inc.*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUN OPTICS INC.,                       )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        C.A. No. 07-137-SLR
                                       )
FGX INTERNATIONAL INC.,                )
                                       )
        Defendant.                     )

### CERTIFICATE OF SERVICE

I, Sandra G. M. Selzer, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for FGX International, Inc. and hereby certify that on the 16th day of August 2007, I caused copies of the *Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint* to be served upon the parties listed below in the manned indicated.

*Via Hand Delivery*
R. Eric Hutz, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19801

*Via U.S. Mail*
Chad E. Nydegger
Larry R. Laycock
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Dated: August 16, 2007

**GREENBERG TRAURIG, LLP**

Sandra G. M. Selzer (No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
302-661-7000