## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SUN OPTICS, INC., a Utah Corporation,       )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )
                                            )
FGX INTERNATIONAL, INC., a Delaware         )        Civil Action No.  1:07cv137 SLR
Corporation,                                )
                                            )
                    Defendant.              )
                                            )
                                            )

### ANSWER TO COUNTERCLAIMS AND DEMAND FOR JURY


**CONNOLLY BOVE LODGE & HUTZ, LLP**

R. ERIC HUTZ (#2702)
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
Phone:  (302) 658-9141
Fax: (302) 658-5614
*Attorneys for Plaintiff*
        *Sun Optics, Inc.*

**OF COUNSEL**
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Phone: (801) 533-9800

**DATE:** September 17, 2007

Plaintiff and Counterclaim Defendant Sun Optics, Inc. ("Sun Optics") answers the counterclaims filed by Defendant and Counterclaim Plaintiff FGX International, Inc. ("FGX") as follows:

## COUNTERCLAIMS OF DEFENDANT

### Nature of the Action

1.      Sun Optics admits that FGX has brought counterclaims for declaratory judgment holding that each of Plaintiff's three patents are invalid and/or unenforceable, but denies that any of Plaintiff's three patents are invalid and/or unenforceable.

2.      Upon information and belief, Sun Optics admits that FGX is a corporation organized under the laws of the Delaware, and has a principle place of business at 500 George Washington Highway, Smithfield, Rhode Island 02917.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

### FIRST COUNTERCLAIM FOR RELIEF
### (Invalidity of the '427 patent)

7.      Sun Optics hereby incorporates its answers to the allegations of paragraphs 1-6 of FGX's counterclaims as though fully set forth herein.

8.      Admitted.

9.      Denied.

10.     Sun Optics admits that an actual case and controversy exists between FGX and Sun Optics concerning the validity and infringement by FGX of the claims of the '427 patent, but denies that any claim of the '427 patent is invalid.

11.     Sun Optics admits that FGX seeks declaratory judgment that the claims of the '427 patent are invalid, but denies that any claim of the '427 patent is invalid.

## SECOND COUNTERCLAIM FOR RELIEF

### (Unenforceability of the '427 patent)

12.    Sun Optics hereby incorporates its answers to the allegations of paragraphs 1-11 of FGX's counterclaims as though fully set forth herein.

13.    Sun Optics admits that it owed a duty of candor to the U.S. Patent and Trademark Office ("PTO") during prosecution of the application leading to the '427 patent. Sun Optics denies that FGX's statement regarding Sun Optics's obligations under its duty of candor to the PTO is an accurate and complete statement of the law regarding an applicant's duty of candor to the PTO during prosecution of applications for patents.

14.    Denied.

15.    Sun Optics admits that it filed a request with the PTO to obtain the benefit of an earlier filing date in connection with the application that led to the '427 patent by claiming benefit of an earlier-filed provisional application. Sun Optics denies that this request constituted inequitable conduct.  The examiner assigned to the application properly rejected the applicant's request for the benefit of the provisional application citing a rule that prohibits applications for design patents to obtain the benefit of the priority of a provisional application.  Upon receipt of the examiner's rejection of the claim to priority, the applicant immediately complied with the examiner's rejection and promptly cancelled the request for priority to the provisional application. Sun Optics also denies that it possessed the "intent to deceive" the PTO required for an action to be "inequitable" under controlling law.

16.    Sun Optics admits that FGX seeks a declaratory judgment by the Court that the '427 patent is unenforceable for inequitable conduct before the PTO, in violation of 37 C.F.R. § 1.56 (2000), but denies that it committed any such inequitable conduct and denies that the '427 patent is unenforceable.

3

## THIRD COUNTERCLAIM FOR RELIEF
### (Invalidity of the '180 patent)

17.     Sun Optics hereby incorporates its answers to the allegations of paragraphs 1-16 of FGX's counterclaims as though fully set forth herein.

18.     Admitted.

19.     Denied.

20.     Sun Optics admits that an actual case and controversy exists between FGX and Sun Optics concerning the validity and infringement by FGX of the claims of the '180 patent, but denies that any claim of the '180 patent is invalid.

21.     Sun Optics admits that FGX seeks declaratory judgment that the claims of the '180 patent are invalid, but denies that any claim of the '180 patent is invalid.

## FOURTH COUNTERCLAIM FOR RELIEF
### (Unenforceability of the '180 patent)

22.     Sun Optics hereby incorporates its answers to the allegations of paragraphs 1-21 of FGX's counterclaims as though fully set forth herein.

23.     Sun Optics admits that it owed a duty of candor to the PTO during prosecution of the application leading to the '180 patent. Sun Optics denies that FGX's statement regarding Sun Optics's obligations under its duty of candor to the PTO is an accurate and complete statement of the law regarding an applicant's duty of candor to the PTO during prosecution of applications for patents.

24.     Denied.

25.     Sun Optics admits that it filed a request with the PTO to obtain the benefit of an earlier filing date in connection with the application that led to the '180 patent by claiming benefit of an earlier-filed provisional application. Sun Optics denies that this request constituted inequitable conduct. The examiner assigned to the application properly rejected the applicant's request for the benefit of the provisional application citing a rule that prohibits applications for design patents to obtain the benefit of the

priority of a provisional application. Upon receipt of the examiner's rejection of the claim to priority, the applicant complied with the examiner's rejection and promptly cancelled the request for priority to the provisional application. Sun Optics also denies that it possessed the "intent to deceive" the PTO required for an action to be "inequitable" under controlling law.

26.    Sun Optics admits that FGX seeks a declaratory judgment by the Court that the '180 patent is unenforceable for inequitable conduct before the PTO, in violation of 37 C.F.R. § 1.56 (2000), but denies that it committed any such inequitable conduct and denies that the '180 patent is unenforceable.

**FIFTH COUNTERCLAIM FOR RELIEF**
**(Invalidity of the '739 patent)**

27.    Sun Optics hereby incorporates its answers to the allegations of paragraphs 1-26 of FGX's counterclaims as though fully set forth herein.

28.    Admitted.

29.    Denied.

30.    Sun Optics admits that an actual case and controversy exists between FGX and Sun Optics concerning the validity and infringement by FGX of the claims of the '739 patent, but denies that any claim of the '739 patent is invalid.

31.    Sun Optics admits that FGX seeks declaratory judgment that the claims of the '739 patent are invalid, but denies that any claim of the '739 patent is invalid.

**SIXTH COUNTERCLAIM FOR RELIEF**
**(Unenforceability of the '739 patent)**

32.    Sun Optics hereby incorporates its answers to the allegations of paragraphs 1-31 of FGX's counterclaims as though fully set forth herein.

33.    Sun Optics admits that it owed a duty of candor to the PTO during prosecution of the application leading to the '739 patent. Sun Optics denies that FGX's

statement regarding Sun Optics's obligations under its duty of candor to the PTO is an accurate and complete statement of the law regarding an applicant's duty of candor to the PTO during prosecution of applications for patents.

34.    Sun Optics admits that at the time of the filing of the application that matured into the '739 patent, the inventor of the subject matter claimed in the '739 patent was aware of references that taught eyeglass cases that allow a consumer to see part of the eyeglasses within the case, i.e. partially transparent or translucent. Sun Optics also admits that at the time of the filing of the application that matured into the '739 patent, the inventor of the subject matter claimed in the '739 patent was aware of references that taught eyeglass cases that were tailored for particular display types. Sun Optics denies that at the time of the filing of the application that matured into the '739 patent, the inventor of the subject matter claimed in the '739 patent was aware of prior art that taught that cases for reading glasses that allow a consumer to see part of the eyeglasses within the case and are tailored for design types that fall within the scope of the claims of the '739 patent, or that render those claims obvious. Because FGX's allegations in paragraph 34 of its counterclaims do not identify any specific reference, Sun Optics is unable to admit that any particular reference qualifies as "prior art," or is "material" under controlling law, and therefore denies the same.

35.    Sun Optics denies that it violated its duty of disclosure to the PTO. Sun Optics further denies that it was aware of but failed to disclose to the PTO any prior art to the '739 patent that was both material to the claims of the '739 patent and not cumulative of other prior art before the examiner in that application.

36.    Sun Optics admits that FGX seeks declaratory judgment that the claims of the '739 patent are invalid for inequitable conduct, but denies that any claim of the '739 patent is invalid. Sun Optics avers that inequitable conduct can not render a patent claim invalid. Sun Optics denies that the '739 patent is unenforceable due to inequitable conduct.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

FGX's counterclaims fail state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Sun Optics prays that FGX's counterclaims be dismissed with prejudice, that Sun Optics be awarded the relief sought in its First Amended Complaint, its attorneys' fees, costs and expenses in this action, and that the Court grant Sun Optics such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Sun Optics hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted

**CONNOLLY BOVE LODGE & HUTZ, LLP**

By:    /s/ R. Eric Hutz (#2702)
      R. Eric Hutz (#2702)
      The Nemours Building
      1007 N. Orange Street
      P. O. Box 2207
      Wilmington, DE 19899
      Telephone: (302) 658-9141
      *Attorneys for Plaintiff,*
        *Sun Optics, Inc.*

**OF COUNSEL**:
LARRY R. LAYCOCK
CHAD E. NYDEGGER
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
*Attorneys for Plaintiff,*
  *Sun Optics, Inc.*

**DATE:** September 17, 2007

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

SUN OPTICS, INC.     )
a Utah Corporation,    )
         )
  Plaintiff,     )   Civil Action No.07-137 (SLR)
         )
v.          )
         )
FGX INTERNATIONAL, INC.,   )   **CERTIFICATE OF SERVICE**
a Delaware  Corporation,   )
         )
  Defendant.    )

   I, R. Eric Hutz, hereby certify that on September 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

       Donald J. Detweiler, Esquire
       Sandra G. M. Selzer, Esquire
       **GREENBERG TRAURIG, LLP**
       The Nemours Building
       1007 North Orange Street, Suite 1200
       Wilmington, DE 19801
       *Attorney for Defendant*
        *FGX International Inc.*

   I further certify that on September 17, 2007, I caused a copy of the foregoing to be served by hand delivery on the above-listed counsel of record and the following counsel in the manner indicated:

**FEDERAL EXPRESS**     **FEDERAL EXPRESS**
Adam B. Landa, Esquire     Steven J. Wadyka, Jr., Esquire
**GREENBERG TRAURIG, LLP**   **GREENBERG TRAURIG, LLP**
200 Park Avenue       1750 Tysons Boulevard, 12th Floor
New York, NY 10166      McLean, VA 22102

        /s/ R. Eric Hutz (#2702)
        R. Eric Hutz (#2702)