IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUN OPTICS, INC., a Utah Corporation, )
)
    Plaintiff, )
)
v. )
)
FGX INTERNATIONAL, INC., a Delaware )   Civil Action No. 1:07cv137 SLR
Corporation, )
)
    Defendant. )
)
)

REVISED SCHEDULING ORDER

| | |
|---|---|
| **CONNOLLY BOVE LODGE & HUTZ, LLP**<br>R. Eric Hutz (#2702)<br>The Nemours Building<br>1007 N. Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141 | **GREENBERG TRAURIG, LLP**<br>Donald J. Detweiler (#3087)<br>Sandra G. M. Selzer (#4283)<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br>Telephone: (302) 661-7000 |
| **OF COUNSEL:**<br>**WORKMAN \| NYDEGGER**<br>Larry R. Laycock<br>Chad E. Nydegger<br>1000 Eagle Gate Tower<br>60 East South Temple<br>Salt Lake City, Utah 84111<br>Telephone: (801) 533-9800<br><br>*Attorneys for Plaintiff*<br>* Sun Optics, Inc.* | **OF COUNSEL:**<br>**GREENBERG TRAURIG, LLP**<br>Adam B. Landa<br>Rachel Izower<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 801-9200<br><br>*Attorneys for Defendant*<br>* FGX International, Inc.* |

**DATE:** February 22, 2008

## ORDER

At Wilmington this _____ day of February, 2008 the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**: By August 31, 2007, the parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    Plaintiff's claims for infringement

    Plaintiff's claim for willfulness

    Plaintiff's claim for damages

    Plaintiff's claim for exceptionality

    Plaintiff's claim for injunctive relief

    Defendant's defenses and affirmative defenses

    Defendant's counterclaims for declaratory judgments of invalidity

    Defendant's counterclaims for declaratory judgments of unenforceability

    Defendant's claim for exceptionality

    Defendant's claim for injunctive relief

    (b) All fact discovery shall be commenced in time to be completed by October 20, 2008.

    (1) Document production shall be completed on or before June 12, 2008 for document requests served by September 30, 2007. For document requests served

after September 30, 2007, document production shall be complete by the later of July 28, 2008 or 45 days after service of the document request.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than seven days after the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e. the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 75 requests for admission by each party to any other party, excluding a reasonable number of requests to authenticate documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than a 30(b)(6) records retention deposition) shall be scheduled to take place prior to the completion of document production.

(6) Number and length of fact depositions are to be governed by the Federal Rules of Civil Procedure, except that each party shall be entitled to one deposition limited to a maximum of 14 hours unless additional depositions are extended by agreement of the parties.

(c) Expert discovery shall be commenced in time to be completed by January 21, 2009.

(1) Expert reports on issues for which the parties have the burden of proof due December 8, 2008. Rebuttal expert reports due January 5, 2009.

(2) Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties, or upon leave of court for good cause. Good cause may be shown by excessively long or involved expert reports.

(3) All Daubert motions shall be filed on or before February 6, 2009.

(d)     The defendant must inform plaintiff as to whether it intends to rely on advice of counsel by September 4, 2008. If the decision is to rely on such advice, the defendant will produce simultaneously produce all the material provided by defendant to its counsel and whatever other material related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e)     Supplementations under Rule 26(e) are due thirty (30) days before trial, or within 30 days of a request for supplementation of a specific response.

(f)     **Discovery Disputes.**

(1)     The court shall conduct an in-person discovery status conference on June ___, 2008 from 4:30 p.m. to 5:30 p.m., or as soon thereafter as the parties may be heard, the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact

witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before July 1, 2008.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** See the attached Proposed Claim Construction Addendum to Scheduling Order.

6. **Summary Judgment Motions.** See the attached Proposed Claim Construction Addendum to Scheduling Order.

7. **Claim Construction.** See the attached Proposed Claim Construction Addendum to Scheduling Order.

8. **Application by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9.    **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.    **Pretrial Conference.** The Court will schedule a pretrial conference as necessary after ruling upon any dispositive motions filed by the parties pursuant to the Claim Construction Addendum attached hereto. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial.** The court will schedule this matter for a jury trial in Wilmington, Delaware, as necessary.

12.    **Service.** The parties consent that service of documents in PDF format via email shall constitute service under the Federal Rules of Civil Procedure, PROVIDED THAT: (a) all relevant attachments, exhibits and any other supporting documents are provided with the email service; (b) all emails constituting service shall be five megabytes or less in size; (c) the subject line includes the case number: "1:07cv137 SLR"; and (d) if a party making service via email receives an email reflector or otherwise has reason to believe that the person(s) to whom the email was addressed did not receive the email or will not be able to the view the email by the next business day, the party making service

via email shall take reasonable steps to assure that the party upon whom the documents were sent are apprised of the service.

_____
United States District Judge

Respectfully submitted,

By: /s/ R. Eric Hutz (#2702)
**CONNOLLY BOVE LODGE & HUTZ, LLP**
R. Eric Hutz (#2702)
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141

**OF COUNSEL:**
**WORKMAN | NYDEGGER**
Larry R. Laycock
Chad E. Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800

*Attorneys for Plaintiff*
*Sun Optics, Inc.*

By: /s/ Donald J. Detweiler (#3087)
**GREENBERG TRAURIG, LLP**
Donald J. Detweiler (#3087)
Sandra G. M. Selzer (#4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000

**OF COUNSEL:**
**GREENBERG TRAURIG, LLP**
Adam B. Landa
Rachel Izower
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200

*Attorneys for Defendant*
*FGX International, Inc.*

**DATE:** February 22, 2008
593942_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC., a Utah Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FGX INTERNATIONAL, INC., a Delaware )<br>Corporation, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 1:07cv137 SLR |

**CLAIM CONSTRUCTION ADDENDUM
TO REVISED SCHEDULING ORDER**

IT IS ORDERED that:

1. **Claim Construction.**

[ ] The court finds that an earlier claim construction would be helpful in resolving the case and orders the Schedule Addendum in paragraph 2 below.

[X] The court finds that an earlier claim construction would not be helpful in resolving the case and orders the Schedule Addendum in paragraph 3 below.

2. **Claim Construction:**

(a) ~~On or before September 29, 2007, Plaintiff must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" (as defined below).~~

(b) ~~On or before November 12, 2007, each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" (as defined below).~~

1

~~(c) Amendment or modification of the Infringement Contentions or Invalidity Contentions may be made only by order of the Court, which shall be entered on upon a showing of good cause.~~

~~(d)~~ **~~Claim Construction Issue Identification.~~** ~~The parties shall exchange lists of those claim terms that they believe need construction and their proposed construction of those terms~~ <u>November 16, 2007.</u> ~~This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph (e)(1) below.~~

~~(e)~~ **~~Claim Construction.~~** ~~Lawyers must identify, during the claim construction phase of the case, any claim language that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.~~

~~(1) The parties shall agree upon and file the Joint Claim Construction Statement on~~ <u>December 3, 2007,</u> ~~with the claim chart separately docketed.~~

~~(2) The parties will file simultaneous opening claim construction briefs on~~ <u>December 28, 2007.</u>

~~(3) Simultaneous response briefs should be filed by~~ <u>January 18, 2008.</u>

~~(4) The hearing on the claim construction will be heard on~~ <u>February 1, 2008,</u> ~~at _____ .m., or as soon thereafter as the parties may be heard.~~

~~(f) **Summary Judgment Motions.** Motion(s) for summary judgment will be heard on July 23, 2008, at _____ .m., or as soon thereafter as the parties may be heard. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed prior to **ten (10)** days from the above date without leave of the court.~~

3.  **Claim Construction:**

    (a) **Claim Construction Issue Identification.** The parties shall exchange lists of those claim terms that they believe need construction and their proposed construction of those terms <u>April 14, 2008</u>. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph (b)(1) below.

    (b) **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

    (1) The parties shall agree upon and file the Joint Claim Construction Statement on <u>July 14, 2008</u>, with the claim chart separately docketed.

    (2) The parties will file simultaneous opening claim construction briefs on <u>August 11, 2008.</u>

    (3) Simultaneous response briefs should be filed by <u>September 4, 2008</u>.

(4) Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on <u>December 29, 2008</u> at <u>9 a.m.</u>. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed prior to **ten (10)** days from the above date without leave of the court.

(c) **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before <u>November 13, 2008</u>. Responsive briefs shall be filed within <u>13 business days</u> after service of the opening brief, and the moving party may file a reply within <u>8 business days</u> after service of the responsive brief. All summary judgment motions and all briefs supporting or opposing a motion for summary judgment shall be served by email in conformance with paragraph 12 of the Scheduling Order, and no additional days for filing such briefs will be available under FRCP 6(e). Briefing shall be pursuant to D. Del. LR 7.1.2. except as to filing dates. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

4.   **Disclosures Relating to Claim Construction**.

(a) <u>Disclosure of Asserted Claims and Infringement Contentions</u> shall contain the following:

(1) Each claim of each patent in suit that is allegedly infringed by each opposing party;

(2) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(3) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(4) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(5) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(6) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus,

product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(b) With the <u>Disclosure of Asserted Claims and Infringement Contentions</u>, the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

(1) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(e), whichever is earlier; and

(3) A copy of the file history for each patent in suit. The producing party shall separately identify by production number which documents correspond to each category.

(a) <u>Invalidity Contentions</u> shall contain the following:

6

(1) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(2) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(3) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s),

act(s), or material(s) in each item of prior art that performs the claimed function; and

(4) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

(d) With the <u>Invalidity Contentions</u>, the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(1) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart; and

(2) A copy of each item of prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

_____
United States District Judge

593954_1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN OPTICS, INC.<br>a Utah Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FGX INTERNATIONAL, INC.,<br>a Delaware Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)   Civil Action No.07-137 (SLR)<br>)<br>)<br>)<br>)   **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>) |

    I, Francis DiGiovanni, hereby certify that on February 22, 2008, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Donald J. Detweiler, Esquire
> Sandra G. M. Selzer, Esquire
> **GREENBERG TRAURIG, LLP**
> The Nemours Building
> 1007 North Orange Street, Suite 1200
> Wilmington, DE 19801
> *Attorney for Defendant*
>   *FGX International Inc.*

    I further certify that on February 22, 2008, I caused a copy of the foregoing to be served by hand delivery on the above-listed counsel of record and the following counsel in the manner indicated:

**FEDERAL EXPRESS**
Adam B. Landa, Esquire
**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, NY 10166

**FEDERAL EXPRESS**
Steven J. Wadyka, Jr., Esquire
**GREENBERG TRAURIG, LLP**
1750 Tysons Boulevard, 12th Floor
McLean, VA 22102

                                        */s/ Francis DiGiovanni* (I.D. 3189)

593957